IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN TIEMENS, JR.,<br><br>    Petitioner,<br><br>vs.<br><br>ANTHONY KANE, Acting Warden,<br><br>    Respondent(s). | No. C 07-3122 CRB (PR)<br><br>ORDER REQUESTING MOTION TO DISMISS OR NOTICE THAT MOTION IS UNWARRANTED<br><br>(Doc # 2) |

Petitioner, a state prisoner incarcerated at the California Medical Facility in Vacaville, seeks a writ of habeas corpus under 28 U.S.C. § 2254. He also seeks leave to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner was convicted of multiple counts of committing lewd and lascivious acts on a child by a jury in the Superior Court of the State of California in and for the County of Sonoma. On December 23, 1999, petitioner was sentenced to 38 years to life.

On August 9, 2001, the California Court of Appeal affirmed the judgment of the superior court and, on October 24, 2001, the Supreme Court of California denied review.

On April 19, 2002, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Tiemens v. Ramirez-Palmar, No. C 02-1925 CRB (PR) (N.D. Cal. filed Apr. 19, 2002). The court notified petitioner in writing on that date that the action was deficient because he did not pay the requisite $5.00 filing fee or, instead, submit a signed and completed court-approved IFP application. Petitioner was advised that failure to file the requested items within 30 days would result in dismissal of the action.

On May 31, 2002, the petition was dismissed without prejudice because "[m]ore than 40 days ha[d] elapsed . . . [and] petitioner ha[d] not filed the requisite items, or sought an extension of time to do so."

Petitioner moved to reopen the closed file on the ground that he had finally obtained the requisite items. On July 2, 2002, the court denied petitioner's request, but explained: Because the dismissal was without prejudice, "petitioner is free to refile his petition as a new action as long as it is accompanied by either the requisite $5.00 filing fee or a signed and completed court-approved [IFP] application. Petitioner is advised that should he refile his petition, he must specify the state criminal conviction he wishes to challenge in federal court as well as the grounds/reasons why he claims the conviction is unconstitutional."

On June 7, 2007, nearly five years later, petitioner submitted for filing in the closed file a new petition for a writ of habeas corpus accompanied by a signed and completed court-approved IFP application. The court instructed the clerk to file the petition and IFP application as the new instant habeas action.

## DISCUSSION

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of

2

1 the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an
2 order directing the respondent to show cause why the writ should not be granted,
3 unless it appears from the application that the applicant or person detained is not
4 entitled thereto." Id. § 2243. It also may order respondent to file another
5 pleading where neither summary dismissal nor service is appropriate. See Rule 4
6 of the Rules Governing Habeas Corpus Cases Under Section 2254.

7 The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")
8 became law on April 24, 1996 and imposed for the first time a statute of
9 limitation on petitions for a writ of habeas corpus filed by state prisoners.
10 Petitions filed by prisoners challenging non-capital state convictions or sentences
11 must be filed within one year of the latest of the date on which: (1) the judgment
12 became final after the conclusion of direct review or the time passed for seeking
13 direct review; (2) an impediment to filing an application created by
14 unconstitutional state action was removed, if such action prevented petitioner
15 from filing; (3) the constitutional right asserted was recognized by the Supreme
16 Court, if the right was newly recognized by the Supreme Court and made
17 retroactive to cases on collateral review; or (4) the factual predicate of the claim
18 could have been discovered through the exercise of due diligence. 28 U.S.C. §
19 2244(d)(1). Time during which a properly filed application for state post-
20 conviction or other collateral review is pending is excluded from the one-year
21 time limit. Id. § 2244(d)(2).

22 A state prisoner with a conviction finalized after April 24, 1996, such as
23 petitioner, ordinarily must file his federal habeas petition within one year of the
24 date his process of direct review came to an end. See Calderon v. United States
25 District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on
26 other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530

3

1  (9th Cir. 1998) (en banc).  Here, because petitioner did not seek a writ of
2  certiorari from the Supreme Court of the United States after the Supreme Court of
3  California denied review on October 24, 2001, his process of direct review came
4  to an end on January 22, 2002, when the time allotted for filing a petition for a
5  writ of certiorari expired.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.
6  2002); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  The one-year
7  limitation period accordingly began running against petitioner the next day,
8  January 23, 2002.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)
9  (calculating AEDPA's one-year limitation period according to Federal Rule of
10 Civil Procedure 6(a)).  The instant petition was not filed until June 7, 2007,
11 however.  This apparent procedural problem should be addressed before the court
12 reaches the merits of the claims raised in the petition.  If the petition is time-
13 barred, the litigants and court need not expend resources addressing the claims in
14 the petition.  Accordingly, pursuant to Rule 4 of the Rules Governing Habeas
15 Corpus Cases Under Section 2254, respondent shall either (1) move to dismiss
16 the petition on the ground that it is untimely, or (2) inform the court that
17 respondent is of the opinion that a motion to dismiss is unwarranted in this case.

**CONCLUSION**

19 Good cause appearing therefor,
20 1.   Petitioner's motion to proceed in forma pauperis (doc # 2) is
21 GRANTED.
22 2.   The clerk shall serve by certified mail a copy of this order and the
23 petition and all attachments thereto upon respondent and respondent's attorney,
24 the Attorney General of the State of California.  The clerk also shall serve a copy
25 of this order on petitioner.
26 3.   Respondent shall file with the court and serve upon petitioner,

4

1 within 60 days of the issuance of this order, a motion to dismiss the petition as
2 untimely or a notice that respondent is of the opinion that a motion to dismiss is
3 unwarranted.
4     4.    If petitioner wishes to oppose the motion to dismiss, he shall do so
5 by filing an opposition with the court and serving it upon respondent within 30
6 days of his receipt of the motion to dismiss.
7     5.    Respondent may file and serve a reply within 15 days of receipt of
8 petitioner's opposition.
9     6.    The motion shall be deemed submitted as of the date the reply brief
10 is due. No hearing will be held on the motion unless the court determines at a
11 latter date that a hearing is required.
12     7.    If respondent notifies the court that a motion to dismiss is
13 unwarranted or the motion is denied, the court will then determine whether to
14 require an answer to the petition.
15 SO ORDERED.
16 DATED: November 7, 2007
17                             CHARLES R. BREYER
                            United States District Judge

28 G:\PRO-SE\CRB\HC.07\Tiemens, H1.or1.wpd     5