1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  LAURENCE K. SULLIVAN
   Supervising Deputy Attorney General
6  State Bar No. 72857
     455 Golden Gate Avenue, Suite 11000
7    San Francisco, CA 94102-7004
     Telephone: (415) 703-5849
8  Fax: (415) 703-1234
     Email: larry.sullivan@doj.ca.gov
9  Attorneys for Respondent

10               IN THE UNITED STATES DISTRICT COURT

11             FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  **HERMAN TIEMENS, JR.,**                    C 07-3122 CRB (PR)

14                              Petitioner,     **MOTION TO DISMISS PETITION
                                                FOR WRIT OF HABEAS CORPUS
15             v.                               AS UNTIMELY**

16  **ANTHONY KANE, Acting Warden,**           Hearing: None

17                              Respondent.

18

19                        **MOTION TO DISMISS**

20       Petitioner is a state prisoner currently incarcerated at the California Medical Facility in

21  Vacaville, California.  He filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §

22  2254 (docket no. 1).

23       Respondent moves for dismissal on the ground that the petition was filed beyond the one-year

24  statute of limitations contained in 28 U.S.C. § 2244(d).

25       No hearing date is noticed because petitioner is an incarcerated state prisoner representing

26  himself in this proceeding.

27

28

# PROCEDURAL HISTORY

Petitioner was convicted by a jury in *People v. Tiemens*, Sonoma County Superior Court No. SCR 26347, of one count of continuous sexual abuse on a child and three counts of lewd and lascivious acts on a child.  He was sentenced, on December 23, 1999, to two consecutive terms of fifteen years to life pursuant to California Penal Code section 667.61, plus a consecutive eight-year determinate term.  (Pet. at 2-3; Ex. 1.)

Petitioner appealed to the California Court of Appeal for the First Appellate District.  (Pet. at 3, question 8.)  On August 9, 2001, the California Court of Appeal affirmed the conviction and the sentence in an unpublished opinion.  (Ex. 2 at 10.)  On October 24, 2001, the Supreme Court of California denied a petition for review.  (Ex. 3, Or. of Oct. 24, 2001.)[1]

Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court and did not collaterally challenge the judgment in the state courts. (Pet. at 4, question 9, 3a-3c; Ex. 4.)

Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 on April 19, 2002.  (*Tiemens v. Ramirez-Palmar*, No. C 02-1925 CRB (PR) (N.D. Cal. filed April 19, 2002). (Ex. 5.)   The court clerk notified petitioner that the petition was deficient because he had not paid the $5.00 filing fee or, instead, submitted a signed and completed court-approved application for in forma pauperis ("IFP") status.  He was advised that the failure to file the requested items within 30 days would result in dismissal of the action.  (Ex. 6.)  The petition was dismissed without prejudice in an order filed May 31, 2002 because "[m]ore than 40 days ha[d] elapsed . . . [and] petitioner ha[d] not filed the requisite items, or sought an extension of time to do so."  (Ex 7.)

On June 10, 2002, petitioner filed an IFP application and by letter of June 17, 2002 moved to reopen the closed case on the ground that he had obtained the requisite items.  (Ex. 8.)  On July 2, 2002, the Court denied the request, but informed petitioner that because the petition was denied without prejudice, "petitioner is free to refile his petition as a new action as long as it is accompanied by either the requisite $5.00 filing fee or a signed and completed court-approved [IFP]

---

1. Petitioner indicates in his federal petition that he had no counsel on his state appeal. (Pet. at 3, question 7(g).)  Petitioner was represented by appointed counsel, Linda Buscher, State Bar No. 130227.  (Ex. 3, Pet. for Review at 1.)

1    application. Petitioner is advised that should he refile his petition, he must specify the state criminal

2    conviction he wishes to challenge in federal court as well as the grounds/reasons why he claims the

3    conviction is unconstitutional." (Ex. 9.)

4        Petitioner submitted the instant petition with a completed IFP application under the closed case

5    number nearly five years later on June 7, 2007. (Ex. 10.) On June 11, 2007, the Court directed the

6    clerk to file the petition and IFP application as the present habeas action. (Ex. 11.)

7        On November 7, 2007, the Court identified the timeliness issue and directed respondent to file

8    a motion to dismiss as untimely or a notice that a motion to dismiss is unwarranted (docket no. 4 at

9    4-5).

10                                **ARGUMENT**

11                        **THE PETITION IS UNTIMELY**

12        The Anti-Terrorism and Effective Death Penalty Act (AEDPA) became law on April 24, 1996.

13    AEDPA established a one-year statute of limitations for federal habeas corpus actions. *See* 28

14    U.S.C. § 2244(d)(1).[2]  For state prisoners, like petitioner, whose conviction postdates the enactment

15    of AEDPA, the federal petition ordinarily must be filed, pursuant to 28 U.S.C. § 2244(d)(1)(A),

16    within one year of "the date on which the judgment became final by the conclusion of direct review

17    or the expiration of the time for seeking such review." *See Mayle v. Felix*, 544 U.S. 644, 662

18    ───────────────────────────────────────────────

19        2. Title 28 United States Code section 2244 provides in pertinent part:

20        (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus
     by a person in custody pursuant to the judgment of a State court. The limitation period shall run from

21    the latest of - [¶](A) the date on which the judgment became final by the conclusion of direct review
     or the expiration of seeking such review; [¶] (B) the date on which the impediment to filing an

22    application created by State action in violation of the Constitution or laws of the United States is
     removed, if the applicant was prevented from filing by such State action; [¶] (C) the date on which

23    the constitutional right asserted was initially recognized by the Supreme Court, if that right has been
     newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

24    review; or [¶] (D) the date on which the factual predicate of the claim or claims presented could have
     been discovered through the exercise of due diligence. [¶] (d)(2) The time during which a properly

25    filed application for State post-conviction or other collateral review with respect to the pertinent
     judgment or claim is pending shall not be counted toward any period of limitation under this

26    subsection.

27

28    Pub.L. 104-132, April 24, 1996, Title I, § 101, 110 Stat. 1214, 1217 (1996).

1   (2005).   **A.   The Instant Petition Is Untimely Absent Substantial Tolling**

2        Petitioner's conviction and sentence became final upon the conclusion of direct review within

3   the meaning of 28 U.S.C. § 2244(d)(1)(A) on January 22, 2002, which was the last day he could

4   have filed a petition for a writ of certiorari in the United States Supreme Court following the denial

5   of his petition for review.  *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002); *Bowen v.*

6   *Roe*, 188 F.3d 1157, 1159 (9th Cir.1999). The one-year statute of limitations began running the next

7   day, on January 23, 2002.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  The last

8   day petitioner could have timely filed a federal petition was one year later on January 23, 2003.  The

9   instant federal petition submitted on June 7, 2007 is almost four and one-half years late.[3/]  Thus, the

10  petition is time-barred unless commencement of the one-year statute was delayed or substantial

11  tolling applies.

12       **B.   The "Relation Back" Doctrine Does Not Render The Instant Federal Petition**
         **Timely**

13

14       No statutory tolling applies for federal habeas petitions.  *See Duncan v. Walker*, 533 U.S. 167,

15  181-82 (2001) (holding that the AEDPA statute of limitation is not tolled under 28 U.S.C. §

16  2244(d)(2) while a federal petition was pending).   For two reasons, the instant petition does not

17  "relate back" to the earlier federal petition under Federal Rule of Civil Procedure 15(c)(2).

18       First, the earlier petition was properly dismissed.  It is not a pending petition to which the

19  instant petition can relate back.  *See Raspberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006).

20       Second, relation back does not apply when the claims in a later petition rest on operative facts

21  that differ in time and type from those set forth in the earlier petition.  *Mayle v. Felix*, 545  U.S. at

22  650.  The instant petition alleges that evidence should have been produced and false evidence

23  excluded (Pet. at p. 6), and the original petition claims the court knowingly allowed the jury to hear

24

25       3.  Under the prisoner mailbox rule, a federal habeas petition may be deemed filed on the

26  date petitioner's declaration of service by mail, if any, reflects he gave the petition to prison staff.
    *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001) (*pro se* prisoner's federal habeas

27  petition is deemed filed when prisoner delivers petition to prison authorities for mailing), *vacated*
    *and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002).  However, the application

28  of the mailbox rule does not alter the instant federal petition's untimeliness.

1    evidence that it knew was false (Ex. 5 at 8).  The basis for these claims is simply too vague to

2    conclude an identicality of operative facts exists.  That the claims in each petition involve the same

3    trial and conviction is insufficient to show the new claims depend upon events separate in both time

4    and type from the originally raised episodes.  *Id.* at 657 (rejecting broad construction which equated

5    "conduct, transaction, or occurrence" with trial, conviction, or sentence).  It is the operative facts

6    underlying each pleaded claim which control.  *See id.* at 661 (noting that under Habeas Corpus Rule

7    2(c) requires the applicant to specify all grounds and state facts supporting each ground, and stating

8    that "[e]ach separate congeries of facts supporting the grounds for relief, the Rule suggests, would

9    delineate an "occurrence.").  Since the petitions do not reflect the requisite "common core of

10   operative facts," relation back is inapplicable.  *Mayle*, 545 U.S. at 664.

11       **C.    Statutory Tolling Does Not Render the Petition Timely**

12       AEDPA's one-year limitations period may be tolled for "[t]he time during which a properly

13   filed application for State post-conviction or other collateral review with respect to the pertinent

14   judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  A habeas applicant has "the burden of

15   demonstrating that the limitation period was sufficiently tolled."  *Smith v. Duncan*, 297 F.3d 809,

16   814 (9th Cir. 2002).  Since petitioner did not collaterally attack his conviction in the state courts, no

17   statutory tolling applies.

18       **D.    There Is No Basis For Equitable Tolling**

19       The Supreme Court has not decided whether the limitations period of § 2244(d)(1) (or the

20   corollary provision for federal prisoners in § 2255, ¶ 6) may be tolled for non-statutory "equitable"

21   reasons. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005).   The Court has assumed the

22   availability of equitable tolling under AEDPA if the habeas petitioner demonstrates "(1) that he has

23   been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."

24   *Id.*  at 418.

25       This is a "highly fact-dependent" inquiry in which the petitioner "bears the burden of showing

26   that equitable tolling is appropriate."  *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th

27   Cir. 2005).  Equitable tolling is "unavailable in most cases."  *Miles v. Prunty*, 187 F.3d 1104, 1107

28   (9th Cir. 1999).  Indeed, "the threshold necessary to trigger equitable tolling is very high, lest the

Motion To Dismiss Petition For Writ of Habeas Corpus - C 07-3122 CRB (PR)

1    exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting

2    *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

3         Here, neither of the conditions for equitable tolling appear.  A petitioner must not only pursue

4    his rights diligently, he must show that the extraordinary circumstances were cause of his

5    untimeliness.  *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006), *cert. denied sub. nom.*, *Belleque*

6    *v. Kephart*, 127 S.Ct. 1880, 167 L.Ed.2d 386 (2007).  Nothing in this case indicates that petitioner

7    was precluded from filing a timely federal petition.  Petitioner did file a timely federal petition

8    (albeit without identifying the state judgment to which the petition related), but it was dismissed

9    because he failed to respond within the time permitted to the clerk's deficiency notice by either

10    paying the five dollar filing fee or by providing a completed IFP application.  On July 2, 2002, after

11    that dismissal, petitioner belatedly responded with the requested items.  The Court properly refused

12    to reopen the closed case and informed petitioner that he was free to refile a new petition and IFP

13    application.  Petitioner did not act for almost five years.  The Court granted petitioner no permission

14    to refile without regard to the statute of limitations and, indeed, its Order did not refer to that statute.

15    (Ex. 9.)

16         Congress enacted the AEDPA statute of limitations to promote judicial efficiency, conserve

17    limited state resources, promote the accurate resolution of constitutional claims while the record is

18    fresh, and expedite finality of state judgments within a reasonable time.  *Day v. McDonough*, 547

19    U.S. 198, 126 S. Ct. 1675, 1681 (2006) (citing *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000)).

20         Equitable tolling under AEDPA is refused where the habeas petitioner fails to act diligently.

21    *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003).  Here, the federal petition was filed many

22    years after the finality of the state judgment.  Had petitioner acted diligently, the  petition could have

23    been filed long before the statute of limitations expired in January 2003.  Petitioner's lack of

24    diligence also precludes equitable tolling in this case.

