EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
LAURENCE K. SULLIVAN
Supervising Deputy Attorney General
State Bar No. 72857
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5849
  Fax: (415) 703-1234
  Email: larry.sullivan@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HERMAN TIEMENS, JR.,<br><br>                Petitioner,<br><br>v.<br><br>ANTHONY KANE, Acting Warden,<br><br>                Respondent. | C 07-3122 CRB (PR)<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY**<br><br>Hearing: None |

## REPLY

### THE PETITION MUST BE DISMISSED AS UNTIMELY

Petitioner fails to establish the timeliness of his federal petition. Therefore, the petition must be dismissed.

**A.   28 U.S.C. § 2244(d)(1)(B) Does Not Apply.**

Respondent has demonstrated that the statute of limitations began to run on January 23, 2003. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner indicates he was on suicide watch in a locked unit of prison by January 22, 2002, with no access to other parts of the prison to do legal work. (Opp .6-7.) Petitioner apparently means to argue that the one-year limitations period commenced only after he was out of the locked unit.

First, the limitations period is delayed under § 2244(d)(1)(B) only by an impediment that actually prevents the timely filing of a federal petition. *Bryant v. Arizona Atty. Gen*, 499 F.3d 1056, 1060 (9th Cir. 2007) (refusing delayed commencement of statute as no causal connection existed between the unavailability of case law in the prison library and the untimeliness of habeas petition). Petitioner shows no impediment meeting this requirement. Simply put, he fails to explain why he could file the federal habeas pleadings he did seriatim during the one-year limitations period following the finality of his state judgment, yet could not file those pleadings in a timely manner within that same period. He signed a federal habeas petition on April 3, 2002 that was filed in this Court in April 2002 as *Tiemens v. Ramirez-Palmar*, No. C 02-1925 CRB (PR) (N.D. Cal. filed April 19, 2002). (Ex. 5.) Only after the petition had been dismissed for failure to respond to the Court's order to supply the information needed to perfect an IFP filing, petitioner sent an IFP form to the Court in June 2002. (Ex. 8.) The Court informed petitioner that he was free to file a new petition with an IFP application but it would not reopen the dismissed case. (Ex. 9.) It is apparent that even if petitioner had restricted access to the library, it had not prevented him from filing a federal petition attacking the judgment within one year of the finality of the judgment. Therefore, a delay of the one-year period under § 2244(d)(1)(B) would not be justified. *See Bryant v. Arizona Atty. Gen*, 499 F.3d at 1060.

Second, it is wholly inadequate for petitioner to claim as an impediment to filing his federal petition throughout that entire period that he had been placed under watch for psychological problems because he cut his wrists in prison as an attention getting device after guards paid no attention to his claim he was having a heart attack. (Op. at p. 7.) An inmate's confinement in a locked unit for a suicide attempt with the attendant restrictions on going unaccompanied about the prison is, obviously, not an unlawful deprivation of access to the courts. Petitioner's general allegations about having a restricted form of library access while under a suicide watch does not establish "State action in violation of the Constitution or laws of the United States" that is necessary for delayed commencement of the limitations period under § 2244(d)(1)(B). *See Lawrence v. Florida. See*, 421 F.3d 1221, 1226 (11th Cir.2005), *aff'd*, __ U.S. __, 127 S. Ct. 1079, 166 L. Ed.2d 924 (2007) (stating that incompetent state-provided counsel "is not the type of State impediment

1  envisioned in § 2244(d)(1) (B)").

2      Finally, petitioner does not suggest any variations in the conditions in the locked unit regarding
3  library access, only that it takes three to six weeks to get an IFP form and that locked unit prisoners
4  must be escorted to other areas of the prison. (Opp. at p. 7.) As just discussed, petitioner was able
5  to procure an IFP form within such time during 2002. All that remained was for him to copy his
6  earlier federal filings with an identification of the challenged state judgment before mailing the
7  forms again to this Court. Since he actually had acquired the needed forms once already during the
8  first half of 2002, it is apparent he had ample time to prepare and file a timely petition during the
9  one-year period which did not elapse until substantially later in 2003. The requisite connection does
10 not appear between his access to the prison library and his years of delay in filing the instant federal
11 petition. *Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005), *as amended*, 447 F.3d 1165 (9th
12 Cir.2006) (holding insufficient accessibility of state prison law library not state-created impediment
13 for petitioner with unchanging disability who was able to file state habeas petitions both before and
14 after limitations period)

