FILED

FEB -7 PM 1: 13

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In The United State District Court

Northern District of Calif.

Herman Tiemens Sr.

Petitioner

v.

Anthony Kane, Acting Warden

Respondent

No. C-07-322-CRB-(PR)

Motion = Supplement to opposition

Petitioner Herman Tiemens Sr. begs of the Honorable court, to except these pages as part of the original 3 pages He sent in on His opposition. As He Has no access to the Law Library during 12-8, 12-15, 12-22 or 12-27 due to no passes issued to him. He Has filed all legal papers as a Follow up on the process of getting legal access again to the Law Library. If need be, He will get a letter from the prop. author to place His difference in doing so. A court extension was applied for on Dec. 15, and sent in to the appropriate parties. By time that is up I'll have the legal computer work done on the case. Which I'll send in then as AN additional supplemental to my opposition. Being I had to get something in to the court, I send these papers in advance of the final ones.

Dated -2-2-08

Signed - Herman Tiemens Sr.

Herman Tiemens Sr.

2

For The United States District Court

Northern District of California

San Francisco Division

HERMAN TIENCOS JR.
Petitioner

v.

ANTHONY KANE, Acting Warden,
Respondent

No. C07-3122 CRB (PR)

Motion - Reply to dismiss opposition
and Habeas Corpus as untimely
not to Dismiss

Petitioner, Herman Tiencos JR. accepted from the Honorable Court, a 30 Day Extension to complete his opposition yet Attorney General has failed to read motion to opposition scat to him, which he knows that the 9th Circuit Court Taylor v. List (1988) 880 F.2d 1040, at p.1047 - AN in accurated Defendant cannot monnefolly exercise this right without access to Books such as Law Books permits Petitioner this right, so Petitioner had applied for 77 new cons saatfof. These following papers are as promised copor in my supplament to my opposition, after going to the law library for a total of 9 Hours each. Petitioner feels he has a right to have it inclosed in His opposition now as he still has 4 days left to mail it out.

Date - 2-1-08

Signed - Herman Tiencos JR.
Herman Tiencos Jr.

/

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  LAURENCE K. SULLIVAN
   Supervising Deputy Attorney General
6  State Bar No. 72857
   455 Golden Gate Avenue, Suite 11000
7  San Francisco, CA 94102-7004
   Telephone: (415) 703-5849
8  Fax: (415) 703-1234
   Email: larry.sullivan@doj.ca.gov
9  Attorneys for Respondent

10          IN THE UNITED STATES DISTRICT COURT

11         FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13  **HERMAN TIEMENS, JR.,**                     C 07-3122 CRB (PR)

14                          Petitioner,     **REPLY TO OPPOSITION TO
                                            MOTION TO DISMISS PETITION
15            v.                            FOR WRIT OF HABEAS CORPUS
                                            AS UNTIMELY**
16  **ANTHONY KANE, Acting Warden,**
                                            Hearing: None
17                          Respondent.

18

19                          **REPLY**

20       **THE PETITION MUST BE DISMISSED AS UNTIMELY**

21       Petitioner fails to establish the timeliness of his federal petition. Therefore, the petition must

22  be dismissed.

23  **A.   28 U.S.C. § 2244(d)(1)(B) Does Not Apply.**

24       Respondent has demonstrated that the statute of limitations began to run on January 23, 2003.

25  *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner indicates he was on suicide watch in a locked unit of

26  prison by January 22, 2002, with no access to other parts of the prison to do legal work. (Opp .6-7.)

27  Petitioner apparently means to argue that the one-year limitations period commenced only after he

28  was out of the locked unit.

1    First, the limitations period is delayed under § 2244(d)(1)(B) only by an impediment that
2  actually prevents the timely filing of a federal petition. *Bryant v. Arizona Atty. Gen*, 499 F.3d 1056,
3  1060 (9th Cir. 2007) (refusing delayed commencement of statute as no causal connection existed
4  between the unavailability of case law in the prison library and the untimeliness of habeas petition).
5  Petitioner shows no impediment meeting this requirement. Simply put, he fails to explain why he
6  could file the federal habeas pleadings he did seriatim during the one-year limitations period
7  following the finality of his state judgment, yet could not file those pleadings in a timely manner
8  within that same period. He signed a federal habeas petition on April 3, 2002 that was filed in this
9  Court in April 2002 as *Tiemens v. Ramirez-Palmar*, No. C 02-1925 CRB (PR) (N.D. Cal. filed April
10  19, 2002). (Ex. 5.)  Only after the petition had been dismissed for failure to respond to the Court's
11  order to supply the information needed to perfect an IFP filing, petitioner sent an IFP form to the
12  Court in June 2002. (Ex. 8.)  The Court informed petitioner that he was free to file a new petition
13  with an IFP application but it would not reopen the dismissed case. (Ex. 9.)  It is apparent that even
14  if petitioner had restricted access to the library, it had not prevented him from filing a federal
15  petition attacking the judgment within one year of the finality of the judgment. Therefore, a delay
16  of the one-year period under § 2244(d)(1)(B) would not be justified. *See Bryant v. Arizona Atty.*
17  *Gen*, 499 F.3d at 1060.

18    Second, it is wholly inadequate for petitioner to claim as an impediment to filing his federal
19  petition throughout that entire period that he had been placed under watch for psychological
20  problems because he cut his wrists in prison as an attention getting device after guards paid no
21  attention to his claim he was having a heart attack. (Op. at p. 7.)  An inmate's confinement in a
22  locked unit for a suicide attempt with the attendant restrictions on going unaccompanied about the
23  prison is, obviously, not an unlawful deprivation of access to the courts.  Petitioner's general
24  allegations about having a restricted form of library access while under a suicide watch does not
25  establish "State action in violation of the Constitution or laws of the United States" that is necessary
26  for delayed commencement of the limitations period under § 2244(d)(1)(B). *See Lawrence v.*
27  *Florida. See*, 421 F.3d 1221, 1226 (11th Cir.2005), *aff'd*, __ U.S. __, 127 S. Ct. 1079, 166 L. Ed.2d
28  924 (2007) (stating that incompetent state-provided counsel "is not the type of State impediment

Reply to Opposition to Motion To Dismiss Petition For Writ of Habeas Corpus, *Tiemens v. Kane* - C 07-3122 CRB (PR)

2

1 | envisioned in § 2244(d)(1) (B)").

