IN THE UNITED STATES DISTRICT COURTS

THE NORTHERN DISTRICT OF CALIFORNIA

FILED
APR 1 0 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

15

HERMAN TIEMENS JR.

PETITIONER

V

anthony kane, acting Warden

RESPONDENT

NO. C07-3122 crb (PR)

Motion to amend opposition

and Tolling and ES Toppel

nc

Petitioner Herman Tiemens Jr.here by requests of the honorable courts, To grant this motion to amend his oppition with this new information that has been found on the computer, since he has now had the time to check the computer, as he is not being restricted from the law library any more.

This motion comes along with farthure proof of the ability to toll his case, and equitable es toppel..

Dated- 4-5-08

Signed- Herman TIEMENS JR.

Herman Tiemens Jr

U.S. COURT OF APPEALS=9th Circuit =272 F3. 1176
Socop/ Gonzalez-Petitioners
Immigration and Naturalization Services- Respondent
no.98-70782,-Feb.2000, final filed Dec. 5,2001

Alien petioned for review of decision of board of Immigration appeals (BIA), denying as untimely his motion to reopen deportation procedings. The court of appeals›208 F3d. 838, reversed on rehearing EN BANC, the court of appeals, pregreson, circuit Judge, held that(1) alien sufficiantly raised before per issue whether 90-day period for filing motiom to reopen should be equitable tolled, and thus exhausted administrative remedies; (2) 90-day for filing motion to reopen is subject to equitable tolling (3) 90-day period would be equitable tolled based on incorrect advice recieved from Immigration and Naturalization Services(INS) officer; and (4) for equitable tolling to apply, court of appeal was not required to find that alien reasonably could have filed motion to reopen within period remamaining after deduction of period subject to equitable tolling

Petition Granted; REversed and remanded.

241K104.5 =SUSPENSION OR STAY IN GENERAL- EQUITABLE TOLLING

While equitable tolling fouceses on the plaintiff, excusable ignorance of the limitations period and lack of predice to the defendent, equitable ES TOPPEL focuses on the actions of the defendent.

Alien was required to exhaust administrative remedies with respect to equitable tolling in order for court of appeals to have jurisdiction under Immigration and Nationality Act (INA), to have considered issue whether 90-day period for filing motion to reopen deportation proceedings should be equitably tolled. Immigration and Nationality Act § 240(C) (6) as amended, ›8U.S.C.A. § 1229a (C) (6); § 106(C), as amended›8 U.S.C.A. S!!)%A(C); 8 C.F.R.S3.2 (C) (2)

241k104.5 Susension or stay in general equitable tolling both both equitable tolling and equitable ES TOPPEL can be used to stop a limitations period from continuing to run afyer it has already begun to run.

While equitable tollingfocuses on the plaintiffs excusable ignorance of the limitations period and on lack of prejudice to the defendent, equitable estoppel focuses on the actions of the defendent.

156k62.2(4)Particular UNITED STATES OFFICERS, Agencies, or proceedings.

Incorrect advice recieved by alien from Immigration and Naturalization services (INS) officer could not serve as bases for equitable estoppel with respect to 90- day period for filing motion to reopen deportation proceedings, in as much as negligent provision of misinformation did not contitute affirmative misconduct, Immigration and Natualization Act § 240 (C) (6) as amended.

Equitable tollingof a limitatous period does not require affirmative misconduct on behalf pf the opposing party; rather, all oneneed show is that by the exercise of reasonable diligence the propenent of tolling could not have discovered essential information bearing on the claim[Federal courts >k915

24k54.(5) The court of appeals will apply equitable tolling in situations where despute all diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existance of the claim and in situations where an alien was unaware, despite due diligence, that he misseed the limitation period for filing a motion due to fraud by a third party, and due to ineffectivetive assistence if counsel, got the doctrine is by no means limited to these situations . Immigrations and Natuarlization Act §240(C) as amended, 8U.S.C.A.§ 1229a(C) (6) 8C.F.R. § 3.2(C) (2)

The inability to obtain vital information bearing on the existence of a claim need not be caused by the wrongful conduct of a third party in order for equitable tolling of a statue of limitations to apply; rather, the party invoking tolling need only show that his or her ignorance of the limitations period was caused by circumstanceses beyond the parties control, and that these circumstanceses go beyond a garden varity claim of excusable neglect.

ALIENS [>k54(5)

Herman Tiemens Jr.- P-64862
Cal. Med. Fac.= M-231-L
Vacaville, Ca. 95696-2000

LEGAL MAIL

CA MEDICAL FACILITY

FIRST CLASS




(Office of the Clerk)

U.S. DISTRICT Courtrict Court

Northern District of California

450 Golden Gate Avenue

San Francisco, Ca. (94102)

LEGAL MAIL

94102$3482 C004