IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN TIEMENS, JR., ) | |
| ) | |
| Petitioner, ) | No. C 07-3122 CRB (PR) |
| ) | |
| vs. ) | ORDER GRANTING |
| ) | MOTION TO DISMISS |
| MIKE KNOWLES, Acting Warden, ) | |
| ) | (Docket # 5 & 15) |
| Respondent(s). ) | |
| ) | |

   Petitioner, a state prisoner incarcerated at the California Medical Facility in Vacaville, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Per order filed on November 7, 2007, the court noted that the petition appears untimely and ordered respondent to move to dismiss the petition on the ground that it is untimely, or otherwise inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case. Respondent filed a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d). Petitioner filed an opposition (and supplement) and respondent filed a reply.[1]

---

[1] Petitioner also filed a motion to amend his opposition (docket # 15) which, good cause appearing, is granted.

Case 3:07-cv-03122-CRB    Document 16    Filed 06/12/2008    Page 2 of 7

I

On December 23, 1999, petitioner was sentenced to 38 years to life in state prison after a Sonoma County superior court jury found him guilty of multiple counts of child molestation.

On August 9, 2001, the California Court of Appeal affirmed the judgment of the superior court and, on October 24, 2001, the Supreme Court of California denied review. Petitioner did not seek further relief from the state courts.

On April 19, 2002, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this court. See Tiemens v. Ramirez-Palmar, No. C 02-1925 CRB (PR) (N.D. Cal. filed Apr. 19, 2002). The court notified petitioner in writing on that date that the action was deficient because he did not pay the requisite $5.00 filing fee or, instead, submit a signed and completed court-approved IFP application. Petitioner was advised that failure to file the requested items within 30 days would result in dismissal of the action.

On May 31, 2002, the petition was dismissed without prejudice because "[m]ore than 40 days ha[d] elapsed . . . [and] petitioner ha[d] not filed the requisite items, or sought an extension of time to do so."

On June 17, 2002, petitioner moved to reopen the closed file on the ground that he had finally obtained the requisite items. The court denied petitioner's request, but explained: Because the dismissal was without prejudice, "petitioner is free to refile his petition as a new action as long as it is accompanied by either the requisite $5.00 filing fee or a signed and completed court-approved [IFP] application. Petitioner is advised that should he refile his petition, he must specify the state criminal conviction he wishes to challenge in federal court as well as the grounds/reasons why he claims the conviction is unconstitutional." July 2, 2002 Order at 2.

2

On June 7, 2007, nearly five years later, petitioner submitted for filing in the closed file a new petition for a writ of habeas corpus accompanied by a signed and completed court-approved IFP application. The court instructed the clerk to file the petition and IFP application as the new instant habeas action.

## II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, such as petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). Here, because petitioner did not seek a writ of

3

certiorari from the Supreme Court of the United States after the Supreme Court of California denied review on October 24, 2001, his process of direct review came to an end on January 22, 2002, when the time allotted for filing a petition for a writ of certiorari expired.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  The one-year limitation period accordingly began running against petitioner the next day, January 23, 2002.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitation period according to Federal Rule of Civil Procedure 6(a)).  The instant petition was not filed until June 7, 2007, however.  It is untimely unless the limitation period was tolled for a substantial period of time or its commencement was delayed.[2]

### III

Petitioner claims that he is entitled to equitable tolling and/or delayed commencement of the one-year limitation period because he was on suicide watch in a locked unit of the prison from January 2002 to July 2007 with "no access to other parts of the prison or its books or information."  Opp'n at 7 (docket # 11).[3]  The claim is without merit.

---

[2] The instant petition cannot relate back to the date the original petition was filed (April 19, 2002) because "there is nothing to which the new petition could relate back." Rasberry v. Garcia, 448 F.3d 1150, 1155 (9th Cir. 2006) (citations omitted).  Nor was there any error in the dismissal of the original petition which must be remedied by accepting the new petition nunc pro tunc to the date of the original habeas filing. Id.  The original petition was properly dismissed without prejudice in July 2002.

