IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

*FILED*

JUN 2 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

HERMAN TIEMENS JR.

PETITIONER

NO. C 07-3122 CRB (PR)

VS.

MOTION= TO APPEAL

ANTHONEY KANE, Acting Warden,

RESPONDENT

Judgement has been renderd, Thereby notice hereby is given that Herman Tie-
mens Jr., in the above named case, Hereby appeals to the United States court
of appeals for the 9th. circuit courts(from finial judgement) . All From and order (describing it) the judgeme-
nt was unfair, As petitioner could not get to the LAW LIBRARY at times, and
then its only for 2 hours at a time, once a week. Not to beable to defend him-
self with proper knowledge, and that he can not use an officer as a witness,
according to the title i5 code of rules for prison inmates. to prove he was
in a locked unit during the years 3-2000 to 2007. And is now able to get to
the library, as petitioner is on an open unit,at C.M.F. Vacaville, Ca. Thats
why petitioner has since refiled his claim.

And not be able to prove because of this rulings, his innocents, as pet-
itioner was not allowed to have a copy of hiscourthouse and trial trans-
scripts to defend his constitutional rights, under the freedom of information
act.set out by congress and the constition of the UNITED STATES.

Under section 2253 and 2255 of the federal civil proceedures and rules
and this states  penal code, 1181, exess manor oflaw sentence. Constitional
alw and state penal codes hace been broken.

Dated- 6-22-08

SIGNED. Herman Tiemens Jr.

Herman Tiemens Jr.

word deffinitions out of blacks law dictionary-5TH AND 6TH AND 7TH EDITIONS
C.M.F. LAW LIBARY, 8-26--07

PLAIN ERROR RULE --- THIS RULE THAT PLAIN ERRORS AFFECTING SUBSTATIAL RIGHTS
MAY BE CONCIDERED ON MOTION FOR NEWTRIAL OR ON APPEAL THOUGH NOT RAISED IN
TRIAL COURT, IF MANIFEST INJUSTICE OF MISCARRIAGE OF JUSTICE HAS RESULTED IN
INVOLED ON CASE TO CASE BASES, BUT THERE MUST BE SOME SUBSTANTIAL MANIFESTATION
A STONG CLEAR SHOWING, THAT INJUSTICE OR MISCARRIAGE OF JUSTICE WILL RESULT IF
THE RULE IS NOT INVOKED. STATE V. MEIERS MO. 412 S.W. 2O 478,480 forthere to be
plain error rule, warring REVERSAL, ABSENT OBJECTION, THERE MUST  BE  LEGAL

IMPROPRIETY AFFECTING  DEFENDENT SUBSTANTUAL RIGHTS, SUFFICENTLY TI JUSTIFY
NOTICEBY REVIEWING  COURT AND TO CONVINCE IT THAT, OF ITSELF, ERROR POSSESSED
CLEAR CAPACITY TO BRING ABOUT UNJUST RESULTS. DOCTRINE WHICH ENCOMPICESSES
THOSE ERRORS WHICH ARE OBVIUOS AND HIGHLY PREDJUDICAL, WHICH AFFECT THE
SUBSTANTIAL RIGHTS OF THE ACCUSED AND WHICH IF UNCORRECTED, WOULD BE AFFONT
TO THE INTEGRETY AND REPUTATION OF JUDICIAL  PROCEDINGS.

MOTION FOR NEW TRIAL---A REQUEST THAT THE JUDGE SET ASIDE THE JUDGEMENT OR
VERDICT AND  ORDER A NEW TRIAL ON THE BASIS THAT THE TRIAL WAS IMPROPER OR
UNFAIR  DUE TO SPECIFIED PREDJUDICIAL ERRORS, THAT OCCURED BECAUSE OF NEWLY
DISCOVERED EVIDENCE, ETC. FED. R. CIVIL R. 59. FED. R. CRIM. P33 (SEE ALSO PLAIN
ERROR RULE)

DUE PROCESS---THE CONDUCT OF LEGAL PROCEEDINGS ACCORDING TO ESTABLISH RULES
AND PRINCIPLES FOR THE PROTECTION AND ENFORCEMENT OF PRIVAT RIGHTS, INCLUDING
NOTICE AND RIGHTS TO A FAIR HEARING BEFOREA TRIBUNAL WITH  THE POWER TO
DECIDE THE CASE. ALSO TERMED  DUE PROCESS LAW , DUE COURT LAW.

CERTIORARI---TO BE MOREFULLY INFORMED, AN EXTRA ORDINARY WRIT ISSUED BY AN
APPEALS COURT, ATITS DISCREATION, DIRECTING A LOWER  COURT TO DELIVER THE RECORD
IN THE CASE FOR REVIEW.