25         Therefore, the federal habeas petition is untimely under AEDPA and should be dismissed under

26    28 U.S.C. § 2244(d).

27

28

1

**CONCLUSION**

2      Accordingly, respondent respectfully requests that the Petition for Writ of Habeas Corpus be

3  dismissed as untimely.

4      Dated:  December 5, 2007

5                                    Respectfully submitted,

6                                    EDMUND G. BROWN JR.
                                     Attorney General of the State of California

7                                    DANE R. GILLETTE
                                     Chief Assistant Attorney General

8                                    GERALD A. ENGLER
                                     Senior Assistant Attorney General

9

10                                   PEGGY S. RUFFRA
                                     Supervising Deputy Attorney General

11

12
                                      /s/  LAURENCE K. SULLIVAN
13                                   Supervising Deputy Attorney General

                                     Attorneys for Respondent
14

15  LKS/cfl
    SF2007403019
16  40193205.wpd

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

THE PEOPLE OF THE STATE OF CALIFORNIA

VS

HERMAN TIEMANS JR.

# FILED

**JUN 2 8 2001**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA
By _____
Deputy Clerk

**SUPERIOR COURT NO.** __SCR 26347__

## CERTIFICATE OF MAILING

I, GREG ABEL, Court Executive officer, of and for the County of Sonoma, do hereby certify:

That on ___JUNE 28, 2001___ , I mailed the original/true copies of the Clerk's and of the Reporter's Transcripts on Appeal in the above entitled action by depositing said transcripts consisting of :

**CLERKS: AMENDED ABSTRACT OF JUDGMENT**

In sealed box (s)/envelope(s) with postage thereon prepaid for certified mail for pickup by the United Postal Service, at Santa Rosa, California addressed as follows:

COURT OF APPEAL
350 McALLISTER STREET
SAN FRANCISCO, CA. 94102

ATTORNEY GENERAL
455 GOLDEN GATE AVE #11000
SAN FRANCISCO, CA.94102

LINDA BUCHSER
1592 UNION ST. #300
SAN FRANCISCO, CA. 94123

and that the persons on whom said service was made have their office at a place where there is delivery service by mail, and there is a regular communication by mail between the place of mailing and the place so addressed.

DATED: ___JUNE 28, 2001___

DOCKET
ADM-SF _____
CIV-SF _____
CR-SF _SF2000DA0_
Entered by _AB_
Date _7/2/01_

GREG ABEL
COURT EXECUTIVE OFFICER
By: _____
Susannah Groshong
DEPUTY CLERK

## ABSTRACT OF JUDGMENT—PRISON COMMITMENT—INDETERMINATE
### *[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]*

CR-292

| [X] SUPERIOR | COURT OF CALIFORNIA, COUNTY OF: SONOMA |
|---|---|
| ☐ MUNICIPAL | BRANCH OR JUDICIAL DISTRICT: S49000 |

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: HERMAN TIEMENS JR.

DOB: 03/05/40

SCR 26347

AKA:

CII#:

BOOKING #:    [X] NOT PRESENT

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT    [X] AMENDED ABSTRACT

-A
-B
-C
-D

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

**JUN 28 2001**

BY *P. Murray*
Deputy Clerk

| DATE OF HEARING | DEPT. NO. | JUDGE |
|---|---|---|
| 12/23/99 | S14 | E. WATTERS |

| CLERK | REPORTER | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|
| V. LAMBERT | B. KRAEGER | 111012 |

| COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | ☐ APPTD. |
|---|---|---|
| J. RISSE | E. DAUM | |

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment _____ (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | JURY | COURT | PLEA | CONCURRENT | CONSECUTIVE | 654 STAY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | PC | 288(a) | LEWD LASC. ACTS ON CHILD UNDER 14 | 1995 | 10/29/99 | X | | | | | |
| 4 | PC | 288(a) | LEWD LASC. ACTS ON CHILD UNDER 14 | 1995 | 10/29/99 | X | | | | | |
| | | | | | / / | | | | | | |
| | | | | | / / | | | | | | |
| | | | | | / / | | | | | | |
| | | | | | / / | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Defendant was sentenced to State Prison for an INDETERMINATE TERM:

4. ☐ For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts _____

5. ☐ For LIFE WITH POSSIBILITY OF PAROLE on counts _____

6. [X] For 30 years to life, WITH POSSIBILITY OF PAROLE on counts 2, 4
   PLUS enhancement time shown above.

7. [X] Additional determinate term (see CR-290).

8. Defendant was sentenced pursuant to [X] PC 667 (b)-(i) or PC 1170.12   ☐ PC 667.61   ☐ PC 667.7   ☐ PC 667.9
   ☐ other *(specify)*:

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.
(Continued on reverse)

Form Adopted by the
Judicial Council of California
CR-292 [Rev. January 1, 1999]

**ABSTRACT OF JUDGMENT—PRISON COMMITMENT—INDETERMINATE**
*[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]*

Penal Code, §§
1213, 1213.5

| PEOPLE OF THE STATE OF CALIFORNIA vs.<br>DEFENDANT: HERMAN TIEMENS JR. | | | |
|---|---|---|---|
| SCR 26347     -A | -B | -C | -D |

9. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
   a. RESTITUTION FINE of: $ 10,000 per PC 1202.4(b) forthwith per PC 2085.5.
   b. RESTITUTION FINE of: $ 10,000 per PC 1202.45 suspended unless parole is revoked.
   c. RESTITUTION of: $ _____ per PC 1202.4(f) to ☐ victim(s)* ☐ Restitution Fund
      (*List victim name(s) if known and amount breakdown in item 11, below.)
      (1) ☐ Amount to be determined.
      (2) ☐ Interest rate of: _____ % (not to exceed 10% per PC 1204.(f)(3)(F)).
   d. ☐ LAB FEE of: $ _____ for counts: _____ per H&SC 11372.5(a).
   e. ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).
   f. ☐ FINE of: $ _____ per PC 1202.5.

10. TESTING
   a. ☐ AIDS pursuant to ☐ PC 1202.1 ☐ other (specify):
   b. ☐ DNA pursuant to ☐ PC 290.2 ☐ other (specify):

11. Other orders (specify): Not to own, possess, control firearms or ammo. No contact with minor victim per 1202.05 PC. Defendant to register per 290 PC. Jail to calculate CTS. Defendant to pay victim restitution per 1202.4(f) PC to be determined.

12. Execution of sentence imposed
   a. ☒ at initial sentencing hearing.
   b. ☐ at resentencing per decision on appeal.
   c. ☐ after revocation of probation.
   d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
   e. ☐ other (specify):

13. CREDIT FOR TIME SERVED

| CASE NUMBER | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|
| SCR 26347   -A | 97 | 85 | 12 | ☐ 4019<br>☐ 2933.1 |
| -B | AS OF 12/23/99 | | | ☐ 4019<br>☐ 2933.1 |
| -C | | | | ☐ 4019<br>☐ 2933.1 |
| -D | | | | ☐ 4019<br>☐ 2933.1 |

| DATE SENTENCE PRONOUNCED:<br>12/23/99 | SERVED TIME IN STATE INSTITUTION:<br>☐ DMH ☐ CDC ☐ CRC |
|---|---|

14. The defendant is remanded to the custody of the sheriff ☒ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.

   To be delivered to ☒ the reception center designated by the director of the California Department of Corrections.
      ☐ other (specify):

## CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE<br>_P. Murray_ | DATE<br>06/28/2001 |
|---|---|

CR-292 [Rev. January 1, 1999]    **ABSTRACT OF JUDGMENT—PRISON COMMITMENT—INDETERMINATE**    Page two

## ABSTRACT OF JUDGMENT—PRISON COMMITMENT—DETERMINATE
### *[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]*

CR-290

| [X] SUPERIOR | COURT OF CALIFORNIA, COUNTY OF: <u>SONOMA</u> |
|---|---|
| [ ] MUNICIPAL | BRANCH OR JUDICIAL DISTRICT: S49000 |

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

JUN 28 2001

BY *P. Murray*
Deputy Clerk

PEOPLE OF THE STATE OF CALIFORNIA vs.    DOB: 03/05/40
DEFENDANT: HERMAN TIEMENS JR.

AKA:

CII#:

BOOKING #:                    [X] NOT PRESENT

SCR 26347    -A
                    -B
                    -C

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT    [X] AMENDED ABSTRACT    -D

| DATE OF HEARING 12/23/99 | DEPT. NO. S14 | JUDGE E. WATTERS |
|---|---|---|
| CLERK V. LAMBERT | REPORTER B. KRAEGER | PROBATION NO. OR PROBATION OFFICER 111012 |
| COUNSEL FOR PEOPLE J. RISSE | COUNSEL FOR DEFENDANT E. DAUM | [ ] APPTD. |

1. Defendant was convicted of the commission of the following felonies:
   [ ] Additional counts are listed on attachment
   _____ (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | JURY | COURT | PLEA | TERM (L, M, U) | CONCURRENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NON-VIOLENT | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE (refer to item 5) | 654 STAY | YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 288.5 | SEXUAL ABUSE/CHILD | 94/97 | 10/29/99 | X | | | | | | | | | X | 16 | 00 |
| 3 | PC | 288(a) | LEWD/LASC. ACTS ON CHILD UNDER 14 | 1995 | 10/29/99 | X | | | U | | | | | | | 8 | 0 |
| | | | | | / / | | | | | | | | | | | | |
| | | | | | / / | | | | | | | | | | | | |
| | | | | | / / | | | | | | | | | | | | |
| | | | | | / / | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

4. [ ] Defendant was sentenced pursuant to PC 667(b)-(i) or PC 1170.12 (two-strikes).

5. INCOMPLETED SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER |
|---|---|
| | |
| | |
| | |

6. TOTAL TIME ON ATTACHED PAGES: _____

7. [X] Additional indeterminate term (see CR-292).

8. TOTAL TIME: | 8 | 0 |

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.
(Continued on reverse)

Form Adopted by the
Judicial Council of California
CR-290 [New January 1, 1999]

**ABSTRACT OF JUDGMENT—PRISON COMMITMENT —DETERMINATE**
*[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]*

Penal Code,
§§ 1213, 1213.5

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: HERMAN TIEMENS JR.

| SCR 26347 | -A | | -B | | -C | | -D |
|---|---|---|---|---|---|---|---|

9. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
   a. RESTITUTION FINE of: $ 10,000  per PC 1202.4(b) forthwith per PC 2085.5.
   b. RESTITUTION FINE of: $ 10,000  per PC 1202.45 suspended unless parole is revoked.
   c. ☐ RESTITUTION of: $ _____ per PC 1202.4(f) to ☐ victim(s)* ☐ Restitution Fund
      (*List victim name(s) if known and amount breakdown in item 11, below.)
      (1) ☐ Amount to be determined.
      (2) ☐ Interest rate of: _____ % (not to exceed 10% per PC 1204.4(f)(3)(F)).
   d. ☐ LAB FEE of: $ _____ for counts: _____ per H&SC 11372.5(a).
   e. ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).
   f. ☐ FINE of: $ _____ per PC 1202.5.

10. TESTING
   a. ☐ AIDS pursuant to ☐ PC 1202.1 ☐ other (specify):
   b. ☐ DNA pursuant to ☐ PC 290.2 ☐ other (specify):

11. Other orders (specify): Not to own, possess, control firearms or ammo.  No contact with minor victim per 1202.05 PC.  Defendant to register per 290 PC.  Jail to calculate CTS.  Defendant to pay victim restitution per 1202.4(f) PC to be determined.