15 **B.  Relation Back Does Not Apply.**

16     Petitioner argues that the instant federal petition relates back to his earlier dismissed petition.
17 (Opp. at p. 7). A federal habeas petition cannot relate back to a properly dismissed prior petition.
18 *See Raspberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006). Petitioner makes no showing that
19 his earlier petition was erroneously dismissed. Accordingly, relation back does not apply. *Id.*

20     Based on that conclusion, it is unnecessary to decide petitioner's argument that he consistently
21 has claimed the same "times and types of operative facts" since he first went to state court. (Opp.
22 at p. 7.) Regardless, these operative facts do not appear in his current federal petition. And since
23 he filed no state post-conviction petitions, he cannot amend the current federal petition to allege
24 them without rendering the instant petition unexhausted. Moreover, any belated incorporation of
25 those facts into the current petition would not alter the reality that his earlier dismissed federal
26 petition did not plead those facts either. Accordingly, no basis exists on which to find the necessary
27 "common core of operative facts" between the two petitions. *Mayle v. Felix*, 545 U.S. 644, 661
28 (2005) (noting that Habeas Corpus Rule 2(c) requires the applicant to specify all grounds for relief

Reply to Opposition to Motion To Dismiss Petition For Writ of Habeas Corpus, *Tiemens v. Kane*  - C 07-3122 CRB (PR)

and state the facts supporting each ground, and stating that "[e]ach separate congeries of facts supporting the grounds for relief, the Rule suggests, would delineate an "occurrence."); *id.* at 664; *see Jackson v. Roe*, 425 F.3d 654, 660 n.8 (9th Cir.2005).

### C. There Is No Basis For Statutory Tolling

Petitioner argues statutory tolling applies. He refers only to the proceedings on direct appeal, not to state post-conviction applications. (Opp. at p. 8.) Therefore, statutory tolling does not apply.

### D. There Is No Basis For Equitable Tolling

As discussed, the requisite causal connection does not exist between petitioner's access to the law library and his delay in filing the instant petition. Accordingly, he fails to show any extraordinary circumstance was the cause of his untimeliness. *Bryant v. Arizona Atty. Gen.*, 499 F.3d at 1061.

To the extent petitioner may be understood to claim a disability led to his confinement on a suicide watch, no equitable tolling applies since petitioner actually did file a federal petition while under such watch. *See Gaston v. Palmer*, 417 F.3d at 1034 (physical and mental disabilities did not constitute "extraordinary circumstances" to support equitable tolling because they did not prevent prisoner from meeting other filing deadlines); *Laws v. Lamarque*, 351 F.3d 919, 922-23 (9th Cir. 2003) (stating that equitable tolling is available only where a petitioner's alleged mental incompetence somehow made a timely habeas petition impossible); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (stating petitioner's burden is to show "extraordinary circumstances" he has identified were the proximate cause of untimeliness, rather than merely a lack of diligence).

Nor has petitioner established due diligence. Petitioner evidently filed the instant petition after being placed back in the general prison population. That he formerly was housed in a watch environment where he had been monitored by medical staff does nothing to establish that petitioner actively pursued federal claims to his conviction throughout the period of that confinement. Indeed, the record reflects petitioner's neglect of such claims after mid-2002. Therefore, the federal habeas petition is untimely under AEDPA and should be dismissed under 28 U.S.C. § 2244(d). *See Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003).

**CONCLUSION**

Accordingly, respondent respectfully requests that the Petition for Writ of Habeas Corpus be dismissed as untimely.

Dated: January 23, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/S/

LAURENCE K. SULLIVAN
Supervising Deputy Attorney General

Attorneys for Respondent

SF2007403019
LKS/cfl

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Herman Tiemens, Jr. v. Anthony Kane*

No.:   **C 07-3122 CRB (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On January 23, 2008, I served the attached **REPLY TO OPPOSITION TO MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Herman Tiemens, Jr.
P64862
**California Medical Facility**
M-231-L
P.O. Box 2000
Vacaville, CA 95696

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 23, 2008, at San Francisco, California.

|                      |                      |
| -------------------- | -------------------- |
| M. Otanes            | /s/                  |
| Declarant            | Signature            |

40209225.wpd