2 |     Finally, petitioner does not suggest any variations in the conditions in the locked unit regarding
3 | library access, only that it takes three to six weeks to get an IFP form and that locked unit prisoners
4 | must be escorted to other areas of the prison. (Opp. at p. 7.) As just discussed, petitioner was able
5 | to procure an IFP form within such time during 2002. All that remained was for him to copy his
6 | earlier federal filings with an identification of the challenged state judgment before mailing the
7 | forms again to this Court. Since he actually had acquired the needed forms once already during the
8 | first half of 2002, it is apparent he had ample time to prepare and file a timely petition during the
9 | one-year period which did not elapse until substantially later in 2003. The requisite connection does
10 | not appear between his access to the prison library and his years of delay in filing the instant federal
11 | petition. *Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005), *as amended*, 447 F.3d 1165 (9th
12 | Cir.2006) (holding insufficient accessibility of state prison law library not state-created impediment
13 | for petitioner with unchanging disability who was able to file state habeas petitions both before and
14 | after limitations period)

15 | **B.  Relation Back Does Not Apply.**

16 |     Petitioner argues that the instant federal petition relates back to his earlier dismissed petition.
17 | (Opp. at p. 7). A federal habeas petition cannot relate back to a properly dismissed prior petition.
18 | *See Raspberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006). Petitioner makes no showing that
19 | his earlier petition was erroneously dismissed. Accordingly, relation back does not apply. *Id.*

20 |     Based on that conclusion, it is unnecessary to decide petitioner's argument that he consistently
21 | has claimed the same "times and types of operative facts" since he first went to state court. (Opp.
22 | at p. 7.) Regardless, these operative facts do not appear in his current federal petition. And since
23 | he filed no state post-conviction petitions, he cannot amend the current federal petition to allege
24 | them without rendering the instant petition unexhausted. Moreover, any belated incorporation of
25 | those facts into the current petition would not alter the reality that his earlier dismissed federal
26 | petition did not plead those facts either. Accordingly, no basis exists on which to find the necessary
27 | "common core of operative facts" between the two petitions. *Mayle v. Felix*, 545 U.S. 644, 661
28 | (2005) (noting that Habeas Corpus Rule 2(c) requires the applicant to specify all grounds for relief

1    and state the facts supporting each ground, and stating that "[e]ach separate congeries of facts
2    supporting the grounds for relief, the Rule suggests, would delineate an "occurrence."); *id.* at 664;
3    *see Jackson v. Roe*, 425 F.3d 654, 660 n.8 (9th Cir.2005).

4    **C.    There Is No Basis For Statutory Tolling**

5        Petitioner argues statutory tolling applies. He refers only to the proceedings on direct appeal,
6    not to state post-conviction applications. (Opp. at p. 8.) Therefore, statutory tolling does not apply.

7    **D.    There Is No Basis For Equitable Tolling**

8        As discussed, the requisite causal connection does not exist between petitioner's access to the
9    law library and his delay in filing the instant petition. Accordingly, he fails to show any
10   extraordinary circumstance was the cause of his untimeliness. *Bryant v. Arizona Atty. Gen.*, 499
11   F.3d at 1061.

12       To the extent petitioner may be understood to claim a disability led to his confinement on a
13   suicide watch, no equitable tolling applies since petitioner actually did file a federal petition while
14   under such watch. *See Gaston v. Palmer*, 417 F.3d at 1034 (physical and mental disabilities did not
15   constitute "extraordinary circumstances" to support equitable tolling because they did not prevent
16   prisoner from meeting other filing deadlines); *Laws v. Lamarque*, 351 F.3d 919, 922-23 (9th Cir.
17   2003) (stating that equitable tolling is available only where a petitioner's alleged mental
18   incompetence somehow made a timely habeas petition impossible); *Spitsyn v. Moore*, 345 F.3d 796,
19   799 (9th Cir. 2003) (stating petitioner's burden is to show "extraordinary circumstances" he has
20   identified were the proximate cause of untimeliness, rather than merely a lack of diligence).

21       Nor has petitioner established due diligence. Petitioner evidently filed the instant petition after
22   being placed back in the general prison population. That he formerly was housed in a watch
23   environment where he had been monitored by medical staff does nothing to establish that petitioner
24   actively pursued federal claims to his conviction throughout the period of that confinement. Indeed,
25   the record reflects petitioner's neglect of such claims after mid-2002. Therefore, the federal habeas
26   petition is untimely under AEDPA and should be dismissed under 28 U.S.C. § 2244(d). *See*
27   *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003).

28

1

**CONCLUSION**

2       Accordingly, respondent respectfully requests that the Petition for Writ of Habeas Corpus be

3   dismissed as untimely.

4       Dated: January 23, 2008

5                                       Respectfully submitted,

6                                       EDMUND G. BROWN JR.
                                        Attorney General of the State of California

7                                       DANE R. GILLETTE
                                        Chief Assistant Attorney General
8
                                        GERALD A. ENGLER
9                                       Senior Assistant Attorney General

                                        PEGGY S. RUFFRA
10                                      Supervising Deputy Attorney General

11                                      /S/

12
                                        LAURENCE K. SULLIVAN
13                                      Supervising Deputy Attorney General

                                        Attorneys for Respondent
14
    SF2007403019
15  LKS/cfl

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    *Herman Tiemens, Jr. v. Anthony Kane*

No.:    **C 07-3122 CRB (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On January 23, 2008, I served the attached **REPLY TO OPPOSITION TO MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Herman Tiemens, Jr.**
**P64862**
**California Medical Facility**
**M-231-L**
**P.O. Box 2000**
**Vacaville, CA 95696**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 23, 2008, at San Francisco, California.

|  |  |
|---|---|
| M. Otanes | |
| Declarant | Signature |

40209225.wpd

# EXHIBIT 3

PETITIONER BEGS OF THE HONROBLE COURT TO PLEAE UNDERSTAND THE following prableus PETITIONER HAS IN THE PRISON SYSTEM.