[3] Petitioner cannot claim that he is entitled to statutory tolling under § 2244(d)(2) because he did not seek collateral review of his conviction in the state courts.  See Duncan v. Walker, 533 U.S. 167, 180-81 (2001) (§ 2244(d)(2) tolling is limited to period during which a petition is pending in state court; no tolling for period during which a petition is pending in federal court).

4

1                                                          A

2          Equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Roy v. Lampert, 455 F.3d 945, 950 (9th Cir. 2006) (quoting Beeler, 128 F.3d at 1288). The prisoner "must show that the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). He must also show that he has been "pursuing his rights diligently" and that "some extraordinary circumstance stood in his way." Roy, 455 F.3d at 950 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is justified in few cases. Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule. Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

         Petitioner is not entitled to equitable tolling because he has not shown that an extraordinary circumstance caused his untimeliness. In a supplement to petitioner's opposition, petitioner concedes that his alleged lack of access to the law library while in the locked unit from January 2002 to July 2007 was not absolute – he was escorted to the law library on several occasions during that time period. See Supplement to Opp'n at 10-11 (docket # 14). In fact, he managed to file a timely federal petition in April 2002 (and a motion for reconsideration on June 2002) and there is no indication that he was precluded from doing so again because the conditions of his confinement in the locked unit (or his mental condition) changed significantly. See Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (whether prisoner was able to file a prior petition is a factor in determining whether he was unable to file a subsequent timely petition unless the prisoner shows a significant change in conditions since the filing of the earlier petition), amended, 447 F.3d 1165 (9th Cir. 2006). Under

these facts, it simply cannot be said that petitioner's placement in a locked unit of the prison from January 2002 to July 2007 made it impossible for him to file a federal petition before the limitation period expired on January 23, 2003. See id. at 1035.

After the court denied petitioner's June 2002 motion for reconsideration, all petitioner had to do to file a federal petition on time was submit a copy of his earlier federal petition (albeit with an annotation specifying the state conviction he wished to challenge) and a completed IFP application (which he secured in June 2002) by January 23, 2003. He did not do so. Nor is there any indication that he attempted to do so. Instead he waited until he was released back into the general population in the summer of 2007 to refile his federal petition. Petitioner did not pursue his rights diligently; he is not entitled to equitable tolling. See Pace, 544 U.S. at 418; see, e.g., Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007) (no equitable tolling where petitioner was not diligent in that he failed to seek any state court relief for six years, or to take advantage of available paralegal assistance).

B

In most cases, the one-year limitation period will start on the date on which the judgment becomes final after the conclusion of direct review or the time passes for seeking direct review, but it may start on a later date. See 28 U.S.C. § 2244(d)(1)(A)-(D). Specifically, it may start on a date later than the date on which the judgment became final if there was governmental interference (§ 2244(d)(1)(B)), a new right made retroactive (§ 2244(d)(1)(C)), or a new factual predicate (§ 2244(d)(1)(D)). See Pace, 544 U.S. at 416 n.6.

Petitioner claims that his placement in the locked unit with restricted access to the law library implicates § 2244(d)(1)(B) and that the limitation period

therefore did not start to run against him until he was released from the locked unit in the summer of 2007. It is unclear whether petitioner's allegations of restricted library access while in the locked unit can establish state action in violation of the Constitution necessary for the delayed commencement of the limitation period under § 2244(d)(1)(B). Cf. Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005) (noting that incompetent state-provided counsel "is not the type of State impediment envisioned in § 2244(d)(1)(B)"). But even if it could, petitioner's claim fails because, as discussed earlier, there is no showing that the alleged impediment was absolute and actually prevented petitioner from filing a federal petition on time. See Bryant, 499 F.3d at 1060 (refusing delayed commencement of limitation period where petitioner failed to establish a causal connection between the unavailability of case law in the prison library and the untimeliness of his federal petition).

IV

For the foregoing reasons, respondent's motion to dismiss the petition as untimely (docket # 5) is GRANTED.

The clerk shall enter judgment in favor of respondent, terminate any pending motions as moot and close the file.

SO ORDERED.

DATED: June 12, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.07\Tiemens, H1.or3.wpd           7