SUPRESSION OF EVIDENCE---THE RULING OF A TRIAL JUDGE TO THE EFFECT  THAT
EVIDENCE SOUGHT TO BE ADMITTED SHOULD BE EXCLUDED BECAUSE IT WAS  ILLEGALY
ACCURIED. MOTION TI SUPPRESS ILLEGALLY BY OBTAINING EVIDENCE ARE GOVERNED BY
FED. R. CRIM. P.5.(a) 12 AND 41. see all EXCLUSIONARY RULE, MOTION TO
SUPPRESS.

SUPPRESSIO VERI--- SUPRESSION OR CONCEALMENT OF THE TRUTH. ITS A RULE OF
EQUITY, AS WELLAS OF LAW, THAT A SUPPRESSIO AERI IS EQUIVALENT TO A
SUGGESTIO FALSI, AND HWERE EITHER THE SUBPRESSION OF THE TRUTH OR THE
SUGGESTION OF WHAT IS, CAN BE PROVEN, IN A FACT, MATR,ERIAL TO THE CONTENT,
THE PARTY INJURED MAY HAVE RELIEF AGAINST THE CONTRACT.

SUPPESSIO VERI- EXPRESSIO FALSSIO---SUPRESSION OF THE THRUTH IS EQUIVLANT
TO THE EXPRESSION OF WHAT IS FALSE.

INFER---TO CONCLUDE FROM FACTS OF FROM FACTUAL REASING, TO DRAW A CONCLUSION OF
INFERENCE WITH OUT SOLID PROOF.

DELIBERATE---INTENTIAL, PREMEDITATED,FULLY CONCIDERED, UNIMPULSIVE, SLOW IN DECIDING.

HEAR-SAY---WHAT OTHERS HAVE SAID, GREDIBILITY.

EVIDENCE CODE---A CODIFIED SET OF STATUTORY PROVISIONS GOVERNING THE ADMISSIBILTY OF EVIDENCE AND THE BURDEN OF PROOF AT HEARINGS AND TRIAL.

TAINTED EVIDENCE---INADMISSABLE BECAUSE IT DIRECTLY OR INDIRECTLY OBTAINED BY ILLEGAL MEAN. SEE FRUIT OF THE POISEN TREE DOCTRINE.

ENHANCEMENTS---THE ACT OF AGUMENTING THE STATE OF BEING ENHANCED, NO PRIOR CONVICTIONS.

EXTRAJUDICIAL CONFESSION---A CONFESSION MADE OUT OF COURT, AND NOT AS PART OF A JUDICAL EXAMINATION, SUCH AS  A CONFESSION MUST BE CORROBORATED BY SOME  PROOF OF THE CORPUS DELICTI, OR ELSE IT IS  INSUFFICENT TO WARRENT A CONVECTION. CF JUDICAL CONFESSION.

INDIRECT CONFESSION---A CONFESSION THAT IS INFERRED FROM THE DEFENDENTS CONDUCT.

INVOLINTARY CONFESSION ---A CONFESSION INDUCED BY THE POLICE OR OTHER LAW ENFORCEMENT AUTHORITIES WHO MAKE PROMISE TO COERSE OR DECIEVE THE SUSPECT.

NAKED CONFESSION---A CONFESSION UNSUPPORTED BY ANY EVIDENCE THAT CRIME HAS BEEN COMMITED, AND THERE FORE USU, HIGH SUSPECT.

ORAL CONFESSION---A PRACTICAL MATTER POLICE INTERRGATORS PREFER TO TAKE WRITTTEN OR RECORDED CONFESSION SINCE JURIES TYPICALLY VIEW THESE AS BEING MORE  RELIABLE.

WIRE TAPPING---ELECTRONIC OR MECHANICAL EVESDROPING USU. DONE  BY LAW ENFORCEMENT OFFICERS UNDER COURT ORDERS TO LISTEN TO PRIVATE CONVERSATIONS. WIRETAPPING IS REGULATED BY FEDERAL AND STATE LAWS.

EVESDDROPPING---THE ACT OF SECRETLY LISTENING TO THE PRIVATE CONVERSATIONS OF OTHERS WITHOUT THERE CONSENT.

BUGGING---A FORM OF ELECTINIC SURVEILLANCE BY WHICH CONVERSATIONS MAY ELECTRONICONICLY INTERSEPTED, OVERHEARD, AND RECORDED, USU. COVERTLY, EVESDROPPING BY ELECTRONICONIC MEANS. SEE WIRE TAPPING.

CONFRONTATION--- TO CONFRONT SOME ONE ,AAS IN A COURT OF LAW OR IN TRIAL AND TO CONFRONT, OR EYE TO EYE CONTACT.

ALTERCATION----A FORM OF A FIGHT OR HASSEL, A SCERMASH BETWEEN TWO OR MORE PEOPLE, MOST GENERALY AFTER A PARTY OR SORTS.