12. Execution of sentence imposed
   a. ☒ at initial sentencing hearing.
   b. ☐ at resentencing per decision on appeal.
   c. ☐ after revocation of probation.
   d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
   e. ☐ other (specify):

13. CREDIT FOR TIME SERVED

| CASE NUMBER | | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|---|
| SCR 26347 | -A | 97 | 85 | 12 | 4019 / 2933.1 |
| | -B | AS OF 12/23/99 | | | 4019 / 2933.1 |
| | -C | | | | 4019 / 2933.1 |
| | -D | | | | 4019 / 2933.1 |

| DATE SENTENCE PRONOUNCED: 12/23/99 | SERVED TIME IN STATE INSTITUTION: ☐ DMH ☐ CDC ☐ CRC |
|---|---|

14. The defendant is remanded to the custody of the sheriff ☒ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.

   To be delivered to ☒ the reception center designated by the director of the California Department of Corrections.
   ☐ other (specify):

## CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE  D. Murray | DATE 06/28/2001 |
|---|---|

CR-290 [New January 1, 1999]    **ABSTRACT OF JUDGMENT—PRISON COMMITMENT—DETERMINATE**    Page two

# EXHIBIT 2



**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

FILED

Court of Appeal - First App. Dist

AUG 0 9 2001

RON D. BARROW, CLERK

By _____
DEPUTY

A089793

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HERMAN TIEMENS, JR.,<br><br>    Defendant and Appellant. | (Sonoma County<br>Super. Ct. No. SCR26347) |

Appellant Herman Tiemens Jr. was convicted by a jury of: continuous sexual abuse of a child under 14, involving N. (Count I; Pen. Code, § 288.5);[1] two counts of lewd acts on a child under 14 with substantial sexual conduct (Counts II and III; § 288, subd. (a), § 1203.066, subd. (a)(8)), involving N.; and one count of a lewd act on a child under 14 (Count IV; § 288, subd. (a)), involving R. Appellant was sentenced to 38 years to life, representing: two consecutive terms of 15 years to life on Counts II and IV (§ 667.61); a consecutive upper term of eight years on Count III; and a stayed sentence on Count I (§ 654). Appellant contends that: (1) the section 667.61 sentence was unauthorized because the multiple victim circumstance under that statute was neither alleged in the information nor found to be true by the jury; (2) admission under Evidence Code section 1108 of evidence of prior uncharged sexual conduct deprived him of due process and a fair trial; (3) application of Evidence Code section 1108 herein violated the prohibition against ex post facto laws; (4) the jury instruction pursuant to CALJIC No. 2.50.01 (1999 Revision) deprived him of due process and a fair trial; and (5) the court failed to award presentence credits.

We affirm the judgment.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

# I. FACTUAL BACKGROUND

N., who was born in January 1986, reported that from about October 1993 to October 1997, appellant, a man in his 50's, made him rub appellant's penis over 200 times, and made him suck appellant's penis over 50 times. N. also reported three or four instances of sodomy with appellant, and said that appellant made him rub R.'s penis on one occasion when R. was eight or nine.

N. and his mother Cheryl lived in the apartment complex where appellant resided from June 1993 to July 1995, when they moved because N. started a grass fire in a field behind the apartments. N. often went to appellant's apartment when he lived nearby, and continued to visit appellant after he moved away. In 1997 N. told a friend about the incidents, who reported them to N.'s therapist, who reported them to the police.

N. told the police that appellant referred to his penis as "George." The police recorded a telephone conversation from N. to appellant, in which appellant asked N. among other things how his George was doing, whether N. had been "exercising him," and whether N. had been "getting that dude to spit back at people yet."

R. was born in July 1987; his father and appellant were friends, and he sometimes stayed overnight at appellant's apartment when appellant was babysitting him. R. said that appellant rubbed R.'s penis during an overnight stay when he was between the third and fourth grades. R. first told the police that appellant had never done anything to him, but then told his father and his father's girlfriend about the rubbing incident. R. denied any sexual contact with N. and told the police that N. was a liar.

When appellant was arrested he had pictures of N. and R. in his wallet, and a Polaroid photo in his coin purse of an adult penis being orally copulated. There were Polaroid photos and a Polaroid camera in his residence.

Appellant denied molesting N. and R. He was almost 60 years old by the time of trial. He said that he had been impotent for 15 to 20 years, and had no form of sex during that time other than one act of oral copulation by N.'s mother Cheryl. He described his heart problems during the period covered by the charges, and his heart surgery in May

1996; he was recuperating from that surgery at the time he allegedly molested R. He took various heart medications that contributed to his impotence.

Appellant said that he met N. after N. moved into his apartment complex, and that N. came to him with his problems, even after he and Cheryl were evicted as a result of the fire N. set. Appellant had known R. all his life, and had babysat him. Appellant carried pictures in his wallet of N. and R., who "until this mess ha[d] always called me their uncle or grandpa."

Appellant admitted having a Polaroid camera, but denied possessing the photo of oral copulation that was allegedly found on his person. Appellant had moved in with his daughter Sheila by March of 1997, and was living there when the police searched his room. He said that the 30 condoms found in his dresser drawer had been given to another daughter at a pregnancy test. As for the recorded phone conversation with N., appellant "apologized totally from the bottom of my heart if I misused the language or mis-talked to that young man in a way that others have mistaken wrong."

Howard Runyan had been appellant's friend for 10 years and had worked with him from 1994 to 1996. Runyan said that appellant got short of breath at work in 1994, and that his physical condition continuously deteriorated thereafter. Appellant's heart surgeon testified that appellant underwent double bypass and aortic valve replacement surgery in May 1996, and that he had suffered heart attacks before this surgery. Appellant's cardiologist confirmed that he had prescribed medications for appellant that might cause impotence.

Ricardo Guijar lived with appellant from June to August 1994, and November 1995 to February 1996. N. and Cheryl lived nearby in 1994; Guijar recalled that at some point that year, N. reported seeing Cheryl have oral sex with a boyfriend. Guijar remembered N. coming over to the apartment during Guijar's second stay there in 1995-1996. N. complained to appellant about Cheryl; appellant was like a father to N. Guijar said that appellant was a good person who helped people; Guijar had "never seen him do anything wrong."

3

Appellant's daughter Sheila Strubel spent her days with appellant from February to July 1995, when she was experiencing complications with her pregnancy. Younger girls her sisters grew up with, including Desiree M., were also over at the apartment during that time. Strubel recalled N. coming by twice a week to get cigarettes for Cheryl. She never saw appellant engage in any inappropriate behavior with N. Strubel saw appellant two to four times a week in the first six months of 1996, before and after his heart surgery. She said that, after the surgery, appellant remained short of breath and could not stay awake long enough to do much walking.

Desiree M. lived with appellant for most of 1995 when she was 14 or 15, after running away from a group home. She remembered N. and Cheryl coming by the apartment, and appellant babysitting N. On one occasion when she was in the living room with N., Cheryl and appellant, Cheryl offered to orally copulate appellant, and got up and walked out after appellant declined. Desiree never saw appellant engage in any suspicious or inappropriate behavior with N., and she said that appellant never behaved inappropriately toward her.

Police Officer Ed Hudson, an investigator for the district attorney, interviewed Cheryl in September 1999. Cheryl told Hudson that when N. was about three years old, she had taken N.'s penis in her mouth and sucked on it. She said that N. had not urinated for two or three days, and she thought that she could suck the urine out. When that did not work, she took N. for urinary tract surgery. Cheryl also reported that she had taught N. how to masturbate in August of 1997, when he was 11 years old. She said that N. was complaining of repeated erections, and had asked what to do. The jury was informed that Cheryl would not be testifying because she had invoked her Fifth Amendment rights.

Wendy C. testified that in April 1993 her three-year-old son Adam reported that N., who was then seven years old, had sucked on his penis.

Santa Rosa Police Officer Todd Sloan testified for the People in rebuttal that when he was dispatched to appellant's apartment on June 1 and 26, 1996, appellant was moving around without apparent difficulty and did not appear to be in any pain. N. was with appellant at the apartment on June 1. Appellant had called the police to report that N. had

4

run away from home because Cheryl beat him. N. reported another prior incident of abuse, and police records showed that N. had been assaulted by Cheryl in March of 1996. Sloan found a mark on N.'s leg where he had apparently been hit with a belt or an extension cord.

Kellee G. testified for the People in rebuttal that she stayed with appellant for one or two days at a time on a number of occasions beginning in the fall of 1995, when she was 14, to the early spring of 1996. She was homeless at the time. She said that she had numerous conversations with appellant when he made her feel uncomfortable by talking about her body. He once walked in on her after a shower and made a comment about her pubic hair. He bought her presents and gave her alcohol so he could see or touch her breasts, and gave her money to take nude photos of her. The last time she stayed with appellant, she fell asleep on his bed, and he woke her up by putting a hand on her breast and another hand down her pants. Kellee acknowledged that she drank alcohol, smoked marijuana, and used methamphetamine when she was staying with appellant.

Raquel S. then testified for appellant that she had lived with him in December 1995, when she was 15-year-old runaway. She said that appellant had an "open door" policy when he was home that included N. She never saw appellant engage in inappropriate behavior with N. She said that appellant was like a father to N., and that appellant was the only one N. would listen to. She said that appellant used frank and vulgar language, even with kids, and that he talked to kids about their sexual addictions. However, appellant never drank alcohol or let kids drink alcohol, he never made any sexual advances toward her, and she never saw or heard him make any sexual advances toward any other kids.

Appellant's daughter Sheila further testified that Kellee G. was one of three girls who kept breaking into appellant's apartment in 1995 and 1996; Strubel said that she called the police at least four or five times about these break-in's. She said that girls were allowed to stay at the apartment as long as they were not "flashing themselves" or otherwise causing trouble. However, Kellee was one of several girls who "bent over in real short skirts with thong bikinis baring their rear ends."

5

## II. DISCUSSION

A. Evidence Code Section 1108

Appellant contends that admission under Evidence Code section 1108 of Kellee G.'s testimony about his sexual conduct with her violated his right to due process and the prohibition against ex post facto laws. The due process argument was rejected in *People v. Falsetta* (1999) 21 Cal.4th 903, 922, a decision we must follow. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455.) The ex post facto argument was rejected in *People v. Fitch* (1997) 55 Cal.App.4th 172, 185-186, which observed that the ex post facto principle does not "'prohibit the application of new evidentiary rules in trials for crimes committed before the changes. . . .' [Citation.] '[A] new rule of evidence which admits evidence not previously admissible or which extends competency to a witness may validly operate in the trial of a prior offense. . . .' [Citation.] [¶] Since Evidence Code section 1108 does not alter the definition of a crime, increase punishment, or eliminate a defense, it does not violate the ex post facto clause." We agree with this conclusion and therefore reject appellant's argument to the contrary.

B. CALJIC No. 2.50.01

Appellant's jury was instructed with respect to the uncharged conduct involving Kellee under the 1999 revision of CALJIC No. 2.50.01 as follows: "Evidence has been introduced for the purpose of showing that the defendant engaged in a sexual offense on one or more occasions other than that charged in the case. . . . [¶] If you find that the defendant committed a prior sexual offense, you may, but are not required to, infer that the defendant had a disposition to commit the same or similar type of sexual offenses. If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crimes of which he is accused. [¶] *However, if you find by a preponderance of the evidence that the defendant committed a prior sexual offense, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes.* The weight and significance of the evidence, if any, are for you to decide." (Italics added.)

6

Appellant argues that the instruction could have erroneously led the jury to convict him of the charged offenses based solely on his uncharged conduct. However, we agree with Division One of this District that this argument is untenable in light of the italicized language, which was added to CALJIC No. 2.50.01 in the 1999 revision. (*People v. Hill* (2001) 86 Cal.App.4th 273, 276-278.)