IN 2000, PETITIONER WAS A FIRST TIME INMATE TO THE SYSTEM. WHEN HE FIRST HAD CONTACT WITH THE COURT HE WAS NOT TOLD HE COULD NOT GO TO THE LIBRARY, BUT THAT THEY "DIDN'T HAVE THE MAN POWER" TO SIT ON PETITIONER, WHILE PETITIONER WAS DOWN THERE. MY CASE WAS STILL WITH IN A REASONABLE TIME TO FILE, AND AS LONG AS THERE IS A CHANGE THAT PETITIONER (OR OTHER INMATES) CAN SUCCESSFULY DEFEND THERE CASE. THERE IS AN UNWRITTEN LAW, THAT INMATES WHO ARE FILING OR FIGHTING THERE CHARGES, NOT BE ALLOWED TO GO TO THE LAW LIBRARY.

SO WHEN PETITIONER FILED IN 2000, PETITIONER GOT TO THE LIBRARY JUST ONE TIME, THAT WAS TO PICK UP HIS LEGAL PAPERS SO HE COULD FILE, THATS WHEN THE TROUBLES STARTED. BY TIME PETITIONER GOT TO THE LIBRARY, THE COURT HAD DISMISSED HIS CASE ALREADY, BECAUSE THE "INFORMA PAPAUS" PAPERS TOOK 3½ WEEK TO GET. ONCE IT WAS KNOWN I WAS WORKING TO GET MY CASE OVER TURNED, THE TROUBLES STARTED. FROM THEN ON, LIVING ON THE NANCY I (PIC LOCK UP) UNIT, I WAS TOLD, THEY DIDN'T HAVE THE MAN POWER TO DRIVE PETITIONER DOWN THERE TO THE LIBRARY- <u>FIRST TURNED DOWN FOR LIBRARY</u>

ONCE PETITIONER GOT MOVED TO A NEW UNIT, PETITIONER WAS ABLE TO START GOING TO THE LIBRARY, BUT STOPED SOON THERE AFTER, AS PETITIONER END UP WITH COLLAPED BY PASSES IN QUEEN OF THE VALLY HOSPITAL FOR 16 DAYS. STRUGGLE. ONCE HE GET BACK AND STARTED GOING TO THE LIBRARY, EVERY THING WAS FINE UNTILL HE FILED A CASE WITH THE V.E. G.C.B. (VICTIMS COMPLAINT, GOVERNMENT CONTROL BOARD) I T START TO ALL

OVER AGAIN. AND I HAD TO GO THROUGH THE 602 PROCESS (RULES VIOLATIONS) TO GET IT STRAIGHTENED OUT, BY TIME PETITIONER GOT IT STRAIGHTENED OUT, 1 MONTH HAD PAST AGAIN, FOR A SECOND TIME, I LOST THE LIBRARY PASSES.

Now THAT I AGAIN HAVE STARTED FILING MY CASE AGAIN, JUNE 12th, 2007, EVERY THING WAS FINE, TILL THE CASE WAS TURNED OVER TO THE ATTORNEY GENERALS OFFICE ON THE 5th OF DECEMBER, THE ATTORNEY GENERAL SENT HIS PAPERS TO THE COURTS AND TO THE PETITIONER. IN THAT WEEK, BEFORE THE 12-8-07 DATE FOR MY LIBRARY, THE LIBRARY AND DUCAT OFFICE HAD BEEN INFORMED ON THE 5th OF DECEMBER, THAT MY CASE WAS GRANTED, SO PETITIONER DIDN'T GET A DUCAT ON 12-8-07. AFTER 2 YEARS OF SUCCESSFILL, GOING TO THE LIBRARY, WITHOUT LOSING ONE WEEK END TO THIS CLAIM. ON 12-8-07 I'P STARTED AGAIN AS THEY KNEW PETITIONER HAD FILED A CASE IN COURT, AS PETITIONER GOT NO PASS TO THE LIBRARY FOR THE WEEK OF 12-8 AND 12-9-07. ON 12-15-07 THEY SENT A DUCAT, BUT THERE WAS NO LIBRARIAN; SO PETITIONER STILL GOT NO LIBRARY. AND THERE WAS NO DUCAT FOR 12-16-07. OR 12-22-07 AND 12-23-07 I GOT NO PASSES TO THE LIBRARY EITHER. THIS WAS THE THIRD TIME I GET CHEATED OUT OF THE LIBRARY. ON 12-29-07 AND 12-30-07 I GOT NO DUCATS EITHER, AND THAT WAS EVEN AFTER MY P/SYC. DOCTOR HAD MADE 2 CALLS TO THE LIBRARY TO GET ME IN TO THE LIBRARY.

ON JANUARY 5th, MY LAST DAY TO SCRUIN MY OPPOSITION I GOT BACK INTO THE LIBRARY. SO I HAD A TOTAL OF ONE DAY TO WORK ON MY CASE, OR A TOTAL OF 2 HOURS. IN TIME TO MAIL A HIS ORIGINAL OPPOSITION TO THE COURTS AND THE ATTORNEY GENERAL. ON 1-6-08 NO DUCATS, ON 1-12-08 A PASS WAS ATTAINED AGAIN AS THEY THOUGHT MY CASE WAS DONE. THEN I GET THE COURT EXTENSION, NOW SHOULD IT GET THE LIBRARIN, TO GET

priority ducats to the library on 1-13-08 nopass on 1-19-08 and 1-20-08, no passes where issued again no way deadline was explained, for a fourth time. Now take they know all this, petitioner is not getting his passes for the library again, tell me it ain't a power thing. As it only happens when inmate gets a deadline, and they know I have to have the rest of the opposition done by 2-8-08.

As you can see by the pattern every time petitioner tries to work with the court, petitioner was driven from the law library just like he was in 2002 to 2007 or when petitioner files this case.

Accordingly to the title 15, state of California, California code of regulations, Article 3 #3120 and 3122, They have to furnish petitioner with the law library. But even though petitioner has written down the following Rules, so required can read them, there nothing stating, How often, they have to let me go to the library or what excuse they can use to stop petitioner from going.