P2

Penal Code 1181 and It's sections

#5==When the court has misdirected the jury in a matter of law, or has errored in the design of any question of law arising during the course of the trial, and when the district attorney or other counselors  prosecuting the case has been quilty of prejudical misconduct during the trial, therefor before a jury.#5= Rights to council==in the absence of showing of prejudice from tape recordings of conversations about the offence between defendent and accomplice after defendent was represented by council, and in the absence of those record- ings being offered at trial, defendant was not entitled to dismissal of the charges against him, or to a new trial with an independant prosecuter who had not been exposed to the tape recordings. =People Vs. Lowery App. 6th Dist 1988 criminal law 700(8) and 919(1)

#7== Interest of Justice.==Multiple errors by defence council, prosecutor and the trial judge is responsible to alledged declarations against interest of jurors describing their missconduct during deliberations in murder trial resulted in distinct possibility, if not probability, that serious juror misconduct occured. However ordering reversal of conviction on record would not serve interset of justice, and instead trial judge would be allowed oppertunity at least test credibility of the jurors and make decission as to whether new trial was to be afforded to defendant. people Vs. Von Villas App. 2nd. Dist-1992== criminal law 1181.5 (3.1)

Where defendant presented alibi evedence which, although not excluding possibilitry that he committed the crime, made it highly unlikely if the eved- ence was believed, and where one of the victims who  identify defendant's picture the day after the robbery, trial court did not abuse it's discreation in grant- ing defendent a new trial in the interest of justice. people Vs. Oliver App. 4th dist= 1975 = criminal law-913(1)

# 8== When evidence is discovered material to the defendant, and which he could not,  with reasonable diligence, have discovered and produced at the trial when a motion for a neww trial is made upon grounds of newly discovered evidence, the defendent must produce at the hearing, in support thereof, the affidants of witness by whom such evidence is expected to be given and if time is required by the defendant to be given and if time is required by the defend- ant to produce such affidavits, the court may postpone the hearing of the motion for such lenght of time as, under all circumstances of the case, may seem reason- able

#9==When the right to a phonographic report has not been waived, and when
it is not possible to have a phonographic report of the trial transcribled by
a stenographic reporter as privided by law or by rule, because of death or
disablity of a reporter who participated as a stenographic reporter at the trial
or because of loss or destruction, in whole or in substantial part, of the
notes of such reporter, the trial judge, therefor, or the reviewing court shall
have power to set aside and vacate the judgement, order or degree from which an
appeal has been taken and or is to be taken and to order a new trial of the
action or proce5edings

   #14==Trial has discreation to grant trial where material witness had
been unavaible through no default of defendant and court reasonably concludes
that because of absence of witness defendant did not recieve fair trial, even
though such grounds for new trial was not amoung those enumerated by this sect-
ion. ==people vs. Davis. App. 1st. dist. (1973) criminal law 913(3)

   #15==Voluntered statements, witness',=While most cases involve proscutor-
ial or juror misconduct as basis for mistrial motion, witness voluntered ⁓⁓s-
statement can also provide basis for finding of incurable prejustice suffient
to warrent mistrial. people vs. Williams (1997)=criminal law 867

       Although most cases in which mistrial is sought involve proscutorial or
juror misconduct, witness volunteered statement can also provide basis for
finding of incurable prejustice, such as would warrent mistrial. people vs.
Harris== App 2nd. dist.=(1994== criminal law 867

   #23==corman norbis== though request for continuence of sentencing, and
motion for new trial had been properly denied in absence of substanting
evidence to support grounds alledged, where grounds alledged if proven, consti-
tuted cause for granting new trial, defendant could, if thereafter able to sub-t-
substantiate the facts of his alledgation, seek relief through petition for
writ of error coram norbis==App 4th. dist. (1969) criminal law- 1413

       #20== motion for new trial.==must be made before judgement and made only
on statutory grounds and privilege is wavied where motion is not made before
judgement is pronounced== people vs. fry==App 3rd. dist. (1934)

   # 93== partialy admitted evidence, reception of evidence out of court.==
on a prosceution or homicide, certain diagrams of the premises where the killindg
occured were introduced on evidence without objection, and were tucked to a
blackboard in view of the jury. during a recess the joror left the jury box and
stepped over and casualy inspected the diagrams. there was no grounds for new
trial under this section as objection that the diagrams, perported to reppres-
ent not only the house in which the homicide occured, but the surrounding

premises, including an outhouse or closet in which was found some
of the material objects introduced in evidence, and that there was on the diagr-
ams the representation of a building occupied by others parties; there being an
no suggestion as to what the "surroundings premices" were or what the building
occupied by paryies other than the defendant was, and there being no question
as to the other portions of the diagram having been accurstly represented. p
people vs. tony (1905) 146 Cal. 124, 79 P.855

    where on trial for libel, after retiring, the jury found and read portions
of a pamphlet containg the alledged libel. part of the pamohlet had been addmit-
ted in evidence, and read to the jury, the jury had recieved evidence out of
court, and a new trial should have been granted. people vs. thorton (1888) Cal.
482,16  P.244