Prior to that revision, cases were split on the propriety of CALJIC No. 2.50.01, and the virtually identical instruction under former CALJIC No. 2.50.02 concerning uncharged acts of domestic violence. (*People v. Hill, supra,* 86 Cal.App.4th at pp. 276-277.) This court was among those that rejected claims like the one appellant now advances. In *People v. Escobar* (2000) 82 Cal.App.4th 1085, 1097-1101, we found no significant likelihood that former CALJIC No. 2.50.02 could have led to a conviction based solely on evidence of uncharged acts. We reached this conclusion, even in the absence of the cautionary language that currently appears in CALJIC Nos. 2.50.01 and 2.50.02, in view of the instructions as whole. (*Id.* at p. 1101.) Here, as in *Escobar,* the jury was instructed on the elements of the charged offenses, and on the requirement that each of those elements be proven beyond a reasonable doubt. Thus, even if CALJIC No. 2.50.01 had not been amended to preclude the confusion appellant posits, *Escobar*'s reasoning would have disposed of his argument.

C. Sentence Under Section 667.61

Appellant's 15-year-to-life sentences for lewd acts with N. and R. (§ 288, subd. (a)) resulted from application of the multiple-victim circumstance specified in section 667.61, subdivision (e)(5). Section 667.61, subdivision (b) directs that " . . . a person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 15 years . . . ." Subdivision (c) offenses include violations of section 288, subdivision (a) unless the defendant qualifies for probation under section 1203.066, subdivision (c). (§ 667.7, subd. (c)(7).) Subdivision (e) circumstances include those where "[t]he defendant has been

7

convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim." (§ 667.7, subd. (e)(5).)

Appellant argues that the subdivision (e)(5) circumstance cannot be applied here because it was not alleged in the information and found to be true by the jury as required by section 667.61, subdivision (i). Section 667.61, subdivision (i) states that "[f]or the penalties provided in this section to apply, the existence of any fact required under subdivision (d) or (e) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." The information in appellant's case alleged violations of section 288, subdivision (a) with N. and R. as separate counts, and the jury returned verdicts of guilty on those counts involving those two victims. However, appellant submits that he cannot be sentenced under the multiple victim circumstance because that circumstance was not itself expressly pled and found true. The People indicate that this issue is presently pending before our Supreme Court in *People v. Mancebo* (S086481), review granted May 10, 2000.

The same argument appellant raises was rejected by Division Five of this District in *People v. Knox* (1999) 74 Cal.App.4th 757, 764, as follows: "[A]ny error in failing to expressly plead the multiple victim circumstance and include it as a finding on the verdict form was harmless. Appellant had adequate notice of the charges against him and against which he had to defend. The facts establishing the multiple victim circumstance were alleged. Appellant knew he was charged with numerous sexual offenses, committed with use of a firearm, against multiple victims. If true, these crimes and circumstances require a 25-year-to-life sentence, and appellant was convicted as charged of the crimes against all 3 victims. Neither appellant nor the record suggests that he would have defended the case any differently if the multiple victim circumstances (§ 667.61, subd. (e)(5)) had been specifically alleged. Since the jury found appellant guilty of all charges against all three victims, it rendered a de facto multiple victim finding thereby invoking the One Strike law."

8

This harmless error analysis is persuasive and applies equally in appellant's case. Accordingly, we reject his contention that his sentence was unauthorized under section 667.61.

D. <u>Presentence Credits</u>

In his opening brief, appellant argued that the court failed to calculate and award presentence credits. We have since received copies of an amended abstract of judgment and a letter from appellant confirming that proper credits have now been awarded.

### III. CONCLUSION

The judgment is affirmed.

_____

Kay, J.

We concur:

_____

Reardon, Acting P.J.

_____

Sepulveda, J.

*People v. Tiemens*
A089793

10

# EXHIBIT 3

Court of Appeal, First Appellate District, Division Four - No. A089793
**S100698**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

THE PEOPLE, Plaintiff and Respondent,

v.

HERMAN TIEMENS JR., Defendant and Appellant.

SUPREME COURT
**FILED**

OCT 2 4 2001

Frederick K. Ohlrich Clerk

DEPUTY

Petition for review DENIED.

DOCKETED
SAN FRANCISCO

OCT 26 2001

By L. CARAMANZANA
No. SF2000AD498

GEORGE

Chief Justice

$B$

Westlaw.

2001 WL 34374952 (Cal.)
**(Cite as: 2001 WL 34374952)**

For Dockets See S100698

Supreme Court of California.
THE PEOPLE of the State of California, Plaintiff and Respondent,
v.
Herman TIEMENS, Jr., Defendant and Appellant.
No. S100698.
September 18, 2001.

Court of Appeal No. A089793, Sonoma County No. SCR26347

Petition for Review

Linda Buchser, Attorney at Law, State Bar No. 130227, 1592 Union Street, No. 300, San Francisco, CA 94123, (415) 255-1723, Attorney for Petitioner

## *i TABLE OF CONTENTS

TABLE OF AUTHORITIES ... ii

PETITION FOR REVIEW ... 1

NECESSITY FOR REVIEW ... 1

QUESTIONS PRESENTED ... 2

STATEMENT OF THE CASE AND FACTS ... 2

ARGUMENT

I BECAUSE THE INFORMATION DID NOT SPECIFICALLY PLEAD, AND THE JURY DID NOT SPECIFICALLY FIND, A SPECIAL CIRCUMSTANCE WITHIN THE TERMS OF SECTION 667.61. THE SENTENCE IMPOSED UNDER THAT SECTION IS UNAUTHORIZED ... 3

II THE ADMISSION OF PRIOR SEXUAL OFFENSES TO PROVE APPELLANT'S DISPOSITION TO COMMIT SEX CRIMES VIOLATED HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AND A FAIR TRIAL ... 8

III THE ADMISSION OF PRIOR SEXUAL CONDUCT UNDER EVIDENCE CODE SECTION 1108 TO PROVE PROPENSITY VIOLATED THE CONSTITUTIONAL PROHIBITION AGAINST EX POST FACTO LAWS ... 12

IV INSTRUCTION WITH CALJIC NO 2.50.01 (1999 REVISION), WHICH PERMITTED THE JURY TO INFER APPELLANT HAD A PROPENSITY TO COMMIT SEXUAL OFFENSES AND TO USE THAT INFERENCE TO PROVE THE CHARGED OFFENSES, VIOLATED APPELLANT'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AND A FAIR TRIAL ... 16

CONCLUSION ... 20

## *ii TABLE OF AUTHORITIES

*Cases*

*Apprendi v. New Jersey* (2000) 530 U.S. ___ ... 6

*Calder v. Bull* (1798) 3 Dall. 386 ... 13

*Carmell v. Texas* (2000) 529 U.S. ___ ... 13

*In re Alvarnez* (1992) 2 Cal.4th 924 ... 6

*In re Hess* (1955) 45 Cal.2d 171 ... 6

*McKinney v. Rees* (9th Cir. 1993) 993 F.2d 1378 ... 9, 11

*Medina v. California* (1992) 505 U.S. 437 ... 10

*Michelson v. United States* (1948) 335 U.S. 469 ... 10

*Montana v. Egelhoff* (1996) 518 U.S. 37 ... 9

*People v. Alcala* (1984) 36 Cal.3d 604 ... 9

*People v. Brown* (1993) 6 Cal.4th 322 ... 5

*People v. Edelbacher* (1989) 47 Cal.3d 983 ... 9

*People v. Ewoldt* (1994) 7 Cal.4th 380 ... 9

*People v. Falsetta* (1999) 21 Cal.4th 903 ... 8

*People v. Garceau* (1993) 6 Cal.4th 140 ... 14

*People v. Hernandez* (1988) 46 Cal.3d 194 ... 6

*People v. Hoze* (1987) 195 Cal.App.3d 949 ... 9

*People v. James* (2000) 81 Cal.App.4th 1343 ... 19

*People v. Knox* (1999) 74 Cal.App.4th 757 ... 3

**\*iii** *People v. Mancebo* (S086481) ... 1

*People v. Molineaux* (N.Y. 1901) 61 N.E. 286 ... 10, 15

*People v. You* (1983) 143 Cal.App.3d 358 ... 9

*People v. Young* (1987) 192 Cal.App.3d 812 ... 4, 5

*People v. Wright* (1985) 39 Cal.3d 576 ... 9

*Rowe v. Superior Court* (1993) 15 Cal.App.4th 1711 ... 5

*State v. Lucero* (N.M. App. 1992) 840 P.2d 1255 ... 11, 15

*Torres v. Automobile Club of So. California* (1997) 15 Cal.4th 771 ... 5

*United States v. Daniels* (D.C. Cir. 1985) 770 F.2d 111 ... 11, 15

*United States v. Foskey* (D.C. Cir. 1980) 636 F.2d 517 ... 10, 11, 14

*United States v. Myers* (5th Cir. 1977) 550 F.2d 1036 ... 10, 14

*Valov v. Tank* (1985) 168 Cal.App.3d 867 ... 4

**Statutes**

Evidence Code

§ 352 ... 8

§ 1108 ... 1, 8, 12, 14, 15

Penal Code

§ 451.1 ... 6

§ 452.1 ... 6

§ 667.61 ... 1, 2, 6, 7

§ 667.61(d) ... 4, 5

§ 667.61(e) ... 3, 4, 5

**\*iv** § 667.61(i) ... 4, 5, 7

§ 667.9 ... 6

*Other Authorities*

California Constitution

Article I, § 7 ... 5

Article I, § 15 ... 5, 6

California Rules of Court

Rule 29(a) ... 1

Rule 29.2(c) ... 1

CALJIC

No. 2.50.01 ... 2, 16, 17, 18, 19

United States Constitution

Article I, § 9 ... 12

6th Amendment ... 6

14th Amendment ... 2, 5, 8, 16

Wigmore, Evidence (3d ed. 1940) § 62.2 ... 9

### *1 PETITION FOR REVIEW

**TO THE HONORABLE RONALD M. GEORGE, CHIEF JUSTICE, AND THE HONORABLE ASSOCIATE JUSTICES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA:**

Appellant and petitioner Herman Tiemens. Jr., respectfully petitions this Court lor review in the above-entitled matter. On August 9. 2001. the Court of Appeal. First Appellate District, Division Four, affirmed petitioner's conviction in an unpublished opinion (Exh. A). Appellant did not file a petition for rehearing.

### NECESSITY FOR REVIEW

Pursuant to California Rules of Court, rule 29(a), appellant raises four issues that present important questions of law: the llrst concerns the imposition of sentence under Penal Code section 667.61 when a .special circumstance under thai section has not been specifically pled and found true; the second through fourth issues concern the admission of, and instruction on. prior sexual

conduct under Evidence Code section 1108. Because the first issue is presently before this Court in *People v. Mancebo* (S086481), review granted May 10, 2000, appellant requests the Court grant and hold review of that issue pending disposition in *Mancebo*. (Cal. Rules of Court, rule 29.2(c).) Appellant requests review on the remaining issues.

## QUESTIONS PRESENTED

I. Whether a sentence imposed under Penal Code section 667.61 is unauthorized where the information did not specifically plead and the jury did not specifically find a special circumstance under the section.

II. Whether the admission of prior sexual offenses to prove propensity to commit sex crimes violates a defendant's Fourteenth Amendment rights to due process and a fair trial.

III. Whether the admission of prior sexual offenses violates the constitutional prohibition against ex post facto laws.

IV. Whether instruction with CALJIC No. 2.50.01 (1999 Revision) violates the right to due process and a fair trial under the Four teenth Amendment.

### STATEMENT OF THE CASE AND FACTS

For the purpose of this petition, appellant adopts and incorporates the procedural and factual statements from the Court of Appeal's opinion. (Slip Opn. 1-5.)

### *3 ARGUMENT

I

### BECAUSE THE INFORMATION DID NOT SPECIFICALLY PLEAD, AND THE JURY DID NOT SPECIFICALLY FIND, A SPECIAL CIRCUMSTANCE WITHIN THE TERMS OF SECTION 667.61, THE SENTENCE IMPOSED UNDER THAT SECTION IS UNAUTHORIZED

The information did not expressly allege a multiple victim circumstance pursuant to section Penal Code section 667.61, .subdivision (c)(5). and was never amended to include this allegation. (CT 147-150.) In addition, ihe jury was not requested to make, and did not make, any special finding on the circumstance. (CT 300-302, 304-307.) Even so. the court applied this circumstance in imposing appellant's sentence. (CT 335. 339-342: RT 1038-1039.) Appellant argued in the Court of Appeal that the sentence was unauthorized. Relying upon *People v. Knox* (1999) 74 Cal.App.4lh 757, the Court of Appeal found any error harmless reasoning that the facts establishing the multiple victim circumstance were alleged and there was nothing to suggest appellant would have defended the case differently if the multiple victim circumstances had been specifically alleged. (Slip Opn. at pp. 8-9.) Appellant disagrees. Because the sentence was unauthorized, harmless error analysis does not apply.