Right now, petitioner has 3-602s (violations) on appeal. 1-for the ducat office (pass office) 1-for the library, 1-for the librarian, in hopes of solving the problems. Petitioner has also filed a 602 against the officer who was in charge during petitioners first 5½ years incarceration a PCMF. As he was the one in charge when petitioner was told, "He can't go to the library".

Petitioner begs of the honorable court to take this into consideration when figuring out what to do with petitioners messed up, disorganized opposition. Sorry but petitioner has no chance to use the book on court farm, so I did not get a better chance to organize.

6

# EXHIBIT 4

EXHIBIT - 4

California code of Regulations
Title "15" = Crime Prevention and Corrections
Division 3
Department of Corrections and Rehabilitations
CHAPTER 1
Adult Operation and Regulations
Updated through June 12, 2006
Table of contents
Article #3
Library = Page 64 = # 3122 (a) Inmate Law Library
        An inmate in a facility without a Law Library and
Requesting Acess to such Resources shall be Transfered to a
Facility with a Law Library of Departmental Choosing for
The period of Time needed to complete Legal work.
Note = Authority cited= Section 5058, Penal code Reference
Section 5054, Penal code; Gilmore v. Lynch, 319 F. Supp.
105 (1970); Toussaint v. McCarthy, 801 F. 2d 1080
(9th Cir. 1986) Toussaint v. McCarthy USDC N.D. CAL.
NO. C-73-1422, Saw First special Report of the Monitor,
August 19, 1987, and Toussaint v. Rou Haap, US DC N.D. CAL.
C-73-1422, Saw Second special Report to The Monitor
June 30, 1988.
#3120 = Library = Each warden shall ensure a Library,
Law Library and Related Services are maintained for the
Benefit of all inmates in their facility, Includeive Those
Inmates confined to Segregation Housing units. A Library
Access schedule shall be approved by the warden and
posted throughout the facility.

8

TITLE 15
    ARTICLE 2
        #3405 — Employees Most Not Assist an inmate
or parolee in the preparation of any legal documents, or
any form of legal advice or service except as specificaly
authorized by the warden, superintendent or regional adminis-
trator. Employees should help inmates and parolees to
find qualified assistance for their legal problems.
Comment: Former DR. 5216, Petition and writs

9

THE DEFENDANT ASSERTS THAT THE GOVERNMENT AT TIMES MADE SEVERAL IMPROPER COMMENTS DURING CLOSING ARGUMENTS WHICH VIOLATED DEFENDANTS RIGHT TO A FAIR TRIAL. WHEN ANALIZING CHARGES OF PROSECUTORIAL MISCONDUCT, WE ARE GUIDED BY JUSTICE SUTHERLANDS TIMELESS STATEMENT IN A BERGER V. UNITED STATES, 295 U.S. 78, 55 S.CT. 629, 79 Ed. 2d 1314 (1935) THAT A UNITED STATES ATTORNEY "MAY STRIKE A HARD BLOW" IN THE COURSE OF A PROSECUTION, BUT "IS NOT AT LIBERTY TO STRIKE FOUL ONES". IB. AT 88 & 55 S.CT. 633

CIRCUMSTANTIAL EVIDENCE = BASED ON INFERENCE, NOT ON PERSONAL KNOWLEDGE OR OBSERVATION,

PROPENSITY = NATURAL INCLINATION OR TENDENCY, FAVORABLE DISPOSSITION.

MISCARRIAGE OF JUSTICE = A GROSSLY UNFAIR OUTCOME IN A JUDICIAL PROCEEDING, AS WHEN A DEFENDANT IS CONVICTED DESPITE A LACK OF EVIDENCE ON AN ESSENTIAL ELEMENT OF THE CRIME. (ALSO SEE) FAILURE OF JUSTICE, REFERS BACK HERE.

INSUFFICIENT EVIDENCE = EVIDENCE THAT IS INADEQUATE TO PROVE SOMETHING, SO THAT NO PRESUMPTION - EVEN A CONDITIONAL ONE - IS RAISED.

OBSTRUCTION OF JUSTICE = INTERFERENCE WITH THE ORDERLY ADMINISTRATION OF LAW AND JUSTICE, AS BY GIVING FALSE INFORMATION TO OR WITHHOLDING EVIDENCE FROM POLICE OFFICER OR PROSECUTOR OR BY HARMING OR INTIMIDATING A OR JURY, IS A CRIME IN MOST JURISDICTIONS

10

BLACKS LAW DICTIONARY

SUPPRESSIO VERI — THE WHOLE CASE IS SUPPRESSION OR CONCEALMENT OF THE TRUTH.

SUPPRESSIO VERI — SUPPRESSIO FALSSIO = SUPPRESSION OF THE TRUTH IS EQUIVALENT TO THE EXPRESSION OF WHAT IS FALSE

INFER = TO CONCLUDE FROM FACTS OR FROM ACTUAL REASONING TO DRAW A CONCLUSION OF INFERENCE WITHOUT SOLID PROOF

HEAR-SAY = WHAT OTHERS HAVE SAID-CREDIBILITY OF WITNESS

EVIDENCE RULE = A CODIFIED SET OF STATUTORY PROVISIONS GOVERNING THE ADMINISTRATION OF EVIDENCE AND THE BURDEN OF PROOF AT HEARING OR TRIALS.

TAINTED EVIDENCE = INADMISSABLE BECAUSE IT WAS NOT CHECK OUT PROPERLY TO START WITH

INDIRECT CONFESSION = WAS INFERRED FROM DEFENDANTS ACTIONS AFTER OPEN HEART SURGERY, NEAR HEART ATTACK OR STROKE.

NAKE CONFESSION = UNSUPPORTED BY ANY EVIDENCE THAT A CRIME HAS REALLY BEEN COMMITTED, IS IN ITSELF SUSPECT BECAUSE IT WAS TESTIFIED TO BY NOTHING AT THE TIME OF CRIME

ORAL CONFESSION = PRACTICAL MATTER, POLICE PREFER WRITTEN OR RECORDED INFORMATION. TRIED TO SCRICTLY REGARD MY CONVERSATION WITH P.O. WITH OUT MY KNOWLEDGE.