##211=- In General==verdict decieded by lot or chance.== granting of new
trial on basis that defendant was convicted contrary to law permits rexamination
of the same issue in same court but before another jury; it's effects is to
place parties in exactly the same postion as if no trial had taken place, people
vs. Morgan =App. 3rd. diat. (1977)==criminal law 964.

    defendant may not relitage at the trial the merits of unsuccesful pretrial
motion to surpress by proper only if trial was errored in occasion of any quest-
ion of law arising during course of trial. people vs. superior courts of Butte
county (1971) =criminal law-394.6(5)

    new trial was properly granted for error in deciding questions of law
arising during trial relating to validity of defendants jury wavier. people vs.
McGill. App 4th. dist.(1970)  criminal law 914

    Any substantial error of court on question matter dueing trial is proper
grounds of motion for new trial. =people vs. Turner (1810) =criminal law 918(1)

        #214= Admissility of evedence, erreor, the refusal to permit a witness
to testify to certain facts did not require a new trial, where at another time
in the course of the trial he did testify as to those facts= people vs. Howard
1925) Cal. App. 620

    where irrelevant testimony was admitted, and was of such charactor as
nessary to be prejudical to defendant a new trial had to be granted.=people vs.
Martin, app.(1910) criminal law 620

    where a portion of a conversation was admitted tending to establish a
material addmission by defendant, the exclusion of the balance of the conversa-
tion was granted for new trial.= people vs. Murphy (1870) criminal law 921

CONSTITUTION OF THE UNITED STATES OF AMERICA

AMENDMENTS 4,5,6,8,9,14

4= RIGHT OF THE PEOPLE TO BE SECURE IN THERE PERSON houses,papers, and effects, against unreasonable searches and searches and seizures shall not be violated and no warrents shall issue, but upon provable cause support by oath or affirmation and particulary describing the place to be searched and the person to be searched,or to be seized.

5= NO PERSON BE HELD TO ANSWER FOR A CAPITOL OR OTHER WISE INFAMOUS CRIME, UNLESS ON A PRESENMENT OF A GRAND JURY           EXCEPT IN A CASES ARISING IN LAND OR NAVAL FORCES OR IN THE MILITIA, WHEN IN ACTUAL SERVICE IN TIME OF WAR OR PUBLIC DANGER, NOR SHALL ANY PERSON BE SUBJECT FOR THE SAME OFFENCE TO BE TWICE PUT IN JEPAPDY OF LIFE OR LIMB, NOR SHALL BE COMPELLED IN ANY CRIMINAL CASE TO BE A WITNESS AGAINST HIMSELF , NOR BE DERIVED OF LIFE ,LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF THE LAW, NOR SHALL PRIVATE PROPERTY BE TAKEN FOR PUBLIC USE WITH JUST COMPENSATION.

6= IN ALL CRIMINAL PROSECUTIONS, THE ACCUSED SHALL ENJOY THE RIGHT TO A SPEEDY TRIAL, BY THE IMPARTIAL JURY OF THE STATE AND DISTRICT WHERE THE CRIME SHALL HAVE BEEN PREVIOUSLY ASSERTAINED BY LAW, AND TO BE INFORMED OF THE NATURE AND THE CAUSE OF THE ACCUSATIONS ,TO BE CONFRONTED WITH WITNESSES AGAINST HIM. TO HAVE COMPULORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR AND TO HAVE THE ASSISTANCE OF CONCIL FOR HIS DEFENCE.

8= EXCESSIVE BAIL SHALL NOT BE REQUIRED NOR EXCESSIVE FINES IMPOSED, NOR ANY CRUEL AND UNUSAL PUNISHMENT INFLICTED.

9= THE ENUMERATION IN THE CONSTITUTION , OF CERTAIN RIGHTS SHALL NOT BE CONSTRUED TO DENY OR DISPERAGE OTHERS RETAINED BY THE PEOPLE. = DISPERAGE---DEGRADE,

14= ALL PERSON BORN IN THE UNITED STATES AND SUBJECT TO THE JURISDICTION THERE OF, ARE CITIZENS OF THE UNITED STATES AND OF THE STATE WHERE THEY RESIDE . NO STATE SHALL MAKE OR ENFORCE ANY LAW WHICH SHALL ABRIDGE THE PRIVILALIGES OR IMUNITIES OF CITIZENS OF THE UNITED STATES. NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE , LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW. NOR DENY TO ANY PERSON WITHIN ITS JURISDICTION THE EQUIAL PROTECTION OF THE LAW.