*4 Penal Code section 667.61. subdivision (i) (hercinailcr. ◆subdivision (i)◆) provides:
For the penalties provided in this section to apply, the existence of any fact required un der

subdivision (d) or (e) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact.

Appellant submits that the Legislature intended the following in subdivision (i.j's ◆alleged and found◆ requirement: (1) that each subdivi sion (d) or (e) circumstance must be specifically alleged in the accusatory pleading, either in the statutory language or by reference to the statutory subdivision; and (2) that each such circumstance must be specifically found by the trier of fact, either in the statutory language or by reference to the statutory subdivision.

Appellant relies on ◆the plain language of the statute,◆ and on a range of other rules of statutory interpretation. He relies particularly on the rules requiring that statutes be interpreted, where reasonably possible, to avoid unreasonable and absurd results, and to avoid constitutional issues.

In matters of statutory interpretation, California has long been committed to the goal of identifying and serving the legislative intent. (*People v. Young* (1987) 192 Cal.App.3d 812, 816; *Valovv. Tank* (1985) 168 Cal.App.3d 867, 873.) The first source for identifying that intent is the *5 words of the statuie, giving them their normal meanings. (*Torres v. Auto-mobile Club of So. California* (1997) 15 Cal.4lh 771. 777.) If the words are clear and unambiguous, there is nothing to ◆interpret,◆ unless the effective result would he to undermine the legislative intent or lead to an absurd result. (*Rowc v. Superior Court* (1993) 15 Cal.App.4lh 1711, 1719: *People v. Young, supra,* 192 Cal.App.3d at p. 816.)

As already noted, subdivision (i) stales that ◆the existence of any fact required under subdivision fd) and (e) *shall be* alleged ... and found by the trier of fact.◆ This language has a ◆plain meaning.◆ A trial court in sentencing may rely only on that which was specifically ◆alleged and found.◆ Thus, there must be an express pleading of subdivision (e) circumstances, and not simply a cryptic pleading of the existence of a lacl required under subdivision (e).

In addition, ◆a statute must be construed, if possible, *to avoid constitutional issues* ....◆ (*People v. Brown* (1993) 6 Cal.4th 322, 325 [emphasis added].) When Ihe prospect of an unconstitutional result is ◆credible.◆ the operation of this rule of construction is triggered. (*Ibid.*)

Three constitutional rights are involved here. The first is the due process requirement under the Fourteenth Amendment to the United States Constitution and Article I, sections 7 and 15 of the California Constitution that a criminal defendant have adequate notice of the charges *6 against which he or she must defend. (*People v. Hernandez* (1988) 46 Cal.3d 194, 208; *In re Hess* (1955) 45 Cal.2d 171, 175.)

The acutcncss of the notice problem may vary, depending on the ◆fact◆ in question. Yet a quick review of the many ◆alleged and found1' statutes reveals that the potential for such problems is great. (See, e.g., the multiple structure/proximate cause question of sections 451.1 and 452.1; the aggravated mayhem/commission of the offense circumstance of section 667.61; the excess taking enhancement statutes; the ◆crimes against the elderly or infirm◆ provisions of section 667.9; and others.) The sufficiency of the notice could become an issue under many statutes, and under many subdivisions of section 667.61.

The second constitutional right involved concerns the Jury Trial and Due Process Clauses. These require that offense-related facts, which operate to increase the punishment for a crime above the normal statutory range, be determined by a jury beyond a reasonable doubt. (Sec *Apprendi v. New Jersey* (2000) 530 U.S. ___ 1147 L.Ed.2d 435. 455, 120 S.Ct. ___ ].)

Finally, this Court has recognized defense counsel's obligations under the Sixth Amendment and Article I, section 15; to adequately and accurately advise the client in relation to plea bargains. (*In re Aivarnez* (1992) 2 Cal.4th 924, 933-935.) The defendant's right to the effective *7 assistance of counsel will he undermined -- and ineffective assistance claims will he fostered - if counsel cannot readily determine the maximum sentence faced hy the client.

In short, the Legislature could only have intended a simple. reasonable, and constitutional requirement - a specific allegation of. and a specfic finding on, the requisite �facts� for imposing sentencing under Penal Code section 667.61.

The �error� in appellant's ease was sentencing in violation of section 667.61, subdivision (i). The Court of Appeal's reliance on the *Knox* analysis only makes sense if it is proper lu shift the burden to the defendant to show prejudice on appeal. Since this is an unauthori/ed sentence, a harmless error analysis cannot apply.

## *8 II

## THE ADMISSION OF PRIOR SEXUAL OFFENSES TO PROVE APPELLANT'S DISPOSITION TO COMMIT SEX RIMES VIOLATED HIS FOURTEENTH AMENDMENI RIGHT TO DUE PROCESS AND A FAIR TRIAL

Appellant argued in the Court of Appeal that admission of his prior sexual offenses under Evidence Code section 1108 to prove propensity to commit sex crimes violated his Fourteenth Amendment rights to due process and a fair trial. Relying upon this Court's decision in *People v. Falsetto* (1999) 21 Cal.4th 903, the Court of Appeal rejected the argument. (Slip Opn. at p. 6.) Appellant urges this Court to reconsider the issue.

In *Falsetta*, the Court determined that the balancing lest under Evidence Code section 352 provides a realistic safeguard to section 1108. Appellant respectfully submits that section 352 provides no cure for section 1108. The nature and extent of the potential prejudice to a defendant generated by character evidence renders it inadmissible.
The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so over persuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge. (*Michelson v. United States* (1948) 335 U.S. 469: 475-76; *McKinney v. Rees* (9th Cir. 1993) 993 F.2d 1378, 1384.)

*9 Evidence is unduly prejudicial when it �lends to evoke an emotional bias against defendant as an individual and which has very little elTeel on the issues.� (*People v. You* (1983) 143 Cal.App.3d 358, 377.) Similarly, undue prejudice is extant in situations where there may be �use of the evidence by the trier of fact for a purpose for which the evidence is not properly admissible.� (*People v. Hoze* (1987) 195 Cal.App.3d 949, 954; see also *People v. Edelbacher* (1989) 47 Cal.Sd 983, 1016; *People v. Wright* (1985) 39 Cal.3d 576, 585. As Wigmore noted,

evidence of prior sexual misconduct is of a most inflammatory type. (1A Wigmore. Evi dence (3d ed. 1940) § 62.2. at p. 1345.) Accordingly, evidence of prior sexual misconduct to show a defendant's propensity can never survive section 352's balancing test.

The primary method of testing whether a stale evidentiary rule offends a fundamental principle of justice is historical practice. (*Montana v. Egelhoff* (1996) 518 U.S. 37.) In *McKinney v. Rees* (9th Cir. 1993) 993 F.2d 1378, 1380-1381, and footnote 2, the Ninth Circuit Court of Appeal exhaustively traced the common law origins of the rule barring the use of propensity evidence to prove guilt of the current crime from 1684 to the present. Indeed, this Court has acknowledged the antiquity and univer-sality of the rule. (*People v. Alcala* (1984) 36 Cal.3d 604, 630-631; *People v. Ewoldt* (1994) 7 Cal.4th 380, 390-393.)

*10 In addition to historical practice, the court must consider ◆whether the rule transgresses any recognized principle of fundamental fairness' in operation.◆ (*Medina v. California* (1992) 505 U.S. 437, 448.) Propensity evidence is excluded not because it lacks probative value but because it proves too much. The rule barring its use is designed to combat the natural human tendency to ◆prejudge one with a bad general record and deny him a *fair opportunity* to defend against a particular charge.◆ (*Michelson v. United States* (1948) 335 U.S. 469, 475-476, emphasis added.)

Because the rule against use of propensity evidence stands as an antidote to the unfairness of prejudgment, it has been called a ◆concomitant of the presumption of innocence.◆ (*United States v. Myers* (5th Cir. 1977) 550 F.2d 1036, 1044; *United States v. Foskey* (D.C. Cir. 1980) 636 F.2d 517. 523.) The rule ◆is the product of that same humane and enlightened public spirit which, speaking through our common law. has decreed that even' person charged with the commission of a crime shall be protected by the presumption of innocence until he has been proved guilty beyond a reasonable doubt.◆ (*People v. Molineaux* (N.Y. 1901) 61 N.E. 286.) It ◆reflects and gives meaning to the central precept of our system of criminal justice, the presumption of innocence.◆ (*United States v. Daniels* (D.C. *11 Cir. 1985) 770 F.2d 111, 118: see also *State v. Luccro* (N.M. App. 1992) 840 PJd 1255. 1260.)

The rule against the use of propensity evidence also protects the right to a fair trial where ◆people are convicted because of what they have done, not who they arc.◆ (*McKinncy v. Recs. supra*, 993 F.2d at p. 1386: *United States v. Foskey. supra*, 636 F.2d at p. 523; *United Suites v. Myers, supra*, 550 F.2d at p. 1044.) That idea is embedded in ◆our commu nity's sense of iair play.◆ (*McKinncy, supra*, at p. 1386.)

In short, the rule barring the use of propensity evidence is well-established in American jurisprudence. Accordingly, appellant's due process rights were violated by admission of the sexual offense priors lo show his disposition.

### *12 III

THE ADMISSION OF PRIOR SEXUAL CONDUCT UNDER EVIDENCE CODE SECTION 1108 TO PROVE PROPENSITY VIOLATED THE CONSTITUTIONAL PROHIBITION AGAINST EX POST FACTO LAWS

Appellant was charged with committing counts II and MI between January 1 and October 31,

1995. Evidence Code section 1108 was enacted in 1995. but did not become effective until January 1, 1996. (Gov. Code, § 9600.) Appellant argued in the Court of Appeal that the application of Evidence Code section 1108 to prove counts II and 111 violated the constitutional proscription against ex post facto laws. (U.S. Const., art. 1, § 9. cl. 3.) In rejecting this argument, the Court of Appeal reasoned that Evidence Code section 1108 does not alter the definition of a crime, in crease punishment, or eliminate a defense. (Slip Opn. at p. 6.) Appellant respectfully disagrees.

A statute violates the Ex Post Facto Clause of the federal constitution if it: (1) makes criminal an act previously committed that was innocent when done; (2) aggravates a crime or makes it greater than it was when committed; (3) makes more burdensome the punishment for a crime after it was committed; or (4) alters the legal rules of evidence and receives less, or different, testimony, than the law required at the time of the commission*13 of the offense, in order to convict the offender. (*Carnicll v. Texas* (2000) 529 U.S. ___ 1120 S.Ct.1620, 1627, 146 L.Ed.2d 5771. citing *Colder v. Bull* (1798) 3 Dall. 386, 390 [1 L.Ed. 648 (Chase. J.).)

*Carmell* involved a ◆fxxas statute which had previously required in certain sex offense cases that conviction could not rest on the victim's leslimony alone, but rather had to be corroborated. An amendment changed this requirement to allow conviction on the victim's testimony alone. (*Carmell, supra*, 120 S.Ct. at pp. 1624-1625.) The United States Supreme Couri held that the new law could not be applied retroactively to cases in which (he offense was committed before its effective dale, because it would offend the fourth category for ex post lacto analysis, that of a law altering the rules of evidence. (*Id.* al p. 1643.) The Texas amendment which deleted the requirement for corroboration changed the quantum of evidence necessary to sustain the conviction. This was less testimony required to convict under the fourth category.