WIRE TAPPING = EVESDROPING USU. FEDERAL LAW AND STATE PROTECTION LAWS, MUST HAVE BEEN COURT ORDERED, I DON'T BELIEVE THEY DID.

COFRONTATIONS = TO CONFRON YOUR ACCUSSING WITNESS

ALTERCATION = A VEHEMENT DISPUTE. A NOISY ARGUMENT.

//

AMENDMENT #4 — SEIZURES, SEARCHES & WARRENS
    UUREASONABLE SEARCHES AND SEIZURES

AMENDMENT #5 — CRIMINAL PROCEDURES AND CONDEMNATIONS OF PROPERTY
. A WITNESS AGAINST HIMSELF; NOR BE DEPRIVED OF LIFE; LIBERTY;
OR PROPERTY; WITHOUT DUE PROCESS OF THE LAW; NOR SHALL
PRIVATE PROPERTY BE TAKEN FOR PUBLIC USE WITHOUT COMPENSATION.

AMENDMENT #6 — MODE OF TRIAL, IN CRIMINAL PROCEEDINGS
    BY AN IMPARTIAL JURY OF THE STATE AND DISTRICT WHEREIN
THE CRIME SHALL HAVE BEEN COMMITTED; TO BE CONFRONTED WITH THE
WITNESS AGAINST AGAINST HIM; TO HAVE COMPULSORY PROCESS FOR
OBTAINING WITNESS IN HIS FAVOR; AND TO HAVE THE ASSISTANCE
OF COUNSEL FOR HIS DEFENSE.

AMENDMENT #8 — BAILS — FINES — PUNISHMENTS
    EXCESSIVE BAIL SHALL NOT BE REQUIRED, NOR EXCESSIVE
FINES IMPOSED, NOR CRUEL AND UNUSUAL PUNISHMENT INFLICTED

AMENDMENT #14 — CITIZENSHIP REPRESENTATIVE, AND PAYMENT OF PUBLIC DEBT.
NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY,
OR PROPERTY, WITHOUT DUE PROCESS OF LAW; NOR DENY TO ANY PERSON
WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF THE LAWS


UNIVERSAL DECLARATION OF HUMAN RIGHTS
    ARTICLES # 6, 7, 8, 9, 10, 11, 12, 18, 19, 4.

12

CONSTITUTION OF THE UNITED STATES OF AMERICA

AMENDMENTS  4,5,6,8,9,14

4= RIGHT OF THE PEOPLE TO BE SECURE IN THERE PERSON  houses,papers, and effects, against unreasonable searches and searches and seizures shall not be violated—and no warrents shall issue, but upon provable cause support by oath or  affirmation and particulary describing the place to be searched and the person to be searched,or to be seized.

5= NO PERSON BE HELD TO ANSWER FOR A CAPITOL OR OTHER  WISE INFAMOUS CROME, UNLESS ON A PRESENTMENT OF A GRAND JURY          EXCEPT  IN A CASES ARISING IN LAND OR NAVAL FORCES OR IN THE MILITIA, WHEN IN ACTUAL SERVICE IN TIME OF WAR OR PUBLIC DANGER,   NOR SHALL ANY PERSON BE SUBJECT FOR THE SAME OFFENCE TO BE TWICE PUT IN JEPAPDY OF LIFE OR LIMB, NOR SHALL BE COMPELLED IN ANY CRIMINAL CASE TO BE A WITNESS AGAINST HIMSELF , NOR BE DERIVED OF LIFE ,LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF THE LAW, NOR SHALL PRIVATE PROPERTY BE TAKEN FOR PUBLIC USE WITH JUST  COMPENSATION.

6= IN ALL CRIMINAL PROSECUTIONS, THE ACCUSED SHALL ENJOY THE RIGHT TO A SPEEDY TRIAL, BY THE IMPARTIAL JURY OF THE STATE AND DISTRICT WHERE THE CRIME  SHALL HAVE BEEN PREVIOUSLY ASSERTAINED BY LAW, AND TO BE  INFORMED  OF THE NATURE  AND THE CAUSE OF THE ACCUSATIONS ,TO BE CONFRONTED WITH WITNESSES AGAINST HIM.   TO HAVE COMPULORY PROCESS FOR  OBTAINING WITNESSES IN HIS FAVOR AND TO HAVE  THE ASSISTANCE OF COUNCIL FOR HIS  DEFENCE.

8= EXCESSIVE BAIL SHALL NOT BE REQUIRED NOR EXCESSIVE FINES IMPOSED, NOR ANY CRUEL AND UNUSAL PUNISHMENT INFLICTED.

9= THE ENUMERATION IN THE  CONSTITUTION , OF CERTAIN RIGHTS SHALL NOT BE CONSTRUED TO DENY OR DISPERAGE OTHERS  RETAINED BY THE PEOPLE. = DISPERAGE-—-DEGRADE,

14= ALL PERSON BORN IN  THE UNITED STATES AND SUBJECT TO THE JURISDICTION THERE OF,  ARE CITIZENS OF THE UNITED STATES  AND OF THE STATE WHERE THEY RESIDE . NO STATE SHALL MAKE  OR ENFORCE  ANY LAW  WHICH SHALL ABRIDGE THE PRIVILALIGES OR  IMPUNITIES OF CITIZENS OF THE UNITED STATES. NOR SHALL ANY STATE DERRIVE ANY  PERSON OF LIFE , LIBERTY, OR PROPERTY,   WITHOUT DUE PROCESS OF LAW. NOR DENY TO ANY PERSON WITHIN ITS JURISDICTION THE EQUAL PROJECTION OF THE LAW.

7

# EXHIBIT 5

<u>833 F. 2d. 106</u>   U.S. COURT OF APPEAL - 7th Circuit

Murphy v. Lang = N. 87-1134  July 1987

Federal Procedure ▶ K1824

▶ 170 A K1824 Dismissal on Courts own Motion, But such Dismissals are not favored and complaint should be Dismissed for Failure to state a claim only if it appears beyond doubt that plaintiff can prove no set of Facts which could Entitle Him to Relief.

854 933 F 2d.