7

⟶ where at trial for an assult of a young girl whose tender age prevented her from giving any material testimony, the court allowed the question to be put to another witness,"did the child tell you how this accured at the time" the ruling of the court, in allowing this question, was erronious, but unless it was shown that some objectional testimony was given in answer to the question,, the objection could not be availed of a ground for new trial. people vs. Greyvvaor (1862) criminal law 921

#241= in general== misconduct of counsel== substitution of defendant attorney before closing arguments entiled defendant to mistrial in proscution of robbery. people vs. Gibbs- App. 4th. dist (1986) Criminal law 862

⟶ #242 admonishment by court, misconduct of counsel.=where misconduct of counsel was so persistantin and pericious that it was not in human nature to forget, a mere admonishment to the jury was insufficient an d a new trial was necessary= people vs. EdgerApp. 1917- criminal law 730(1)

#243==Effectiveness of counsel==misconduct of counsel-paragraph#7== defendeant was not entitled to a new trial on ground of effective assistance to counsel at trial on theory that mere vigurous defence might have produced an acquital or at least a lesser penalty than death penality impossed.=people vs. McGautha=(1964) criminal law 920

⟶ #244==failure to call witness.==paragraph#2 Defendant did not raise colorable claim that trial counsel's failure to call defendants personal phsyician apointed to ineffective assistance of counsel, and this it was unnessary for trial court to appoint new counsel to present the arquements, where only possible purpose for callingphsyician would be to establish that defendantin deed suffered from "seizures" disorder, where that fact was uncontested, wherecritical at trial. people vs. Stewart=Applst. dist (1985) criminal law 641.10(2).

⟶ #248==Misstatement of evidence, missconduct of counsel.==admonishment to jury, folling appointment of substitute counsel, to disregard prior defence counsels opening ststement, which misstatedevidence, did not cure harm to defendant arising out of possiblity that jury was left with impression that defendant had changed stories between defence counsel, and thus did not preclude necessisty for misstrial.=people vs. Coleman App. 1st. dist (1992) criminal law 867

⟶ #286=Communication with the jury, miscoduct of the trial Judge.paragraph #5==where court at close of proscution's case improperly advised jury to return a verdict of acquital and case went to jury without any evidence introducded by defendants charged with perjury and jury found her/him quilty,defendant had not had a fair trial, and it was proper for court to grant her/him new trial on this grounds.==people vs. Roubus (1966) criminal law 918 (1)

→ #284=Limitation of argument, misconduct of trial judge: It is the const-
itutional right of the prisoner to have his case fully argued, and through the
court has power to limit the arguement to a reasonable time, yet if it appear
in capitol case, from the uncontradicted affidavits of counsel, that not time
enough was allowed them for arguement, a new trial must be granted.= people vs.
Keenan (1859) 13 cal. 581.criminal law 918 (1)

#311—Verdict contrary to law or evidence:=In General=trial court consider-
→ ing motion to modify verdicton ground that is conrary to evidence is limited
to three options: It can set aside verdictof conversation and grant defendant
new trial: It can deny motion and enter judgement on verdict reached by jury:
or it can modify verdict either to lesser degree of crime as specified. =people
vs. lagunas (1994)= Criminal law890 and 935)1)

#312= double jepardy verdictcontrary to evidence.

#314= conflicting evidence, verdict contrary to law or evidence: Paragraph
→ #3; conflicting Discrepancies in testimony of witness are matters soley for ob-
servation and consideration of jury and for consideration of trial court on motion
for new trial: people vs. Jackson (1951) criminal law 1160

Inconsitencies and discrepencies in testimony are fot the concideration
of fact and in secound place for the consideration of the trial judge or a motion
for new trial=people vs. Moore-(1947)=criminal law 1160

Where there is substancial conflict in the evidence, however much the
evidence may preponderate the verdict, the sole remedy of the aggrieved party
is his application to trial judge for a new trial:people vs. Gray (1942) criminal
law 935(1)

Granting or denying new trial on groungs that evidence was insufficient
to justify verdict, where there is subsrantial conflict of evidence rests in dis-
creation of trial court: people vs.Dixon= app. #3 dist. criminal law 911
→ #315=Weight and sufficientcy of evidence: Paragraph #1; Where the evide-
nce is insufficient to sustain the verdict, a new trial should be granted,=people
vs. Nund-cal.app.144

Para. #5=On a motion for new trial after the verdict of a jury,defendant
is entitled to a decision by the trial judge on the suficiency of the evidence
giving weight to conflicts andinconsistency in the evidence and the contradiction
of the witnesses.= people vs. ward.= app #2 dist (1949)-criminal law 935(1)
→ Paragraph#7=To justify denying new trial, judge must be convinced, not
only that the evidence sufficiently supported verdict, but that in all respects
verdict was legal and in furtherance of justice; people vs.Yeoman=app (1931)
criminal law 933

Paragraph# 10=In passing on accused's motion for new trial, the trial co-
urt must determine whether there was evidence sufficient to support the convict-
ion;- people vs. Mallicot.-app (1915) criminal law 935(1)

Paragraph #11=A new trial must be granted where the issue involves matters
of fact only, an the facts  proved require a different verdict from  that founded
by the jury, or where there has been no proof whatsoever of a material fact, or
not sufficent proof of the facts in issue.=people vs. Ahti= (1858(=criminal law
935 (2)

#316= discreation, weight of suffienty of evidence== Verdict contary
to law or evidence: The grant of refusal of a new trial on the groundsd of
insufficiency if evidence is discretionary= people vs. chaddock (1935) Cal 241.