The fourth category resonates harmoniously with one of the principal interests thai Ihc Ex Post Facto Clause was designed to serve - fundamental justice. (*Id.* at p. 1632.) A law reducing the quantum of evidence required to convict an offender is as grossly unfair as retrospectively eliminating an element of the offense, increasing the punishment for an existing offense, or lowering the burden of proof. (*Id.* at pp. 1632-*14 1633.) in each of these instances, the government subverts the presumption of innocence by reducing the number of elements it must prove to overcome that presumption, by threatening such severe punishment so as to induce a plea to a lesser offense or a lower sentence, or by making it easier to meet the threshold for overcoming the presumption. Reducing the quantum of evidence necessary to meet the burden of proof is simply another way of achieving the same end. In each instance, the government refuses after the fact to play by its own rules, altering them in a way that is advantageous only to the State to facilitate an easier conviction. (*Id.* at p. 1633.)

The admission of propensity evidence under Evidence Code section 1108 lessens the prosecution's burden of proof and perverts the presumption of innocence. Thus, this Court has opined, without actually deciding, that if a jury used evidence of an uncharged killing to show propensity to kill, ◆the prosecution's burden ofproof as to the central issue in the case, the identity of [the victim's] slayer, arguably was lightened ....◆ (*People v. Garceau* (11993) 6 Cal.4th 140, 186.)

Likewise, courts recognize that the rule against use of propensity evidence stands as an antidote to the unfairness of prc judgment, and thus is a ◆concomitant of the presumption of innocence.◆ (*United States v. Myers, supra*, 550 F.2d 1036. 1044; *United States v. Foskey. supra*, 636 F.2d

517, 523.) The rule �is the product of that same humane and enlight-*15 ened public spirit which, speaking through our common law, has decreed that every person charged with the commission of a crime shall be protected by the presumption of innocence until he has been proved guilty beyond a reasonable doubt.� (*People v. Molineaux. supra*, 61 N.E. 286.) It �reflects and gives meaning to the central precept of our system of criminal justice, the presumption of innocence.� (*United States v. Daniels, supra*, 770 F.2d 111, 118: see also *Suite v. Lucero, supra*, 840 P.2d 1255. 1260.)

Because Evidence Code section 1108 alters the legal rules of evidence by permitting testimony which by its very nature reduces the prosecution's burden of proof and impinges upon the presumption of innocence, the use of propensity evidence to prove counts II and III violated the lix Post Facto Clause.

## *16 IV

### INSTRUCTION WITH CALJIC NO. 2.50.01 (1999 REVISION), WHICH PERMITTED THE JURY TO INFER APPELLANT HAD A PROPENSITY TO COMMIT SEXUAL OFFENSES AND TO USE THAT INFERENCE TO PROVE THE CHARGED OFFENSES, VIOLATED APPELLANT'S FOURTEENTH MENDMENT RIGHT TO DUE PROCESS AND A FAIR TRIAL

Over defense objection (RT 745-746J, the court instructed the jury pursuant to CALJJC No. 2.50.01 (1999 Revision):
If you find the defendant committed a prior sexual offense, you may, but are not re quired tor infer that the defendant had a disposi tion to commit [the same or similar type] sexual offenses. If you find that the defendant had this disposition, you may, but arc not required to, infer that (he] was likely to commit and did commit the crime [or crimes! of which [he] is accused.
However, if you find [by a preponderance of the evidence] that the defendant committed [a] prior sexual offense[s], that is not sufficient by itself to prove [beyond a reasonable doubt] that he] committed the charged crime[sj. The weight and significance of the evidence, if any. are for you to decide. (CT 265; RT 922.)

Appellant argued in the Court of Appeal that the instruction violated his rights under the due process clause of the United States Consti *17 union because it aulhori/ed the jury to convict him of the charged offense based solely on his commission of other offenses. The Cowl of Appeal rejected the argument relying upon the instructions as whole, including instructions on the elements of the offense and the requirement that each of those elements be proven beyond a reasonable doubt. (Slip Opn. at p. 7.) Appellant disagrees ? these additional instructions cannot cure the error in CALJIC No. 2.50.01.

CALJIC No. 2.50.01 as given permitted the jury to make a two-step inference, first, it told the jury it could infer appellant had a disposition or propensity to commil sex crimes based upon me commission of uncharged crimes similar to or the same as that for which he was on trial. Then it instructed, based on the inference that appellant had such a criminal propensity, the jury could infer thai he �was likely to commit and *did commit*� the charged offense. (CALJ1C No. 2.50.01, emphasis added.) Thus, the insiruction authorized :L determination of guilt based only on a finding that appellant committed other uncharged sex offenses.

The further information provided in the instruction did not cure the defect. The insiruction advised

that a finding, based on a preponderance of the evidence, that the defendant committed the prior offense was not sufficient by itself to prove, beyond a reasonable doubt, that he committed the charged offense. The instruction also advised that the weight and **\*18** significance of the evidence was a matter for each juror to decide. As such, the instruction permitted a juror to reasonably conclude that a finding, beyond a reasonable doubt, that the defendant committed the prior offense would be sufficient to prove any or all elements of the charged offense. In short, nothing in the instruction required the jury to look at any evidence beyond the prior offense in assessing guilt on the current offense.

Following Division Three of the First District, appellant disagrees that the reasonable doubt instruction, the supplemental reasonable doubt instruction and the instruction enumerating the elements of the charged offense can cure the defect in former, or current. CALJIC No. 2.50.01:
We think it reasonably likely the jury harmonized the instructions on the burden of proof, the elements of the offense, the consideration of all evidence, and the inference of guilt from propensity by concluding [appellant's] propensity was sufficient to establish the elements of the charged offense beyond a reasonable doubt, regardless of the strength or weakness of the other evidence. Three hundred years of jurisprudence recognizes juries are particularly susceptible to that suggestion. (*People v. Alcala* [1984] 36 Cal.3d [604,] 630-631.) If the court seems to approve a faster and shorter path to conviction, which coincides with the natural inclination to assume guilt from propensity, it is unrealistic to believe the jury will correct the wrong turns in that path by reasoning from other, more general instructions.

**\*19** (*People v. James* (2000) 81 Cal.App.4th 1343. 1354.)

In sum, CALJIC No. 2.50.01 as given in this case violated appellant's due process rights - it authorised a determination of guilt on the current offense based solely on a finding that appellant committed other uncharged offenses. The other instructions given did not cure the constitutional defect.

## **\*20 CONCLUSION**

For the reasons stated, appellant requests that the court grant review on arguments II through IV. the admission of. and instruction on. prior sexual conduct. In addition, appellant requests that the court grant and hold review on sentencing under Penal Code section 667.61. pending disposition in *People v. Mancebo.*

Appendix not available.

THE PEOPLE of the State of California, Plaintiff and Respondent, v. Herman TIEMENS, Jr., Defendant and Appellant.
2001 WL 34374952 (Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT 4



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SONOMA

**DENISE L. GORDON**
Court Executive Officer

600 Administration Drive, Rm. 107-J
Santa Rosa, CA 95403
(707) 521-6500

**CINDIA MARTINE**
Deputy Court Executive C

November 16, 2007                                          BY FAX

State of California, Attorney General's Office
Attn: Larry Sullivan
455 Golden Gate Avenue
San Francisco, CA 94102-3660

Re: SCR 26347 People vs. Herman Tiemans Jr.

Dear Mr. Sullivan:

Pursuant to your request, I have reviewed the above referenced file from December 1999 to the present. The file does not contain any applications from the Defendant challenging the judgment in Superior Court file; SCR-26347 People of the State of California vs. Herman Tiemens, Jr.

If I can be of further assistance, please do not hesitate to contact me at (707) 521-6616.

Sincerely,

DENISE GORDON, COURT EXECUTIVE OFFICER

*Karen Hyles*

By: Karen Hyles, Court Services Supervisor
Criminal & Records Division

/kdh

# CALIFORNIA APPELLATE COURTS
## Case Information

**1st Appellate District**

Change court ▼

Court data last updated: 11/13/2007 09:05 AM

### Case Summary   Docket   Scheduled Actions   Briefs
### Disposition   Parties and Attorneys   Trial Court

## Case Summary

**C|C**
home

| | |
|---|---|
| **Trial Court Case:** | SCR26347 |
| **Court of Appeal Case:** | A089793   **Supreme CourtCase:** S100698 |
| **Division:** | 4 |
| **Case Caption:** | The People v. Tiemens |
| **Case Type:** | |
| **Filing Date:** | 01/05/2000 |
| **Oral Argument Date/Time:** | |

## Cross Referenced Cases

No Cross Referenced Cases Found

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# CALIFORNIA APPELLATE COURTS
## Case Information

| Supreme Court | | |

## Supreme Court

Change court ▾

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
home

Court data last updated: 11/13/2007 08:53 AM

### Case Summary    Docket    Briefs
### Disposition    Parties and Attorneys    Lower Court

## Case Summary

**Supreme Court Case:** S100698

**Court of Appeal Case(s):** First Appellate District, Div. 4
A089793

**Case Caption:** PEOPLE v. TIEMENS

**Case Category:** Review - Criminal Appeal

**Start Date:** 09/18/2001

**Case Status:** closed

**Issues:** none

**Disposition Date:** 10/24/2001

**Case Citation:** none

## Cross Referenced Cases
No Cross Referenced Cases Found

**Click here to request automatic e-mail notifications about this case.**

© 2007 Judicial Council of California

## Search Results

Searching for **Tiemens**.
No documents matching your query were found.
For suggestions on how to broaden your search, see <u>Search Tips</u>.

# EXHIBIT 5

RECEIVED

02 APR 18 AM 9

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF CALIFORNIA

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

FILED

APR 19 2002

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Name _TIEMENS Jr.    HERMAN_    N.M.I.
     (Last)              (First)           (Initial)

Prisoner Number _P64862_

Institutional Address _C.M.Facility  P.O.Box 2000-95696 - N-134L_

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

_TIEMENS Jr. HERMAN_              **C02     1925 CRB**
Full Name of Petitioner

                                 Case No.(To be provided by the
                                 clerk of court)    **[PR]**

        vs.

_ANNA RAMIREZ PALMAR_    PETITION FOR A WRIT OF HABEAS CORPUS
        Name of Respondent
        (Warden or jailor)

            Read Comments Carefully Before Filling In

Where and Where to File

        You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

        If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

1

petition will likely be transferred to the district court for the district that includes the institution where you are confined.  Habeas L.R. 2254-3(b).

<u>Who to Name as Respondent</u>

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

<u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

1.    What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

<u>SONOMA Co. SupERIOR CoURTs-SoNoMA</u>     <u>SONOMA CounTy</u>
        Court                                Location

(b)    Case number, if known _____
(c)    Date and terms of sentence <u>15, 15, 9, 100</u>
(d)    Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) (Yes) X  No

Where? <u>CALiF. MED. FACiLiTy — P.O. BOx 2000-95696 — VACAViLLE, CALiF.</u>
       (Name of Institution)              (Address)

2.    For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

<u>3 CHARGES- CHiLD iN DANGERMENT- CHiLD SEX- I DoN'T REALy KNOW</u>

<u>THE oTHERS</u>

3.    Did you have any of the following?

Arraignment: Yes X  No __  Preliminary Hearing: Yes X No __ Motion to Suppress: Yes __ No X

3

4.    How did you plead?

Guilty _____    Not Guilty __X___    Nolo Contendere _____

Any other plea (specify) _____

5.    If you went to trial, what kind of trial did you have?

Jury _X__    Judge alone _____    Judge alone on a transcript _____

6.    Did you testify at your trial?   Yes X   No

7.    Did you have an attorney at the following proceedings:

(a)    Arraignment   Yes X           No
(b)    Preliminary hearing           Yes X           No
(c)    Time of plea   Yes X           No
(d)    Trial   Yes X           No
(e)    Sentencing   Yes X           No
(f)    Appeal   Yes X           No
(g)    Other post-conviction proceeding    Yes X           No X

8.    Did you appeal your conviction?    Yes X   No

(a)    If you did, to what court(s) did you appeal?

| | | | | |
|---|---|---|---|---|
| Court of Appeal | Yes X | No | 2001 — DENIED | |
| | | | (Year) | (Result) |
| Supreme Court of California | Yes X | No | 2001 | |
| | | | (Year) | (Result) |
| Any other court | Yes | No X | | |
| | | | (Year) | (Result) |

(b)    If you appealed, were the grounds the same as those that you are raising in this petition?                          Yes X   No

(c)    Was there an opinion?    Yes X   No

(d)    Did you seek permission to file a late appeal under Rule 31(a)?
                          Yes           No X

4

If you did, give the name of the court and the result:

NORTHERN D.S. CAL. — 450 GOLDEN GATE AVE. — BOX 36060 — SAN FRAN.