Discipline
   2831(A)3 Judicial Review
   ▶283 K 72, 4((1) In General
   (Formaly ▶283k7241)

(2) District Court was appropriate Forum with the Jurisdiction over Former Federal Employee appeal of Merit System Protection Board Decision Regarding His Removal when Agency Action being challenged occurred prior to Effecting date of Civil Service Reform acts which now Reserves such appeals for the Court of Appeals for Federal Circuit ▶ 5 U.S.C. A.§ 1101 GTseq.
▶283K72.27 = Time for Review, Hearing or Decision Contingence.

Alonzo 4 M-5 P.K. at 183.

The presiding (MSPB) offical must Exercise His Judgement in Determining whether there has been an "articulation or presitation of Facts Reasonably Excusing the Failure to file a timely appeal" Alonzo 4 M.S.P.R. at 183

The Determination whether to waive the time limit implicates several factors including but not limited to the following: The length of the delay: whether the appellacant was notified of the time limit or was otherwise aware of it: The Existance of circumstances Beyond the

conduct of the appellant which affect his ability to comply with the time limits; the degree to which negligence by the appellant has shown that any neglect involves is excusable neglect: a showing of unavoidable casualty or misfortune: and the extent and nature of prejudice to the agency which would result from waiver of the time limit/d. at 183, 184.

Alonzo involves three appellants whose cases were consolidated. The MSPB's findings reveal how the applicable factors must be shown by a successful appellant. A demonstration of circumstances beyond the control of the appellant is necessary for a good cause waiver. The presiding officer in Alonzo found that good cause was not shown so as to justify a waiver of the time limitation and dismisses as untimely filed the appeals of all three appellants. Before the MSPB, one prevailing appellant documented that he was misled by his supervisor as to who could represent him in an appeal and the correction of the confusion resulted in an application being filed four days late. Id. 184 185. The other Alonzo appellant who succeeded produced evidence that post office processing caused his appeal to be filed one day past the dead line. Id. at 185. The third Alonzo appellant filed three months past the deadline and failed to produce sufficient evidence which would overcome the undisputed evidence about his non disabling capacity during the period prior to the deadline. Id. The MSPB found that the presiding officials had abused his discretion with regard to the first two appellant as they made a sufficient showing of circumstances beyond their control so as to constitute a reasonable excuse or good cause. The MSPB balanced the equities involved weighing

16

THE DIFFICULTIES OF THE AGENCY AGAINST THE BENEFITS
TO THE APPELLANT. THE BOARD FOUND THAT THESE TWO APPELLANTS
HAD EXCUSABLE DELAYS IN THE LIGHT OF THE BREVITY OF THE
DELAY IN FILING AND EXTENUATING CIRCUMSTANCES Id. AT 186

417 F3d. 1030  ► 28 U.S.C § 2244(d) (1)

5 CAL. OP. SERV. 6783, 2005 DAILY JOURNAL D.A.R. 9285

U.S. COURT OF APPEALS — 9th CIRCUIT

ANTHONY (TONY) GASTON, PETITIONER — APPLICANT

V.

ANA. RAMIEREZ PALMER, RESPONDENT — APPELLE

(1) LIMITATION PERIOD WAS NOT EQUITABLY TOLLED.

(2) LIMITATIONS PERIOD WAS NOT TOLLED BY ANY STATE IMPEDIMENT TO FILING OF HABEAS APPLICATION, BUT

(3) PERIOD WAS TOLLED DURING TIME PETITIONERS STATE COURT HABEAS APPLICATIONS WERE PENDING.

387 F.39 1004 SUPERSEDED

HABEAS CORPUS K603

197

1971(1)(A) LACHES OR DELAY

(1) = 197 K603 EQUITABLE TOLLING WILL NOT BE AVALIBALE TO HABEAS CORPUS PETITIONS IN MOST CASES, AS EXTENSIONS OF TIME WILL ONLY BE GRANTED IF EXTRAORDINARY CIRCUMSTANCES BEYOND PRISONERS CONTROL MAKE IT impossible TO FILE.

(10) = HABEAS APPLICATIONS, WHICH CALIFORNIA SUPREME COURT DENIED, EFFECTIVELY GRANTING DEMURRER WITH LEAVE TO REFILE WAS NEVER THE LESS "PROPERLY FILED" FOR THE PURPOSE OF TOLLING TIME FOR FILING FEDERAL HABEAS APPLICATION, THERE WAS NO INDICATION THAT APPLICATION WAS TIME BARRED, OR FOR MATTER improperly ► 28 U.S.C § 2244(d)(2) K603 SEE CAREY V. SAFFORD 536 U.S. 214, 216-17, 122 S. CT. 2134, 153 L Ed. 2d 260 (2002)

18

(FED. - C5-19)

Doc. 417 F 3d. 1030  Gaston V. Palmer. (CA-9)(Cal.)(2006)
1971I(A) Jurisdiction, proceedings, and Relief. 1971I in
General ♦ 187K603 Laches or Delay

(A) Legely insufficient accessibility of the prison
law library facilities don't constitute state created
impediment to filing application for federal habeas relief,
as would toll statute of limitations for physically
disabled petitioner; petitioner had been able to file state
habeas petition both before and after

Request to represent himself on direct appeal was
not impediment to his filing of timely application per
federal habeas relief, such as would toll statute of
limitations, absent showing of causal connection between
grant and filing delay

19

TopLife v. TopLife, supra, at page 170, 171, or 145 U.S., at page 831 of sup Ct. (36 L. Ed. 658)

Delay of more than two years in applying for the Reissue appears on the face of the Bill, and there is no explanation or excuse given or properly inferable from facts stated for such delay, a question of law is presented. If unexcused delay is a defence, and more than two years delay is usualy Fatal to the Reissue if not excused, and such delay appears on the face of the Bill, why should not good pleading demmand, that the excuse, if any, be shown also on the face of the Bill. Why should a Defendant be compelled to go to Trial in open court on a pleading showing such laches, but no excuse and be compelled to meet excuses of what he has had no notice, and as to the truth of which he will be in ignorance? If prima facie on the face of the Bill laches appears and is not excused, but the negligence is excusable.