#320= Witness credibility, verdick contary to law or evidence:= The tri-
al courts denial of new trialsignificant in connection with arrgument that his
wife had caused his proscution in order to get rid of him, and that she had
been guilty of criminal acts since. Had the judge believed his story of the
wrongs commited against him, presumtively a new trial  would have been granted:
people vs. durfee=  app.#2 dist. = criminal law 1160.

On motion for new trial for insufficiency of evidence , court must con-
sider witness manor of testing. contriditory statements an uncontradicted
testimony to determine credibility:= people vs. Harband: (app.#2 dist.=1929)
criminal law 935(1)

# 321== form of verdict, verdict contary to law or evidence: under circum-
stances indicating that no objections were made at trial as to form of verdict
and that questions in respect there towere not raised by a motion for new tri-
al, form of verdict was to be requarded as immeterial since considering form
of information and pleaof defendant, intention to convict of crime charged
was unmistakenly expressed.: people vs. Radili. App. #1 dist.(1977) criminal
law 875(1)

Thank you for taking the time to read this as you may have done, and
Thank You again for any help you may wish to give me out of your busy seedual.

I', only a 10th grade drop out, so please forgive me for the mistakes I
make with this typewtriter, as it's a new toy to me, because my hand writing is
so bad, My Girls bought me this toy, at least people can now read what i am
trying to say, so forgive the misspelling and other mistakes I have made.

Thank You agàin.


Dated-4-12-0 8                              Signed- Inmate Herman Tiemens Jr.

**FILED**

JUN 1 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HERMAN TIEMENS, JR.,

    Petitioner,

    vs.

MIKE KNOWLES, Acting Warden,

    Respondent(s).

No. C 07-3122 CRB (PR)

ORDER GRANTING
MOTION TO DISMISS

(Docket # 5 & 15)

Petitioner, a state prisoner incarcerated at the California Medical Facility
in Vacaville, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Per order
filed on November 7, 2007, the court noted that the petition appears untimely and
ordered respondent to move to dismiss the petition on the ground that it is
untimely, or otherwise inform the court that respondent is of the opinion that a
motion to dismiss is unwarranted in this case. Respondent filed a motion to
dismiss the petition as untimely under 28 U.S.C. § 2244(d). Petitioner filed an
opposition (and supplement) and respondent filed a reply.[1]

_____

[1]Petitioner also filed a motion to amend his opposition (docket # 15)
which, good cause appearing, is granted.

I

On December 23, 1999, petitioner was sentenced to 38 years to life in state prison after a Sonoma County superior court jury found him guilty of multiple counts of child molestation.

On August 9, 2001, the California Court of Appeal affirmed the judgment of the superior court and, on October 24, 2001, the Supreme Court of California denied review. Petitioner did not seek further relief from the state courts.

On April 19, 2002, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this court. See Tiemens v. Ramirez-Palmar, No. C 02-1925 CRB (PR) (N.D. Cal. filed Apr. 19, 2002). The court notified petitioner in writing on that date that the action was deficient because he did not pay the requisite $5.00 filing fee or, instead, submit a signed and completed court-approved IFP application. Petitioner was advised that failure to file the requested items within 30 days would result in dismissal of the action.

On May 31, 2002, the petition was dismissed without prejudice because "[m]ore than 40 days ha[d] elapsed . . . [and] petitioner ha[d] not filed the requisite items, or sought an extension of time to do so."

On June 17, 2002, petitioner moved to reopen the closed file on the ground that he had finally obtained the requisite items. The court denied petitioner's request, but explained: Because the dismissal was without prejudice, "petitioner is free to refile his petition as a new action as long as it is accompanied by either the requisite $5.00 filing fee or a signed and completed court-approved [IFP] application. Petitioner is advised that should he refile his petition, he must specify the state criminal conviction he wishes to challenge in federal court as well as the grounds/reasons why he claims the conviction is unconstitutional." July 2, 2002 Order at 2.

2

1    On June 7, 2007, nearly five years later, petitioner submitted for filing in

2    the closed file a new petition for a writ of habeas corpus accompanied by a

3    signed and completed court-approved IFP application. The court instructed the

4    clerk to file the petition and IFP application as the new instant habeas action.

5                                      II

6    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

7    became law on April 24, 1996 and imposed for the first time a statute of

8    limitation on petitions for a writ of habeas corpus filed by state prisoners.