9.    Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes ___    No ☒

5

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court _U.S. Court of Appeals - San Francisco, CA._

Type of Proceeding _Appeals_

Grounds raised (Be brief but specific):

a.    _Lies To Get Me Arrested And In Prison_

b.    _Lies By Police_

c.    _Lies By Therapist_

d.    _Miss Guided Court Hearing_

Result _Miss Trial_ _____ Date of Result _____

II.    Name of Court _Sonoma County Courts_

Type of Proceeding _2nd Hearing San Francisco_

Grounds raised (Be brief but specific):

a.    _Unknown_

b.    _____

c.    _____

d.    _____

Result _____ Date of Result _____

III.    Name of Court _9th District Court of Appeals_

6

Type of Proceeding _____

Grounds raised (Be brief but specific):

a.  *Unknown* _____

b.  _____

c.  _____

d.  _____

Result _____ Date of Result _____

    (b)   Is any petition, appeal or other post-conviction proceeding now pending in any

court?    Yes ☐  No ☒

_____

(Name and location of court)

## B. GROUNDS FOR RELIEF

    State briefly every reason that you believe you are being confined unlawfully. Give facts to

support each claim. For example, what legal right or privilege were you denied? What happened? Who

made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need

more space. Answer the same questions for each claim.

    Note: You must present ALL your claims in your first federal habeas petition. Subsequent

petitions may be dismissed without review on the merits. 28 U.S.C. § 2244(b); McCleskey v. Zant, 499

U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

    Claim One: *Sonoma Courts - They failed to operate courts*

Properly —

Supporting Facts: JUARERS WHERE LED TO BELIEVE BY LIES THAT THEY

HAD A CASE.

Claim Two: JUDGE WAS BEHIND THE WHOLE WORKS, KNOWING

THE FACTS AS THEY WERE LIED TO, TO MAKE A CASE.

Supporting Facts: IT WAS SAID I HAD SEX WITH MINOR CHILDREN —

WITH HEART PROBLEMS, ITS IMPOSSIBLE TO HAVE SEX FOR ME.

Claim Three: THEY BROUGHT IN A NEW JOURIOR IN MID HEARING —

Supporting Facts: THERE WAS NO SWEARING IN, AND THE JOURIORS

WERE GIVEN FACTS, THAT ARE NOT THE TROUTHS.

If any of these grounds was not previously presented to any other court, state briefly which

grounds were not presented and why:

THE JURY WAS NOT PRESENTED PROPERLY — I DO NOT KNOW WHY

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

I WAS SENT TO 3 DIFFERENT PHYcolomGisT DURING MY CASE.

Do you have an attorney for this petition?    Yes ☒ No ☒

If you do, give the name and address of your attorney:

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on __4-3-02__          _Herman Simeus Jr._
              Date                    Signature of Petitioner

( rev. 5/96)

9



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

**C02  1925**

CASE NO.

Plaintiff,

TEMENS HERMAN

v.

Defendant.

PEOPLE US,

PRISONER'S
IN FORMA PAUPERIS
APPLICATION

**CPR]**

I, HERMAN TEMENS SR. , declare under penalty of perjury that I am the plaintiff in the above entitled case and that the information I offer throughout this application is true and correct. I offer this application in support of my request to proceed without being required to prepay the full amount of fees, costs or give security. I state that because of my poverty I am unable to pay the costs of this action or give security, and that I believe that I am entitled to relief.

In support of this application, I provide the following information:

1.    Are you presently employed?        Yes ☐  No ☒

If your answer is "yes," state both your gross and net salary or wages per month, and give the name and address of your employer:

Gross: _____ Net: _____

Employer: _____

_____

If the answer is "no," state the date of last employment and the amount of the gross and net salary and wages per month which you received. (If you are imprisoned, specify the last place of employment prior to imprisonment.)

TRIPLE "R" TRUCK REPAIR - 6100 LOCUST AVE. - COTATi-CA96.

_____

2.    Have you received, within the past twelve (12) months, any money from any of the following sources:

    a.    Business, Profession or         Yes ___ No ☒
         self employment

    b.    Income from stocks, bonds,      Yes ___ No ☒
         or royalties?

1

c.    Rent payments?                         Yes ☐  No ☒
d.    Pensions, annuities, or                 Yes ☐  No ☐
      life insurance payments?
e.    Federal or State welfare payments,      Yes ☒  No ☐
      Social Security or other govern-
      ment source?

If the answer is "yes" to any of the above, describe each source of money and state the amount received from each.

$216⁰⁰ Social Security Bennifits

$416⁰⁰ V.A. Disability

3.    Are you married?    Yes ☐  No ☒

Spouse's Full Name: _____

Spouse's Place of Employment: _____

Spouse's Monthly Salary, Wages or Income:

Gross $_____ Net $_____

4.    a.    List amount you contribute to your spouse's support:

$ _____

      b.    List the persons other than your spouse who are dependent upon you for support and indicate how much you contribute toward their support:

_____

_____

5.    Do you own or are you buying a home?  Yes ☐  No ☒

Estimated Market Value: $_____ Amount of Mortgage: $_____

6.    Do you own an automobile?  Yes ☐  No ☒

Make _____ Year _____ Model _____

Is it financed? Yes ___ No ___ If so, Total due: $ _____

2

Monthly Payment: $ _____

7.    Do you have a bank account? (If you are a prisoner, include funds in your prison account, and provide the certificate attached, signed by an officer of the prison.)

Yes ___ No X

Name(s) and address(es) of bank: BANK OF THE REDWOODS — BROKE AS MY

GOING TO COURTS.

Present balance(s): $ 5.00 MOST SAVINGS ACCOUNT

Do you own any cash?  Yes ___ No X  Amount: $ 4¢ ON THE BOOKS

Do you have any other assets? (If "yes," provide a description of each asset and its estimated market value.)
Yes ___ No X

_____

8.    What are your monthly expenses?

Rent: $ _____    Utilities: _____

Food: $ _____    Clothing: _____

Charge Accounts:

| Name of Account | Monthly Payment | Total Owed On This Account |
|---|---|---|
|  | $ | $ |
|  | $ | $ |

9.    Do you have any other debts? (List current obligations, indicating amounts and to whom they are payable.)

$10,000.00 SONOMA COUNTY COURTS

_____

I consent to prison officials withdrawing from my trust account and paying to the court the initial partial filing fee and all installment payments required by the court.

3

I declare under the penalty of perjury that the foregoing is true and correct and understand that a false statement herein may result in the dismissal of my claims.

4-3-07
_____

DATE

_____

SIGNATURE OF APPLICANT

4

Case Number:_____

# CERTIFICATE OF FUNDS

## IN

## PRISONER'S ACCOUNT

I certify that attached hereto is a true and correct copy of the prisoner's trust account statement

showing transactions of ___*TIEMENS SR. HERMAN*___ for the last six months at

[prisoner name]

___*CALE. MED. FACILITY - VACAVILLE, CALIF*___ where (s)he is confined.

[name of institution]

I further certify that the average deposits each month to this prisoner's account for the most recent 6-

month period were $___*DO*___ and the average balance in the prisoner's account each month for

the most recent 6-month period was $___*00.00*___.

Dated:_*4-3-02*_

_____

Authorized officer of the institution

5

# EXHIBIT 6

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

FILED

APR 19 2002

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



Dear Sir or Madam:

LC02    1925

CRB

Your petition has been filed as civil case number _____

Your petition is deficient because:

(PR)

1. _____ You did not pay the appropriate filing fee of $5.00. If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's In Forma Pauperis Application in its entirety.

2. __✓__ The In Forma Pauperis Application you submitted is insufficient because:

    _____ You did not use the correct form. You must submit this court's current Prisoner's In Forma Pauperis Application.

    _____ Your In Forma Pauperis Application was not completed in its entirety.

    _____ You did not sign your In Forma Pauperis Application.

    __✓__ You did not submit a Certificate of Funds in Prisoner's Account completed and signed by an authorized officer at the prison.

    __✓__ You did not attach a copy of your prisoner trust account statement showing transactions for the last six months.

    _____ Other _____

Enclosed you will find this court's current Prisoner's In Forma Pauperis Application, which includes a Certificate of Funds in Prisoner's Account form, and a return envelope for your convenience.

**Warning:   If you do not respond within THIRTY DAYS from the filing date stamped above, your action will be dismissed and the file closed.**

Sincerely,
RICHARD W. WIEKING, Clerk,

By _____
Deputy Clerk

rev. 4/01

TREMENS

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**FILED**

MAY 3 1 2002

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

HERMAN TIEMENS, JR.,

　　　　Petitioner,

　　v.

ANNA RAMIREZ-PALMAR,

　　　　Respondent.

）
）
）
）
）
）
）
）
）

No. C 02-1925 CRB (PR)

ORDER OF DISMISSAL

MAY 3 1 2002

ENTERED IN CIVIL DOCKET

　　　　On April 19, 2002, petitioner filed the instant action for a writ of habeas corpus under 28 U.S.C. § 2254 challenging an unspecified conviction from the Superior Court of the State of California in and for the County of Sonoma. The court notified petitioner in writing on that date that the action was deficient because he did not pay the requisite $5.00 filing fee or, instead, submit a signed and completed court-approved in forma pauperis application, including a signed and completed certificate of funds in the prisoner's account and a copy of the prisoner's trust account statement for the last six months. Petitioner was advised that failure to file the requested items within 30 days would result in dismissal of the action.

　　　　More than 40 days have elapsed. However, petitioner has not filed the requisite items, or sought an extension of time to do so. The action is DISMISSED without prejudice.

　　　　The Clerk shall close the file and deny all pending motions as moot.

SO ORDERED.

DATED:　5-31-02

　　　　　　　　　　　　CHARLES R. BREYER
　　　　　　　　　　　　United States District Judge

COPIES MAILED TO PARTIES OF RECORD

# EXHIBIT 8

#5 JUNE 13, 2002

FILED
~~RECEIVED~~

02 JUN 17 PM 12: 19

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

I AM ASKING FOR A FORMA PAUPERS APPLICATION, A CERTIFICATE OF FUNDS HAS ALREADY BEEN SENT IN TO THE COURTS, ALSO WAS A PRISNORS TRUST ACCOUNT.

ORDER OF DISMISSAL WAS STAMPED MAY 31, 2002 IN CIVIL DOCKET, # C02-1925 CRB (PR)

MY NAME IS HERMAN TIEMENS SR. AND MY NUMBER IS PL4862, N-134-L.

I COULD NOT RUSH THE FILES OR I WOULD HAVE SENT IN, I HAVE SOUGHT AN EXTENSION OF TIME, BUT THANKS TO THE FILES HERE IN PRISON AND THERE SPEED, I HAVE RUN THE ACTION HAS BEEN DISMISSED WITHOUT PREJUDICE. I DID NOT GET THESE PAPERS UNTILL 6-11-2002 PLEASE REOPEN MY FILE.

THANK YOU,

Herman Tiemens Jr.

HERMAN TIEMENS PL4862
N-134-L

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

FILED

02 JUN 10 PM 12: 43

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff,

v. People VRS.

)
)
)
)
)
)
)
)
)
)
)

Defendant.
HERMAN CLEMENS SR.

TC02

1925

CRB

(PR)

CASE NO.

PRISONER'S
IN FORMA PAUPERIS
APPLICATION

I, HERMAN CLEMENS SR. , declare under penalty of
perjury that I am the plaintiff in the above entitled case and
that the information I offer throughout this application is true
and correct.  I offer this application in support of my request
to proceed without being required to prepay the full amount of
fees, costs or give security.  I state that because of my poverty
I am unable to pay the costs of this action or give security, and
that I believe that I am entitled to relief.