693 F. 29 948
    7 Collier Bankr. 515. 2d. 765, 9 Bankr. Ct. Dec. 1436
Bankr. L. Rep. P. 69,047      9th Circuit -1982
(Formerly 51K46) for purposes of determing wetther requests to extend time for filing notice of appeal in Bankrupcy case will be allowed after expiration of time for notice of appeal has expressed, standards of "excusable neglect" requires finding that party failed to learn of entery of Judegment to findings of extraordinary circumstanceses, so that excusing delay is necessary to avoid Justice. Rules Bankr. Proc. Rule 802, 11 U.S.C.A.

20

# EXHIBIT 6

COMMENTS:

THRU-OUT THIS COMPLETE DEALINGS PETITIONER HAS KNOWN THAT THE HONORABLE JUDGE AND ATTORNEY GENERAL HAVE KNOWN OF THE PROBLEMS PETITIONER WOULD HAVE PROVING HIS POINTS IN THE COURTS, BECAUSE THE WAY THE LAWS ARE WRITTEN.

MY CASE IN SUPERIOR COURTS WAS FIRST LIED ABOUT AND THEN FUFERED, AND THEN THEY TURNED THE CALJIC 2.50.01 (1999 RIVISED) LAWS AGAINST HIM, AND THEN THEY SUBVERTED THE EX POST FACTO RULING, ALL WHICH WAS MEANT TO HELP PROTECT THE IN-NOCENT FROM ATTORNEYS GONE AR AX. NOW THEY TURN THE 14th. AMENDMENT AROUND, AND TRY TO USE IT AGAINST ME BY CLAIMING, "I HAVE NO RIGHT TO PROTECT FROM THE LAW."

PETITIONER IS SORRY TO SAY, THAT HE HAS FOUGHT FOR FREEDOM OF THE PEACE OF ALL PEOPLES OF THE WORLD, OUT OF VIET NAM AND THE BAY OF PIGS, BUT CAN'T CONTROL THE MISUSE OF JUSTICE IN HIS OWN COUNTRY, U.S.A.

AS FAR AS TIME IS COMPLAINED ABOUT, PETITIONER KNOWS WELL, YOU DO DOUGHT HAVE HEARD A MILLION STORIES BY INMATES WHO WISH TO PRESUME THEY ARE INNOCENT. BUT MY 602 RULES VIOLATION WILL PROVE, IN TIME, WHICH THE HONORABLE COURTS WON'T GIVE ME, THAT I COULD NOT HAVE GONE TO THE LIBRARY DURING 5½ YEARS OF MY INCARCERATIONS. SO PETITIONER BEGS OF THE COURT TO EXCEPT, TILL A LATER DATE, MY RULES AND REGULATIONS EXPLANATIONS, AND MY EXPLANATION OF WHY I COULD NO GO TO THE LIBRARY TO REFILE MY CASE, TILL I WAS MOVED TO THIS UNIT HE IS NOW IN.

AND AS FAR AS TIME GOES, THE COURTS HAVE HAD MY PAPERS FOR 6 MONTHS, YET I ONLY GET 3 WEEKS TO REPLY WITH OUT ANY ASSISTANCE. TRUE, PETITIONER WAS GIVEN 30 DAYS TO REPLY AT FIRST, BUT SOME HOW WAS LOCKED OUT OF THE LIBRARY AT THAT POINT. THEN HE WAS GIVEN A 30 DAY EXTENSION

22

to no help at all. As he was supposed to get priority to the Law Library then. But that didn't work either, as I had to make another 602 complaint to get back into the Library. Now to get priority to the Library Petitioner has to do something that others don't have to do, to get his priority.

Petitioner feels this was all know by the Attorney General, and that's why he processed the papers in the month of December, knowing Petitioner would be stuck for the holidays, so it was a game being played to start with. And they know well my trial transcripts will prove a constitutional violation in my trial, and at all costs, need to stop Petitioner from getting them. Win, lose, or draw, I'll get them through and attorney if that's what it takes. And I'll have a leg to stand own the higher courts, meaning time, I'll learn more about the formats, the context things have to be in, then I will try again, if I don't get into courts this time as I learn more of my case.

Petitioner bees of the courts to looking at the facts of time, as stated. Had I known of what I was facing, I could have been learning all this time, but I didn't. So how could I have known about what to do unless I was to get to the Law Library? But us knowing what was to come 6 month was wasted just waiting for answers from the court to above. And as stated in several places, Petitioner did not make any statements to any attorney or courts, or my crimes or my incarceration, other than what you have, yet FF says I did? I can't seem to get a hold of this attorney Linda Buelter who took my case to appeal at OK, who apparently spoke out for me, with out my consent.

Petitioner feels as FF everything and every one has been informed, to not deal with him. From the letters

NOW THAT PETITIONER HAS MADE HIS CLAIM OF NOT BEING ABLE TO GET TO THE LAW LIBRARY HE NEEDS proof. I AM NOT ALLOWED TO pHOTO COPY THE 602 FORMS I FILE, BUT FOLLOWING IS 3 APPEALS FORMS I HAVE FILLED, JUST STARTING THE SHE'T OF THIS CASE, TO PROVE, HOW THEY KEEP YOU OUT OF THE LIBRARY WHEVER YOU GOT YOUR PROOF TO GO. THE FIRST ONE FILES HAS NO FILE LUMBER OVER IT, THIS AGAINST THE 000 OFFICE FOR NOT GETTING ME DUCAT TO GO TO THE LIBRARY. THE SECOND ONE, IS DATED AT TOP IS TO THE LAW LIBRARY FOR ITS SELF, FOR NOT BEING OPEN ON DESIGNATED DAYS AND THE THIRD ONE IS DATED AT TOP, IS AGAINST THE LIBRARIAN FOR SELF, AS HE DID ADMIT, IT WAS HIS FAULT, THAT NO ONE IN THE PRISON GOT DUCAT FOR THE LIBRARY ON 1-26 AND 1-27-08, WHICH INCLUDES ME, AND NO DUCAT INCLUDES ME ON PAST WEEKENS (THAT PETITIONER DON'T GET TO GO TO THE LIBRARY.