9    Petitions filed by prisoners challenging non-capital state convictions or sentences

10   must be filed within one year of the latest of the date on which: (A) the judgment

11   became final after the conclusion of direct review or the time passed for seeking

12   direct review; (B) an impediment to filing an application created by

13   unconstitutional state action was removed, if such action prevented petitioner

14   from filing; (C) the constitutional right asserted was recognized by the Supreme

15   Court, if the right was newly recognized by the Supreme Court and made

16   retroactive to cases on collateral review; or (D) the factual predicate of the claim

17   could have been discovered through the exercise of due diligence. 28 U.S.C. §

18   2244(d)(1). Time during which a properly filed application for state post-

19   conviction or other collateral review is pending is excluded from the one-year

20   time limit. Id. § 2244(d)(2).

21   A state prisoner with a conviction finalized after April 24, 1996, such as

22   petitioner, ordinarily must file his federal habeas petition within one year of the

23   date his process of direct review came to an end. See Calderon v. United States

24   District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on

25   other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530

26   (9th Cir. 1998) (en banc). Here, because petitioner did not seek a writ of

27

28                                      3

1     certiorari from the Supreme Court of the United States after the Supreme Court

2     of California denied review on October 24, 2001, his process of direct review

3     came to an end on January 22, 2002, when the time allotted for filing a petition

4     for a writ of certiorari expired. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th

5     Cir. 2002); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year

6     limitation period accordingly began running against petitioner the next day,

7     January 23, 2002. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)

8     (calculating AEDPA's one-year limitation period according to Federal Rule of

9     Civil Procedure 6(a)). The instant petition was not filed until June 7, 2007,

10     however. It is untimely unless the limitation period was tolled for a substantial

11     period of time or its commencement was delayed.[2]

12                       III

13          Petitioner claims that he is entitled to equitable tolling and/or delayed

14     commencement of the one-year limitation period because he was on suicide

15     watch in a locked unit of the prison from January 2002 to July 2007 with "no

16     access to other parts of the prison or its books or information." Opp'n at 7

17     (docket # 11).[3]  The claim is without merit.

18

19         [2]The instant petition cannot relate back to the date the original petition was

20     filed (April 19, 2002) because "there is nothing to which the new petition could

    relate back." Rasberry v. Garcia, 448 F.3d 1150, 1155 (9th Cir. 2006) (citations

21     omitted). Nor was there any error in the dismissal of the original petition which

22     must be remedied by accepting the new petition nunc pro tunc to the date of the

    original habeas filing. Id. The original petition was properly dismissed without

23     prejudice in July 2002.

24         [3]Petitioner cannot claim that he is entitled to statutory tolling under §

25     2244(d)(2) because he did not seek collateral review of his conviction in the state

    courts. See Duncan v. Walker, 533 U.S. 167, 180-81 (2001) (§ 2244(d)(2)

26     tolling is limited to period during which a petition is pending in state court; no

27     tolling for period during which a petition is pending in federal court).

28                       4

A

Equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Roy v. Lampert, 455 F.3d 945, 950 (9th Cir. 2006) (quoting Beeler, 128 F.3d at 1288). The prisoner "must show that the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). He must also show that he has been "pursuing his rights diligently" and that "some extraordinary circumstance stood in his way." Roy, 455 F.3d at 950 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is justified in few cases. Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule. Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner is not entitled to equitable tolling because he has not shown that an extraordinary circumstance caused his untimeliness. In a supplement to petitioner's opposition, petitioner concedes that his alleged lack of access to the law library while in the locked unit from January 2002 to July 2007 was not absolute — he was escorted to the law library on several occasions during that time period. See Supplement to Opp'n at 10-11 (docket # 14). In fact, he managed to file a timely federal petition in April 2002 (and a motion for reconsideration on June 2002) and there is no indication that he was precluded from doing so again because the conditions of his confinement in the locked unit (or his mental condition) changed significantly. See Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (whether prisoner was able to file a prior petition is a factor in determining whether he was unable to file a subsequent timely petition unless the prisoner shows a significant change in conditions since the filing of the earlier petition), amended, 447 F.3d 1165 (9th Cir. 2006). Under

5

1    these facts, it simply cannot be said that petitioner's placement in a locked unit of

2    the prison from January 2002 to July 2007 made it impossible for him to file a

3    federal petition before the limitation period expired on January 23, 2003. See id.

4    at 1035.

5         After the court denied petitioner's June 2002 motion for reconsideration,

6    all petitioner had to do to file a federal petition on time was submit a copy of his

7    earlier federal petition (albeit with an annotation specifying the state conviction

8    he wished to challenge) and a completed IFP application (which he secured in

9    June 2002) by January 23, 2003. He did not do so. Nor is there any indication

10   that he attempted to do so. Instead he waited until he was released back into the

11   general population in the summer of 2007 to refile his federal petition. Petitioner

12   did not pursue his rights diligently; he is not entitled to equitable tolling. See

13   Pace, 544 U.S. at 418; see, e.g., Bryant v. Arizona Attorney General, 499 F.3d

14   1056, 1061 (9th Cir. 2007) (no equitable tolling where petitioner was not diligent

15   in that he failed to seek any state court relief for six years, or to take advantage of

16   available paralegal assistance).