In support of this application, I provide the following
information:

1.   Are you presently employed?     Yes _____  No  X

If your answer is "yes," state both your gross and net salary or
wages per month, and give the name and address of your employer:

Gross: _____    Net: _____

Employer: _____

_____

If the answer is "no," state the date of last employment and the
amount of the gross and net salary and wages per month which you
received.  (If you are imprisoned, specify the last place of
employment prior to imprisonment.)

Aug. - 1990 - Fouche Auto Wrecking

2.   Have you received, within the past twelve (12) months, any
money from any of the following sources:

rev. 11/97                          2

| a. | Business, Profession or self employment | Yes _____ | No ✗ |
|---|---|---|---|
| b. | Income from stocks, bonds, or royalties? | Yes _____ | No ✗ |
| c. | Rent payments? | Yes _____ | No ✗ |
| d. | Pensions, annuities, or life insurance payments? | Yes _____ | No ✗ |
| e. | Federal or State welfare payments, Social Security or other government source? | Yes ✗ V.A. | No _____ |

If the answer is "yes" to any of the above, describe each source of money and state the amount received from each.

*VA. $16.00 per. mo. -$16.00 Social Security*

3.  Are you married?    Yes _____    No ✗

Spouse's Full Name: _____

Spouse's Place of Employment: _____

Spouse's Monthly Salary, Wages or Income:

Gross $_____    Net $_____

4.  a.  List amount you contribute to your spouse's support:

$ _____

    b.  List the persons other than your spouse who are dependent upon you for support and indicate how much you contribute toward their support:

_____

_____

5.  Do you own or are you buying a home?    Yes _____    No ✗

Estimated Market Value: $_____    Amount of Mortgage: $_____

6.  Do you own an automobile?    Yes _____    No ✗

Make _____    Year _____    Model _____

Is it financed? Yes _____ No _____ If so, Total due: $ _____

Monthly Payment: $ _____

7.  Do you have a bank account?  (If you are a prisoner, include funds in your prison account, and provide the certificate attached, signed by an officer of the prison.)

Yes _____  No  X____

Name(s) and address(es) of bank: _BANK OF REDWOODS. — ADMINSTRATION_

_DRIVE — SANTA ROSA, CA—_____

Present balance(s):  $ _____

Do you own any cash?  Yes _____  No  X____  Amount:  $ _____

Do you have any other assets?  (If "yes," provide a description of each asset and its estimated market value.)  Yes _____  No X____

_____

8.  What are your monthly expenses?

Rent:  $ _RENT  $200.00_____  Utilities: _____

Food:  $ _____  Clothing: _____

Charge Accounts:

| Name of Account | Monthly Payment | Total Owed On This Account |
|---|---|---|
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |

9.  Do you have any other debts?  (List current obligations, indicating amounts and to whom they are payable.)

_____

_____

I consent to prison officials withdrawing from my trust account and paying to the court the initial partial filing fee and all installment payments required by the court.

I declare under the penalty of perjury that the foregoing is true and correct and understand that a false statement herein may result in the dismissal of my claims.

_5/3/-02_                    _Hanron Tiemons Jr._
————————————          ————————————————————————
     DATE                      SIGNATURE OF APPLICANT

rev. 11/97                         4

Case Number:_____

## CERTIFICATE OF FUNDS

## IN

## PRISONER'S ACCOUNT

I certify that attached hereto is a true and correct copy of the prisoner's trust account statement showing transactions of

_____ for the last six months at
[prisoner name]

_____ where (s)he is confined.
[name of institution]

I further certify that the average deposits each month to this prisoner's account for the most recent 6-month period were $_____ and the average balance in the prisoner's account each month for the most recent 6-month period was $_____.

Dated:_____          _____
                               Authorized officer of the institution

rev. 11/97                    5

PAGE NO:    1

CALIFORNIA DEPARTMENT OF CORRECTIONS
CALIFORNIA MEDICAL FACILITY
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD NOV. 01, 2001 THRU JUN. 05, 2002

ACCOUNT NUMBER : P64862          BED/CELL NUMBER: MIN100000000134L
ACCOUNT NAME : TIEMENS, HERMAN,JR          ACCOUNT TYPE: I
PRIVILEGE GROUP: A

TRUST ACCOUNT ACTIVITY

* THIS STATEMENT DOES NOT REFLECT THE ADMINISTRATIVE FEE CHARGE THAT *
* IS EQUAL TO TEN PERCENT OF THE RESTITUTION AMOUNT COLLECTED.     *

<<NO ACCOUNT ACTIVITY FOR THIS PERIOD>>

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|---|---|---|---|---|---|
| 0.04 | 0.00 | 0.00 | 0.04 | 0.00 | 0.00 |

CURRENT
AVAILABLE
BALANCE
---------------
0.04
---------------

P.S. I Sorry For The Time Lost I'm Fixing It That

The Time In Getting This Good For You, I Hope You Except

My Apoligizm

Herman Tiemens Jr

# EXHIBIT 9

**FILED**

JUL - 2 2002

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HERMAN TIEMENS, JR.,                    )
                                        )
                Petitioner,             )        No. C 02-1925 CRB (PR)
                                        )
        v.                              )        ORDER
                                        )
ANNA RAMIREZ-PALMAR,                    )
                                        )
                Respondent.             )
_____ )

On April 19, 2002, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging an unspecified conviction from the Superior Court of the State of California in and for the County of Sonoma. The court notified petitioner in writing on that date that the action was deficient because he did not pay the requisite $5.00 filing fee or, instead, submit a signed and completed court-approved in forma pauperis application, including a signed and completed certificate of funds in the prisoner's account and a copy of the prisoner's trust account statement for the last six months. Petitioner was advised that failure to file the requested items within 30 days would result in dismissal of the action.

On May 31, 2002, the petition was dismissed without prejudice because "[m]ore than 40 days ha[d] elapsed . . . [and] petitioner ha[d] not filed the requisite items, or sought an extension of time to do so."

COPIES MAILED TO
PARTIES OF RECORD

1

2

3

4

5

6

7

8

9

10

11

     Petitioner now requests that court reopen this closed action because he now has obtained the requisite items. Petitioner's request is DENIED. Because the dismissal was without prejudice, however, petitioner is free to refile his petition as a new action as long as it is accompanied by either the requisite $5.00 filing fee or a signed and completed court-approved in forma pauperis application. Petitioner is advised that should he refile his petition, he must specify the state criminal conviction he wishes to challenge in federal court as well as the grounds/reasons why he claims the conviction is unconstitutional.

SO ORDERED.

DATED: July 02, 2002

CHARLES R. BREYER
United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 10

CLOSED, HABEAS, ProSe

# U.S. District Court
# California Northern District (San Francisco)
# CIVIL DOCKET FOR CASE #: 3:02-cv-01925-CRB

Tiemens v. Palmar
Assigned to: Hon. Charles R. Breyer
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 04/19/2002
Date Terminated: 05/31/2002
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: Federal Question

**Petitioner**

**Herman Tiemens, Jr.**                    represented by **Herman Tiemens, Jr.**
California Medical Facility
P-64862
P.O. Box 2000
Vacaville, CA 95696
PRO SE

V.

**Respondent**

**Anna Ramirez Palmar**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/19/2002 | 1 | PETITION for Writ of Habeas Corpus (). Filed by pro se Herman Tiemens Jr.. (mcl, ) (Entered: 04/25/2002) |
| 04/19/2002 | 2 | Letter from Clerk requesting a signed and completed in forma pauperis application or a filing fee of $5.00. (mcl, ) (Entered: 04/25/2002) |
| 04/19/2002 | 3 | MOTION for Leave to Proceed in forma pauperis filed by pro se Herman Tiemens Jr.. (mcl, ) (Entered: 04/25/2002) |
| 05/31/2002 | 4 | ORDER DISMISSING CASE by Judge Breyer : case dismissed without prejudice.Signed by Judge Charles R. Breyer on 5/31/2002. (mcl, ) (Entered: 05/31/2002) |
| 06/10/2002 | 5 | REQUEST *for in forma pauperis* by pro se Herman Tiemens Jr.. (mcl, ) (Entered: 06/11/2002) |
| 06/17/2002 | 6 | Letter *dated 6/13/2002* from Herman Tiemens Jr. re in forma pauperis application. (mcl, ) (Entered: 06/18/2002) |

| 07/02/2002 | 7 | ORDER by Judge Breyer : denying petitioner's request to reopen the case. Signed by Judge Charles R. Breyer on July 2, 2002. (mcl, ) (Entered: 07/03/2002) |
| 06/07/2007 | 8 | *** DOCUMENT STRICKEN. SEE 9 ORDER. *** REQUEST to proceed in forma pauperis by Herman Tiemens, Jr. (mcl, COURT STAFF) (Filed on 6/7/2007) Modified on 6/12/2007 (mcl, COURT STAFF). (Entered: 06/07/2007) |
| 06/11/2007 | 9 | ORDER to strike the petition and IFP application from this closed file and file them as a new habeas action under 28 U.S.C. 21§ 2254 (suite code 530). Signed by Judge Charles R. Breyer on 6/11/07. (Attachments: # 1 Certificate of Service)(be, COURT STAFF) (Filed on 6/11/2007) (Entered: 06/11/2007) |

### PACER Service Center

| Transaction Receipt | | | |
|---|---|---|---|
| 11/13/2007 09:16:20 | | | |
| PACER Login: | dj0082 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:02-cv-01925-CRB |
| Billable Pages: | 1 | Cost: | 0.08 |

# EXHIBIT 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HERMAN TIEMENS, JR.,                )
                                    )
                Petitioner,         )          No. C 02-1925 CRB (PR)
                                    )
         v.                         )          ORDER
                                    )
ANNA RAMIREZ-PALMAR,                )          (Doc # 8)
                                    )
                Respondent.         )
_____     )

        On April 19, 2002, petitioner filed a petition for a writ of habeas corpus

under 28 U.S.C. § 2254 challenging an unspecified conviction from the Superior

Court of the State of California in and for the County of Sonoma.  The court

notified petitioner in writing on that date that the action was deficient because he

did not pay the requisite $5.00 filing fee or, instead, submit a signed and

completed court-approved in forma pauperis ("IFP") application.  Petitioner was

advised that failure to file the requested items within 30 days would result in

dismissal of the action.

        On May 31, 2002, the petition was dismissed without prejudice because

"[m]ore than 40 days ha[d] elapsed . . . [and] petitioner ha[d] not filed the requisite

items, or sought an extension of time to do so."

1   Petitioner moved to reopen the closed file on the ground that he had finally

2   obtained the requisite items. On July 2, 2002, the court denied petitioner's request,

3   but explained: Because the dismissal was without prejudice, "petitioner is free to

4   refile his petition as a new action as long as it is accompanied by either the

5   requisite $5.00 filing fee or a signed and completed court-approved [IFP]

6   application. Petitioner is advised that should he refile his petition, he must specify

7   the state criminal conviction he wishes to challenge in federal court as well as the

8   grounds/reasons why he claims the conviction is unconstitutional."

9   Nearly five years later, petitioner has submitted for filing in this closed file

10   a new petition for a writ of habeas corpus accompanied by a signed and completed

11   court-approved IFP application. The clerk is instructed to STRIKE the petition

12   and IFP application from this closed file (doc # 8) and file them as a new habeas

13   action under 28 U.S.C. § 2254 (suit code 530).

14   SO ORDERED.

15   DATED: June 11, 2007

16   CHARLES R. BREYER
    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Herman Tiemens, Jr. v. Anthony Kane**

No.:    **C 07-3122 CRB (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>December 5, 2007</u>, I served the attached   MOTION TO DISMISS   by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

Herman Tiemens, Jr.
P64862
California Medical Facility
P.O. Box 2000
Vacaville, CA  95696

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on December 5, 2007, at San Francisco, California.

| Carmelita F. Limaco | /s/ |
|---|---|
| Declarant | Signature |

40193906.wpd