SO PETITIONER BEGS OF THE HONORABLE COURT TO TAKE IT UPON THIER SELF, TO EXCEPT THESE 3 APPEALS FORMS AS proof OF MY DILIGENCE IN TRYING TO GET TO THE LIBRARY, THIS THING, AND IN THE PAST PROBLEMS WITH THE PRISON SYSTEM, WHEN YOU GET A CERT CASE GOING, THEY STOP YOU COOT, AS IF YOU WERE PRISON & ALL OTHERS. HAD I HAD THE CHANCE TO pHOTO COPY PROOF present COURT I'd GO TO THE LIBRARY, I WOULD DO SO, BUT THEY JUST A ROCK, AND I CAN NOT BREAK THE RULES, THAT I CAN NOT pHOTO COPY ANY 602", YOU'd HAVE TO ASK THE UNNAMED WHY NOT, I HAVE WHY NOT. BECAUSE IT WOULD PROVE, IN SO MANY CASE, THAT I WANTED HAVE DILIGENTLY TRIED TO FILE MORE CASES, I DO BELIEVE. ALL I CAN PRESENT YOU WITH IS COPIES OF THE APPEALS FROM EACH AGAINST THE SYSTEM THAT IS PREVENTING PETITIONER FROM GOING TO THE LIBRARY, IN HOPES IT WILL PROVE, THAT THE TIME WAS SPENT TRYING TO GET TO THE LIBRARY & TO GET FORMS AND FILE CASES AS DESIRED. TO SHOW THERE WAS NO TIME LOST IN TRYING TO FILE NO CHANCE, FOR DISMISSAL,

24

## INMATE APPEAL ASSIGNMENT NOTICE

To: INMATE  TIEMENS, P64862                    Date: December 18, 2007
Current Housing:  MIM200000000231L

From:  INMATE APPEALS OFFICE

Re: APPEAL

ASSIGNED STAFF REVIEWER:  RECORDS ANALYST
APPEAL ISSUE:  CASE INFO./RECORDS

Inmate TIEMENS, this acts as a notice to you that your appeal has been sent to the above
staff for INFORMAL response.  If you have any questions, contact the above staff
member. If dissatisfied, you have 15 days from the receipt of the response to forward
your appeal to this office for the FIRST level of review.


D.B. LEWIS, CCII
APPEALS COORDINATOR
CALIFORNIA MEDICAL FACILITY

25

## INMATE APPEAL ASSIGNMENT NOTICE

To: INMATE TIEMENS, P64862                          Date: January 15, 2008
Current Housing: MIM2000000000231L

From: INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER: CMF-M-08-00158

ASSIGNED STAFF REVIEWER: J. GONZALEZ, AW
APPEAL ISSUE: LEGAL
DUE DATE: 02/29/2008

Inmate TIEMENS, this acts as a notice to you that your appeal has been sent to the above staff for FIRST level response. If you have any questions, contact the above staff member. If dissatisfied, you have 15 days from the receipt of the response to forward your appeal for SECOND level review.

If your appeal has been categorized as a Staff Complaint, you are reminded that per AB 05/03, appeals that allege staff misconduct will be addressed separately and will not be combined with other issues. If you have included any other issue in your appeal such as property, disciplinary, program access, medical, etc. then you must file these issues on a separate appeal form, as they will not be addressed in the staff complaint response.

D.B. LEWIS, CCII
APPEALS COORDINATOR
CALIFORNIA MEDICAL FACILITY

2 6

## INMATE APPEAL ASSIGNMENT NOTICE

To: INMATE TIEMENS, P64862                                    Date: January 22, 2008
Current Housing: MIM200000000231L

From: INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER: CMF-M-08-00201

ASSIGNED STAFF REVIEWER: J. GONZALEZ, AW
APPEAL ISSUE: LEGAL
DUE DATE: 03/06/2008

Inmate TIEMENS, this acts as a notice to you that your appeal has been sent to the above staff for FIRST level response.  If you have any questions, contact the above staff member. If dissatisfied, you have 15 days from the receipt of the response to forward your appeal for SECOND level review.

If your appeal has been categorized as a Staff Complaint, you are reminded that per AB 05/03, appeals that allege staff misconduct will be addressed separately and will not be combined with other issues. If you have included any other issue in your appeal such as property, disciplinary, program access, medical, etc. then you must file these issues on a separate appeal form, as they will not be addressed in the staff complaint response.

D.B. LEWIS, CCII
APPEALS COORDINATOR
CALIFORNIA MEDICAL FACILITY

THE LAW LIBRARY TO THE ATTORNEY, PETITIONER JUST CAN'T
SEEM TO GET ANY ANSWERS, EVEN AS FAR AS Help USING THE
COMPUTERS IN THE LAW LIBRARY. BECAUSE OF MY INSISTANCE
TO LEARN THE COMPUTERS FROM OTHER INMATES, I ERASED A complete
FILE OFF 2 DIFFERENT COMPUTERS, BY ACCIDENT. I ASKED FOR
HELP AND GOT TOTALY IGNORED, AND THEY NO LONGER HOW FILES
ARE DISAPPEARING OFF THE COMPUTERS.

        PETITIONER KNOWS HE IS ASKING FOR A LOT, BUT HE
HAS TO ASK, IF HE DON'T ASK, THERE'S NO WAY OF KNOWING
THE POSSIBLE ANSWERS. WILL THE HONORABLE HONER AT
LEAST CONSIDER PETITIONERS PREDICAMENT, AND TAKE
SECOND THOUGHTS ABOUT DISMISAL OF HIS CASE.

DATED — 1-1-08

                SIGNED — HERMAN TIEMENS JR
                    Herman Tiemens Jr.

25

**Case Name:** TIGNERS V. KANE

**Case Number:** C 07-3172 CRB (PR)

**Court:** U.S. DISTRICT COURT-NORTHERN DISTRICT OF CALIF.

# PROOF OF SERVICE BY MAIL

I, HERMAN TIGNERS JR. declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on FEB. 1ᵗʰ 08 I served the attached: a true copy of the attached:

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

OFFICE OF THE CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIF.
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA. (94104)

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the 2ᵗʰ DAY OF FEB. 2008 at California Medical Facility, Vacaville, California.

HERMAN TIGNERS JR.

**Declarant**

**Declarant's Signature**