17                                         B

18        In most cases, the one-year limitation period will start on the date on

19   which the judgment becomes final after the conclusion of direct review or the

20   time passes for seeking direct review, but it may start on a later date. See 28

21   U.S.C. § 2244(d)(1)(A)-(D). Specifically, it may start on a date later than the

22   date on which the judgment became final if there was governmental interference

23   (§ 2244(d)(1)(B)), a new right made retroactive (§ 2244(d)(1)(C)), or a new

24   factual predicate (§ 2244(d)(1)(D)). See Pace, 544 U.S. at 416 n.6.

25        Petitioner claims that his placement in the locked unit with restricted

26   access to the law library implicates § 2244(d)(1)(B) and that the limitation period

27

28                                         6

therefore did not start to run against him until he was released from the locked

unit in the summer of 2007.   It is unclear whether petitioner's allegations of

restricted library access while in the locked unit can establish state action in

violation of the Constitution necessary for the delayed commencement of the

limitation period under § 2244(d)(1)(B).  Cf. Lawrence v. Florida, 421 F.3d 1221,

1226 (11th Cir. 2005) (noting that incompetent state-provided counsel "is not the

type of State impediment envisioned in § 2244(d)(1)(B)").  But even if it could,

petitioner's claim fails because, as discussed earlier, there is no showing that the

alleged impediment was absolute and actually prevented petitioner from filing a

federal petition on time.  See Bryant, 499 F.3d at 1060 (refusing delayed

commencement of limitation period where petitioner failed to establish a causal

connection between the unavailability of case law in the prison library and the

untimeliness of his federal petition).

IV

For the foregoing reasons, respondent's motion to dismiss the petition as

untimely (docket # 5) is GRANTED.

The clerk shall enter judgment in favor of respondent, terminate any

pending motions as moot and close the file.

SO ORDERED.

DATED: June 12, 2008

CHARLES R. BREYER
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HERMAN TIEMENS JR.,

     Plaintiff,

v.

SUSAN HUBBARD et al,

     Defendant.
_____/

Case Number: CV07-03122 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 12, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Herman Tiemens P-64862
California Medical Facility
M-231-L
P.O. Box 2000
Vacaville, CA 95696

Dated: June 12, 2008

                           Richard W. Wieking, Clerk
                           By: Barbara Espinoza, Deputy Clerk

**FILED**

IN THE UNITED STATES DISTRICT COURT  JUN 1 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA NORTHERN DISTRICT OF CALIFORNIA

HERMAN TIEMENS JR.,                     No. CV 07-03122 CRB ,

      Petitioner,
                                        **JUDGMENT IN A CIVIL CASE**
  v.

SUSAN HUBBARD,
                                        # 17-PL
      Respondent.
_____/

    () **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

    (X) **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

    **IT IS SO ORDERED AND ADJUDGED** that judgment be entered in favor of respondent.

Dated: June 12, 2008                    Richard W. Wieking, Clerk

                                        By:_____
                                        Deputy Clerk

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HERMAN TIEMENS JR.,

Plaintiff,

v.

SUSAN HUBBARD et al,

Defendant.
_____/

Case Number: CV07-03122 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 12, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Herman Tiemens P-64862
California Medical Facility
M-231-L
P.O. Box 2000
Vacaville, CA 95696

Dated: June 12, 2008

Richard W. Wieking, Clerk
By: Barbara Espinoza, Deputy Clerk

S   E   R   V   I   C   E

*i*

**Case Name:**    People Vs. Herman Tiemens Jr.

**Case Number:**    C o07-3122 CRB (PR)

**Court:**    United States District Court- Northern District

# PROOF OF SERVICE BY MAIL

I, Herman tiemens Jr. _____ declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on _____ 6-22-08 _____ I served the attached: a true copy of the attached:

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

California Appelate courts

| | | |
|---|---|---|
| First Appelate court | Department of the clerk | Department of Justice |
| 350 McAllister St. | Us District court | Off. of the Attorney General |
| San Francisco, Ca. | Northern District of Ca. | 455 Golden gate ave. Suite 11000 |
| 94102-3600 | 450 Golden Gate Ave. | San Francisco, Ca. |
| | San Francisco, Ca.(94102) | (94102-2664) |

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the ___6-22-08_____ at California Medical Facility, Vacaville, California.

Herman' Tiemens Jr.
_____
**Declarant**

Herman Tiemens Jr.
_____
**Declarant's Signature**

LEGAL Mail

HERMAN FENNERS JR = P64869
CALIFORNIA MEDICAL FACILITY
P.O. BOX 2000 = M-2314
(VACAVILLE, CA. (95696-2000)

RECEIVED
JUN 2 7 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

OFFICE OF THE CLERK
NORTHERN DISTRICT OF CA...
450 GOLDEN GATE AVE
SAN FRANCISCO, CA. (9410...

CMEDICAL FACILITY

FIRST CLASS